**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

Pro-Mark Services, Inc.,                            Case No.: 24-30167
                                                                     Chapter 7

        Debtor.

## APPLICATION TO EMPLOY ATTORNEY

1. Applicant is the trustee in this case.

2. Applicant believes that the employment of an attorney is necessary to represent or assist the Trustee in carrying out the Trustee's duties as follows: represent the trustee to pursue fraudulent transfer actions, avoidance actions, ERISA claims, breaches of fiduciary duties, unlawful dividends, and all actions derivative of such claims. Please see attached engagement letter.

3. Greenberg Traurig, LLP ("**GT**"), 90 S. Seventh Street, Suite 3500, Minneapolis MN 55402 are qualified by reason of practice and experience to render such representation or assistance to the Trustee.

4. Proposed compensation and reimbursement of expenses is: GT will represent the Trustee on a contingency fee basis equal to 33% of any recoveries either from cash payments, reductions in allowed claims, or the value of any property returned to the estate ("*Contingency Fee*"). Other than expert fees and expenses, all costs will be payable from any recoveries achieved through the efforts of GT and will be paid in addition to the Contingency Fee. Expert fees and costs will be paid by the Estate. If there are insufficient funds to reimburse GT for costs from the recoveries, the Estate will pay such costs from funds otherwise distributable by the Estate. Payment of the Contingency Fee and any costs is subject to application to the Bankruptcy Court as provided in title 11 of the United States Code ("*Bankruptcy Code*") and any applicable rules of the Bankruptcy Court.

5. Said professional has disclosed to the undersigned that he has the following connections with the Debtor(s), creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee: None except that Erik A. Ahlgren is the Trustee in this case.

6.  The Trustee has asked the applicants to begin work immediately to expedite its work and to more efficiently use the time the applicants and Trustee have spent on this case making the initial analysis. Therefore, the Trustee respectfully requests that the employment be authorized effective on the date of this application.

7.  The trustee has made the following efforts to recover the asset prior to submitting this Application: Trustee has spoken with the attorney for the Department of Labor and reviewed documents..

WHEREFORE, applicant prays that the Court approve such employment by the trustee.

Dated: August 22, 2024  /s/ Erik A. Ahlgren\_\_\_\_
Erik Ahlgren, Chapter 7 Trustee
Ahlgren Law Office, PLLC
220 W Washington Ave. Ste 105
Fergus Falls MN  56537

## 2014(a) RULE VERIFICATION

I, Michael Fisco of Greenburg Traurig, LLP, the proposed professional name in the foregoing Report, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: August 22 2024

Michael B. Fisco, Managing Shareholder
Greenburg Traurig, LLP
90 South Seventh St Suite 3500
Minneapolis MN  55402
612-259-9700
fiscom@gtlaw.com

**GT GreenbergTraurig**

Michael B. Fisco
Tel 612.259.9710
fiscom@gtlaw.com

August 13, 2024

**VIA EMAIL**

Erik A. Ahlgren, Chapter 7 Trustee
Wells Fargo Center, Suite 105
220 West Washington Avenue
Fergus Falls, MN  56537
Email:  Erik@Ahlgrenlawoffice.net

Re:  Engagement for Legal Services- Pro-Mark Services, Inc.

Dear Erik:

Thank you for agreeing to engage Greenberg Traurig, LLP ("*Greenberg Traurig*" or "*GT*") as your attorneys in the above-reference bankruptcy case, subject to Bankruptcy Court approval. We appreciate the opportunity to provide legal services to you in your capacities as chapter 7 trustee ("*Trustee*" or "*you*") for the estate of Pro-Mark Services, Inc. ("*Estate*") and ESOP administrator and ERISA fiduciary under 11 U.S.C. § 704(a)(11).  GT will investigate and pursue the estate and ERISA claims against (a) the Debtor's former owners, Connie and Kyle Berg, (b) the former trustee for the Debtor's ESOP plan, and (d) other third parties, including officers and directors.

