UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

---

In re:

Pro-Mark Services, Inc.,

        Debtor,

Chapter 7
Bky. No. 24-30167

---

Erik A. Ahlgren, as Chapter 7 Trustee
of Bankruptcy Estate of Pro-Mark Services, Inc.,
and as Administrator of the Pro-Mark Services,
Inc. Employee Stock Ownership Plan,

        Plaintiff,

v.

Connie Berg, Kyle Berg, Connie Berg
Revocable Living Trust, Kyle R. Berg
Revocable Living Trust, Chad DuBois,
Mandy Grant, and Miguel Paredes,

        Defendants.

Adv. No. _____

**ANSWER OF MANDY GRANT**

---

Defendant Mandy Grant ("Defendant"), by and through undersigned counsel, hereby provides its Answer to the Complaint filed by Plaintiff Erik A. Ahlgren, as Chapter 7 Trustee of Bankruptcy Estate of Pro-Mark Services, Inc., and as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan ("Plaintiff"), and states and alleges as follows:

1.    Except as expressly admitted, qualified, or explained, Defendant denies each and every allegation, statement, or matter contained in the Complaint. All allegations not expressly admitted are denied. Each reference to a "Paragraph" herein refers to the identified Paragraph in the Complaint.

1

2. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 1 and 2, and therefore denies the same.

3. Paragraph 3 is an introductory statement which is prefatory in nature and does not call for an admission or denial.

4. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 4, 5, and 6, and therefore denies the same.

5. Paragraphs 7, 8, 9, 10, 11, 12, and 13 call for a legal conclusion with respect to the Court's jurisdiction, and therefore no response is necessary other than to hold the Plaintiff to its proof thereof.

6. Defendant admits the allegations in Paragraph 14.

7. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 15, 16, 17, 18, and 19, and therefore denies the same.

8. With respect to Paragraph 20, Defendant admits she is a natural person domiciled in North Dakota and that she began working at Pro-Mark in 2011. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 20.

9. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 21, 22, 23, and therefore denies the same.

10. Paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39 call for a legal conclusion with respect to the background and eligibility requirements of SBA's 8(a) Program and WOSB Program, and therefore no response is necessary other than to hold the Plaintiff to its proof thereof.

11. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, and therefore denies the same.

12. Paragraph 97 is an introductory statement which is prefatory in nature with respect to the background of an ESOP, and as such, it does not call for an admission or denial.

13. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, and therefore denies the same.

14. Defendant denies the allegations in Paragraph 157.

15. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, and therefore denies the same.

16. With respect to Paragraph 178, Defendant admits she began working at Pro-Mark in 2011. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 178.

17. Defendant denies the allegations in Paragraph 179, 180, 181, 182, and 183.

18. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 184, 185, and 186, and therefore denies the same.

19. Defendant denies the allegations in Paragraph 187 and 188.

758740120
4868-0599-1394, v. 2

20. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, and therefore denies the same.

21. Defendant denies the allegations in Paragraph 205.

22. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 206, 207, 208, 209, 210, and 211, and therefore denies the same.

23. Paragraph 212 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 212.

24. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 213, 214, 215, and 216, and therefore denies the same.

25. Paragraph 217 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 217.

26. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 218, 219, 220, 221, and 222, and therefore denies the same.

27. Paragraph 223 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 223

28. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 224, 225, 226, 227, and 228, and therefore denies the same.

758740120
4868-0599-1394, v. 2

29. Paragraph 229 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 229.

30. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 230, 231, 232, and 233, and therefore denies the same.

31. Paragraph 234 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 234.

32. Defendant denies the allegations in Paragraph 235, 236, 237, and 238.

33. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 239, 240, 241, 242, and 243, and therefore denies the same.

34. Paragraph 244 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 244.

35. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, and 263, and therefore denies the same.

36. Paragraph 264 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 264.

37. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 265, 266, 267, 268, 269, 270, 271, and 272, and therefore denies the same.