1. **Our Agreement**.  This letter sets forth the terms and conditions by which our firm will represent you ( "*Agreement*").  This is the only agreement for this engagement.  This Agreement is subject to approval by the United States Bankruptcy Court for the District of North Dakota ("*Bankruptcy Court*") in the chapter 7 case of Pro-Mark Services, Inc., Bky. No. 24-30167.  The Trustee will file an application for employment of Greenberg Traurig under 11 U.S.C. §327(a).

If this Agreement is acceptable and approved by the Bankruptcy Court, please sign and return a copy to me at your earliest convenience.  While we request a signed copy for our records, in the absence of you providing that, this Agreement will be effective if approved by the Bankruptcy Court and any services as to the subject matter defined below are rendered by us and accepted by you.

---

**Greenberg Traurig, LLP | Attorneys at Law**

90 South Seventh Street  |  Suite 3500  |  Minneapolis, Minnesota 55402  |  T +1 612.259.9710  |  F +1 612.677.3101

Albany. Amsterdam. Atlanta. Austin. Berlin. Boston. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London. Los Angeles. Mexico City. Miami. Milan. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv. Tokyo. Warsaw. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ¨Greenberg Traurig Germany, LLP; ¨A separate UK registered legal entity; *Greenberg Traurig, S.C.; ᵖGreenberg Traurig Santa Maria; ᵒᵒGreenberg Traurig LLP Foreign Legal Consultant Office; ^A branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ˜Greenberg Traurig Grzesiak sp.k.

www.gtlaw.com

ACTIVE 699642597v2

Erik A. Ahlgren, Chapter 7 Trustee
August 13, 2024
Page 2

2. **Scope of Engagement:**

    a. **the engagement and fees**.

Greenberg Traurig will represent you in pursuing all Actions (as defined below) on a contingency fee basis equal to 33% of any recoveries to you, either from cash payments, reductions in allowed claims, or the value of any property returned to the estate ("*Contingency Fee*"). Other than expert fees and expenses, all costs will be payable from any recoveries achieved through the efforts of Greenberg Traurig and will be paid in addition to the Contingency Fee. Expert fees and costs will be paid by the Estate. If there are insufficient funds to reimburse Greenberg Traurig for costs from the recoveries, the Estate will pay such costs from funds otherwise distributable by the Estate. Payment of the Contingency Fee and any costs is subject to application to the Bankruptcy Court as provided in title 11 of the United States Code ("*Bankruptcy Code*") and any applicable rules of the Bankruptcy Court.

The term "*Actions*" includes any right, claim or remedy, including fraudulent transfer actions, avoidance actions, ERISA claims, breaches of fiduciary duties, unlawful dividends, and all actions derivative of such claims (*e.g.,* aiding and abetting claims, claims against the subsequent transferee of a fraudulent transfer, etc.) against any party, including the potential defendants listed on **Exhibit A** attached to this engagement letter, and any person or entity acting in concert with such person or entity ("*Potential Defendants*").

The scope of this engagement and any Contingency Fee due to Greenberg Traurig does not include any claim, right or action to collect current accounts receivable, equipment, or other assets of the Estate, unless such property was the subject of a fraudulent or other voidable transfer ("*Other Assets*"). The Trustee will separately pursue the recovery of Other Assets on behalf of the Estate. The Contingency Fee will not apply to the funds currently in the possession of the Estate or proceeds from the liquidation of Other Assets.

    b. **the client**. You are the only client for this engagement. Because of the proliferation of entities partially or wholly owned or owning other entities, and the confusion and issues this creates vis-a-vis potential ethical and business conflicts of interest, GT does not and will not regard an affiliate of a client entity (*i.e.*, parent, subsidiary or other entity partially or wholly owned by or owning it) or a person owning, employed by or otherwise connected with the client (*e.g.,* officer, director, member, partner, shareholder, owner, employee, etc.) as a client of GT for any purpose unless a client-lawyer relationship has been established by an express written agreement accepting that specific entity or person as a GT client and the matter involved.

    c. **nature of services**. We will provide only legal services for and in connection with this engagement. We are not providing business, investment, insurance, accounting or other non-legal services, including without limitation the advisability or conduct of inquiry as to the character or credit of those with whom you may be dealing or any other non-legal advice or aspects of the subject matter; and you will not look to or rely on GT for those types of services.