758740120
4868-0599-1394, v. 2

38. Paragraph 273 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 273.

39. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 274, 275, 276, 277, 278, 279, 280, and 281, and therefore denies the same.

40. Paragraph 282 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 282.

41. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 283, 284, 285, 286, 287, 288, 289, 290, and 291, and therefore denies the same.

42. Paragraph 292 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 292.

43. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 293, 294, 295, 296, 297, 298, 299, 300, and 301, and therefore denies the same.

44. Paragraph 302 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 302.

45. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 303, 304, 305, 306, 307, 308, 309, 310, and 311, and therefore denies the same.

46. Paragraph 312 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 312.

47. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 313, 314, 315, 316, 317, 318, 319, and 320, and therefore denies the same.

48. Paragraph 321 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 321.

49. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 322, 323, 324, 325, 326, 327, 328, and 329, and therefore denies the same.

50. Paragraph 330 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 330.

51. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 331, 332, 333, 334, 335, 336, 337, 338, and 339, and therefore denies the same.

758740120
4868-0599-1394, v. 2

52. Paragraph 340 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 340.

53. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 341, 342, 343, 344, 345, 346, 347, 348, and 349, and therefore denies the same.

54. Paragraph 350 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 350.

55. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 351, 352, 353, 354, 355, 356, 357, 358, and 359, and therefore denies the same.

56. Paragraph 360 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 360.

57. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 361, 362, 363, 364, 365, 366, 367, and 368, and therefore denies the same.

58. Paragraph 369 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 369.

758740120
4868-0599-1394, v. 2

59. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 370, 371, 372, 373, 374, 375, 376, and 377, and therefore denies the same.

60. Paragraph 378 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 378.

61. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, and 390, and therefore denies the same.

62. Paragraph 391 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 391.

63. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 392, 393, 394, 395, 396, 397, 398, 399, 400, and 401, and therefore denies the same.

64. Paragraph 402 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 402.

65. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, and 414, and therefore denies the same.

758740120
4868-0599-1394, v. 2

66. Paragraph 415 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 415.

67. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 416, 417, 418, 419, 420, 421, 422, 423, and 424, and therefore denies the same.

68. Paragraph 425 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 425.

69. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 426, 427, 428, 429, 430, 431, and 432, and therefore denies the same.

70. Paragraph 433 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 433.

71. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 434, 435, 436, 437, 438, and 439, and therefore denies the same.

72. Paragraph 440 is an incorporation paragraph and does not call for an admission or denial. Defendant incorporates its answer to all paragraphs of the Complaint as her Answer to Paragraph 440.

73. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 441, 442, 443, 444, 445, and 446, and therefore denies the same.

758740120
4868-0599-1394, v. 2

## AFFIRMATIVE DEFENSES

74. For their affirmative defenses to the Complaint, Defendant states and alleges as follows:

75. The Complaint fails to state a cause of action against Defendant upon which relief can be granted and should be dismissed.

76. The alleged claims are non-core proceedings, and the Defendant does not consent to the Court's jurisdiction. As such, the Court lacks subject matter jurisdiction and the case against Defendant should be dismissed.

77. Plaintiff's claims are barred in whole or in part by the contract.

78. Plaintiff's claims are barred by the doctrines of estoppel, waiver, ratification and/or acquiescence, and payment.

79. Plaintiff failed to join necessary parties.

80. Plaintiff improperly joined separate parties and claims in one action.

81. Plaintiff's claims are barred because its damages, if any, were caused by Plaintiff's own decisions and actions, or by the decisions or actions of others for whom Defendant is not responsible.

82. Plaintiff's claims against Defendant are barred because they are based on fraudulent or illegal acts committed by others.