Erik A. Ahlgren, Chapter 7 Trustee
August 13, 2024
Page 3

Further, our acceptance of this engagement and representation of you is not an undertaking or acknowledgement that GT is or will be your general counsel or your attorney or advisor in any matter other than the subject matter set forth in this Agreement, or that GT is representing or will represent you or your interests as to any other matter.

d. **exclusions from legal services**.  Unless expressly included in this Agreement, our services will not include advice relating to the tax implications or consequences of this engagement or the results of our representation.

e. **no continuing obligation**.  Subject only to possible obligations under the Rules of Professional Conduct ("*Ethics Rules*") or law, we will have no continuing obligation to you concerning the subject matter or this engagement after it is ended.  Our representation of you thus does not constitute or include an obligation to advise you or represent you after this engagement is ended as to the subject matter, including without limitation in later proceedings or as to subsequent requirements you may have concerning the subject matter, or later legal or other developments that might have a bearing on your affairs or the subject matter.

3. **Staffing**. Michael Fisco, Peter Kieselbach and Michael Krauss will be the responsible attorneys in this engagement.  When and as we deem appropriate and consistent with the proper representation of our clients, we use paralegals, junior attorneys, contract attorneys and staff members. We believe the utilization of such others, in consultation with and under supervision of more experienced attorneys, can enable us to economically and efficiently service the engagement. Additional or different attorneys and paralegals may participate or replace others, based on subsequent changes within GT or otherwise relating to this engagement. If there are changes in staffing, you will be advised.

4. **Cooperation and Communication:** We are relying on you to provide us with the facts, information, documents and other materials you have concerning the subject matter pertinent to this engagement, and to keep us informed if and as you learn and receive more.  We also look to you to keep us advised, during the engagement, about your expectations and any concerns you may have regarding our services.  You have assured us you will cooperate in our representation, and will make yourself and others available as needed to assist us.

We encourage candid and frequent communication between us.  We will keep you informed regarding this engagement, and will consult with you to seek to assure timely and appropriate performance of our legal services.  We encourage you to be actively involved in the strategy and tactical management.  You, not we, will make the business or technical decisions.

5. **No Guaranties:** We have not given you any assurance or guarantee concerning the outcome or success of this engagement or our services, and have not accepted any contractual obligation in that regard.  Nor have we made any representation or warranty to you other than as may be expressly stated in this Agreement, and thus have not done so as to whether our services will result in a benefit or recovery for you or, if they do, as to nature, amount or value thereof.

Erik A. Ahlgren, Chapter 7 Trustee
August 13, 2024
Page 4

6. **Client Documents & Data:**

    a. **maintenance**. We will maintain the documents you give us in our client file for this engagement. At the conclusion of the engagement (or earlier, if appropriate), you must and will advise us which, if any, of the documents in our files you want given to you. We will retain those documents not given to you and ultimately destroy them in accordance with our record retention practice then in effect. We may also retain copies of documents we give you.

    b. **cloud storage**. GT will likely use third-party cloud services for your data and the data of other parties during and after our representation of you, which we believe provide enhanced data accessibility. GT has ISO 27001:2013 data security certification; and we use only services who we believe have the same or better security than us. Cloud services do not guaranty immunity from invasion or misuse; and no one fully knows the capabilities of hackers, now or in the future. But, we believe the cloud services we use have state-of-the-art data protections and provide appropriate security protections for the confidentiality of data without significant risk of inappropriate access. We believe they also have the ability to take advantage of future security developments. We require that those cloud services employ data encryption, password protection, access verification, firewalls, antivirus software, intrusion detection, and system monitoring, as well as assurance of adherence to applicable data privacy and security laws.