83. Plaintiff failed to properly mitigate its alleged injuries and damages.

84. Plaintiff's claims are barred by the applicable statute of limitations.

85. Plaintiff's claim against Defendant fails because Defendant relied upon advice of counsel.

758740120
4868-0599-1394, v. 2

86. Defendant reserves the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

## COUNTERCLAIM

87. Defendant, for her Counterclaim against Plaintiff, hereby states and alleges as follows:

## COUNT I
## INDEMNIFICATION FOR ACTIONS AS OFFICER

88. Plaintiff alleges Defendant held the title of Secretary and Treasurer for the Debtor from June 2019 until August 31, 2020 and as Vice President from August 31, 2020 onward.

89. Subject to limited exceptions, N.D.C.C. § 10-19.1-91 requires a Corporation to indemnify an Officer of a Corporation made or threatened to be made a party to a proceeding by reason of the former or present official capacity of the person against judgments, penalties, fines, settlements, and reasonable expenses, including attorney's fees and disbursements, incurred by the person in connection with the proceedings.

90. Any actions taken by Defendant as an Officer of the Debtor from June 2019 would be actions taken in her official capacity as an officer as outlined in N.D.C.C. § 10-19.1-91(1)(b)(2).

91. Defendant was made a party to this proceeding by Plaintiff, who alleges Defendant is liable for actions taken in her role as an Officer of the Debtor.

92. Defendant has not been indemnified by another organization or employee benefit plan for the same cause of action.

93. Defendant acted in good faith by relying on information from others associated with the Debtor.

94. Defendant received no improper benefit based on her position with the Debtor.

12

95. Defendant did not violate the duties of good faith, care and loyalty when acting in her official capacity for the Debtor.

96. Pursuant to N.D. Cent. Code § 10-19.1-91, Defendant is entitled to indemnification from the Debtor/Plaintiff for any judgments, penalties, fines, settlements, and reasonable expenses, including attorney's fees and disbursements, incurred by her in connection with this proceedings.

## COUNT II
## INDEMNIFICATION FOR ACTIONS AS DIRECTOR

97. Plaintiff alleges Defendant held the title of Vice President and member of the Board of Directors for the Debtor from August 31, 2020.

98. Subject to limited exceptions, N.D.C.C. § 10-19.1-91 requires a Corporation to indemnify a Director of a Corporation made or threatened to be made a party to a proceeding by reason of the former or present official capacity of the person against judgments, penalties, fines, settlements, and reasonable expenses, including attorney's fees and disbursements, incurred by the person in connection with the proceedings.

99. Any actions taken by Defendant as a Director of the Debtor beginning August 31, 2020, would be actions taken in her official capacity as a director as outlined in N.D.C.C. § 10-19.1-91(1)(b)(1).

100. Defendant was made a party to this proceeding by Plaintiff, who alleges Defendant is liable for actions taken in her role as a Director of the Debtor.

101. Defendant has not been indemnified by another organization or employee benefit plan for the same cause of action.

102. Defendant acted in good faith by relying on information from others associated with the Debtor.

103. Defendant received no improper benefit based on her position with the Debtor.

13

104. Defendant did not violate the duties of good faith, care and loyalty when acting in her official capacity for the Debtor.

105. Pursuant to N.D. Cent. Code § 10-19.1-91, Defendant is entitled to indemnification from the Debtor/Plaintiff for any judgments, penalties, fines, settlements, and reasonable expenses, including attorney's fees and disbursements, incurred by her in connection with this proceedings.

## CROSSCLAIM

106. Defendant, Mandy Grant ("Defendant"), as and for their Crossclaim against Defendants Kyle Berg and Connie Berg ("the Bergs"), allege and state as follows:

## COUNT I
## INDEMNIFICATION FROM KYLE AND CONNIE BERG

107. Plaintiff alleges that beginning in 2007, the Bergs devised a scheme to use the Debtor to fraudulently obtain federal government set-aside contracts for which the company was not qualified.

108. Defendant began working for the Debtor in 2011 as an office manager.

109. Any instruction or training Defendant received regarding the performance of her job duties was either directly from the Bergs or at the direction of the Bergs, including any job-related duties pertaining to project bidding for government set-aside contracts.