Your Assent to this Agreement confirms your consent to our using such cloud services for your data. If you do not consent, please strike through this subparagraph and initial that change in the margin.

    c. **requests for copies**. If you request a copy of a portion or all of our files for this engagement, whether before or after the end of our representation, and if a substantial amount of material is being provided, GT may, at GT's option, bill for the reasonable costs of copying, assemblage and delivery of such materials; and, if billed, you will pay that.

    d. **GDPR**. Personal data of individuals located in the European Economic Area ("*EEA*") is protected by the European Union's General Data Protection Regulation ("*GDPR*"), similar legislation by other EEA states, and other privacy laws applicable to it. Personal data is broadly defined in the GDPR, and includes identification and other information about oneself such as without limitation national identity numbers (similar to US social security numbers), personal addresses, online names, account numbers, physical and mental health, and cultural and social identity. If you give GT such personal data of anyone or access to it, GT will rely that you are entitled to do so under Articles 6 to 11 of the GDPR or other applicable statutory provisions.

Your Assent to this Agreement constitutes your representation and warranty that you are entitled to provide such data and that you will comply or, if such data has been given, have complied with or are exempt from any notification or other requirements applicable to doing so.

    e. **official inquiries**. You will pay the hourly fees and expenses incurred if GT is required to participate in a future inquiry, investigation or proceedings arising out of or in

Erik A. Ahlgren, Chapter 7 Trustee
August 13, 2024
Page 5

connection with this engagement, including without limitation producing documents, seeking to claim or defend any attorney-client privilege or giving evidence at an inquiry.

7. **Privileges**.  Many but not all of our communications with you will be subject to the attorney-client privilege, if any, of the jurisdictions involved.  Subject to and as provided in applicable Ethical Rules, we will seek to maintain that privilege unless you instruct or consent otherwise.  You will advise us if your communications with us are subject to any other privilege or confidentiality agreement; so that we may take appropriate steps to comply with that.

GT has an Office of Firm Counsel (or General Counsel office) which provides legal advice to our attorneys and staff.  We consider and intend the communications between attorneys in that office and GT personnel seeking or containing possible legal advice and any legal advice given by that office to be subject, to the maximum extent available under the law and Ethical Rules, to an attorney-client privilege between GT and those persons, and not subject to any fiduciary or other duty GT has to you.  As a result, we are proceeding on the understanding that GT is not and will not be obligated to tell you of those communications or disclose their content and that advice, and that, in any proceeding between us, they will not be discoverable by you.

Your Assent to this Agreement confirms your assent and consent to that privilege and to your not being entitled to disclosure of those communications and that advice.

8. **Miscellaneous**.

a. **binding effect**.  This Agreement is personal to us and is not assignable by either of us without the written consent of the other.  However, your economic obligations hereunder are and will be binding on (as applicable) your and our successors and estates, heirs, trustees and other legal representatives.

b. **modification**.  This Agreement may not be changed, amended, or otherwise modified, in whole or in part, except in a writing executed by all parties to this Agreement and approval by the Bankruptcy Court.  No unilaterally proposed or announced change, supplementation, interpretation, guideline or other statement or pronouncement (by either GT, you or anyone else), whether inconsistent with any provision of the Agreement or otherwise, will be effective or binding or will otherwise suffice to modify or add to this Agreement unless accepted in writing by the other of us and/or, as applicable, any other person or entity sought to be bound or otherwise affected by it.

c. **no waiver**.  No waiver of any of the provisions of this Agreement will be effective or binding unless made in writing and signed by whoever is claimed to have given the waiver.

d. **partial invalidity**.  If any provision of this Agreement is found to be unenforceable, invalid or illegal, it shall be automatically amended and interpreted in such manner as to be enforceable, valid and legal to the maximum extent possible to fulfill the intent of such provision. The validity or enforceability of the remainder of the Agreement shall not be affected

Erik A. Ahlgren, Chapter 7 Trustee
August 13, 2024
Page 6

by the invalidity, unenforceability or illegality of any provision unless that negates the material core of this engagement (*e.g.,* our provision of legal services on agreed economic terms).

   e. **governing law, etc**.  All of the rights and obligations of either of us arising under or related to this Agreement are and will be governed by title 11 of the United States Code and the laws of the State of Minnesota irrespective of conflicts of law principles that might otherwise apply.