110. Kyle Berg, as an employee of the Debtor, drafted the bids and instructed Defendant on how the Debtor needed to submit the bids.

111. Connie Berg, as the owner of the Debtor, certified that the company was woman owned and controlled, and otherwise qualified for the set-aside contracts at issue in this case.

112. Any actions taken by Defendant, which now may expose her to potential liability for breach of fiduciary duties, was at the direction of the Bergs.

758740120
4868-0599-1394, v. 2

113. Defendant was unaware of any fraudulent nature of the Bergs' actions in obtaining the set-aside contracts, as the scheme alleged by Plaintiff was well-established by the time Defendant began her employment with the Debtor.

114. Plaintiff alleges that Defendant breached fiduciary duties by failing to disclose the fraudulent bidding process. However, any fraudulent actions were actually made by the Bergs and at the Bergs' express direction.

115. The Bergs allegedly admitted to their fraudulent activities in gaining set-aside contracts.

116. Defendant acted at the instruction and direction of the Bergs.

117. Any benefits obtained as a result of the alleged wrongful conduct were received by the Bergs.

118. As a result of Defendant's employment and the instruction and direction provided by the Bergs, a contract for indemnification is implied in fact.

119. Therefore, Defendant is entitled to indemnification from the Bergs for any judgments, penalties, fines, settlements, and reasonable expenses, including attorney's fees and disbursements, incurred by her in connection with this proceedings.

120. Additionally, any liability of the Defendant as a result of the acts alleged by Plaintiff is the primary responsibility of the Bergs and there is a great disparity in the fault between the Defendant and the Bergs such that any loss for which the Defendant is found liable is the primary responsibility of the Bergs and a right for indemnification is implied in law.

121. Therefore, Defendant is entitled to indemnification from the Bergs for any judgments, penalties, fines, settlements, and reasonable expenses, including attorney's fees and disbursements, incurred by her in connection with this proceedings.

758740120
4868-0599-1394, v. 2

## DEMAND FOR JURY TRIAL

122. PLEASE TAKE NOTICE that Defendant Mandy Grant hereby demands trial by jury for all issues so triable pursuant to USCS Bankruptcy R 9015.

## PRAYER FOR RELIEF

123. WHEREFORE, Defendant respectfully requests this Court enter judgment directing or otherwise ordering the following relief:

1) That Plaintiff's Complaint against Defendant be dismissed in its entirety;

2) For an Order granting Defendant's claim for indemnification for her actions as an officer, to include all monetary damages, defenses costs, and attorney's fees incurred in this action;

3) For an Order granting Defendant's claim for indemnification for her actions as a director, to include all monetary damages, defenses costs, and attorney's fees incurred in this action;

4) For an Order granting Defendant's claim for indemnity by the Bergs to include all monetary damages, defenses costs, and attorney's fees incurred in this action;

5) For an award of attorney's fees, costs, and disbursements, as allowed by law;

6) For such other and further relief as this Court deems just and equitable.

758740120
4868-0599-1394, v. 2

Dated: September 25, 2024　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Andrew D. Cook*
　　　　　　　　　　　　　　　　　　　　Brian D. Larson, ND ID #08568
　　　　　　　　　　　　　　　　　　　　Andrew D. Cook, ND ID # 06278
　　　　　　　　　　　　　　　　　　　　OHNSTAD TWICHELL, P.C.
　　　　　　　　　　　　　　　　　　　　444 Sheyenne Street, Suite 102
　　　　　　　　　　　　　　　　　　　　P.O. Box 458
　　　　　　　　　　　　　　　　　　　　West Fargo, ND 58078-0458
　　　　　　　　　　　　　　　　　　　　Tel: (701) 282-3249
　　　　　　　　　　　　　　　　　　　　Fax: (701) 282-0825
　　　　　　　　　　　　　　　　　　　　Email: blarson@ohnstadlaw.com
　　　　　　　　　　　　　　　　　　　　Email: acook@ohnstadlaw.com
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Mandy Grant*

17