  If and to the extent permissible, the Ethics Rules of the jurisdiction in which a GT attorney provides services as to the subject matter or otherwise in this engagement govern and will alone govern and alone apply to the conduct of that attorney.

   f. **headings**.  The headings on paragraphs and subparagraphs of this Agreement are for convenience only, and have no effect other for convenience of reference.

   g. **effectiveness and execution**.  This Agreement will become effective and govern this engagement and our relationship as to it and the subject matter upon our rendering of any services for you as to the subject matter as provided above.  However and regardless of that, we recommend and ask that you execute and return a copy of this Agreement for our records and keep one for your records.  In that regard, this Agreement may be executed in counterparts, which shall constitute together one and the same instrument.  Electronic, PDF and facsimile signatures shall be as effective as original ink signatures.

  **Please sign a copy of this letter and return it to confirm your assent to this Agreement to me at fiscom@gtlaw.com.**

        Best regards,

        **GREENBERG TRAURIG, LLP**

        By:  */s/ Michael B. Fisco*
          Michael B. Fisco, Managing Shareholder

**ACCEPTED AND AGREED**

_____ Dated:_____
Erik A. Ahlgren, as Chapter 7 Trustee



# EXHIBIT A
### (Potential Defendants)

Connie Berg
Kyle Berg
Chad DuBois
Mandy Grant
Jack Carroll
Mark Kragnes
Miguel Paredes
Prudent Fiduciary Services, LLC

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

In re:

Pro-Mark Services, Inc.,                            Case No.: 24-30167
                                                                          Chapter 7

      Debtor.

## NOTICE OF APPLICATION FOR APPROVAL OF EMPLOYMENT OF ATTORNEY OR ACCOUNTANT

The Trustee filed and served an Application for Approval of Employment of Attorney or Accountant dated August 22, 2024. Your rights may be affected in the action. You should read the papers carefully and discuss the matters with your attorney if you have one. If you want the court to consider your views you should mail a written response to the action, within 14 days of the date of mailing of this document, and file the response with the Clerk of Bankruptcy Court and a copy served upon the U.S. Trustee and Bankruptcy Trustee.

| Clerk, U.S. Bankruptcy Court | United States Trustee | Trustee |
|---|---|---|
| Quentin N Burdick U.S. Courthouse | 314 S Main Ave. | (See address below) |
| 655 First Ave N – Ste 210 | Suite 303 | |
| Fargo ND  58107-4932 | Sioux Falls SD  57104-6462 | |

DATE OF MAILING: August 22, 2024          /s/ Erik Ahlgren
                                                                            Erik Ahlgren, Chapter 7 Trustee
                                                                            Ahlgren Law Office, PLLC
                                                                            220 W Washington Ave. Ste 105
                                                                            Fergus Falls MN  56537
                                                                            218-998-2775

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

| | |
|---|---|
| Pro-Mark Services, Inc., | Case No.: 24-30167 |
| | Chapter 7 |
| Debtor. | |

**UNSWORN CERTIFICATE OF SERVICE**

    I, Lisa Ahlgren, declare under penalty of perjury that on August 22, 2024 that those entities requesting electronic notice were served electronically via CM/ECF.

Executed on: August 22, 2024          Signed: /s/Lisa Ahlgren
                                                                                         Lisa Ahlgren
                                                                                         220 W. Washington Ave. Ste 105
                                                                                         Fergus Falls MN  56537