# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re<br><br>PRO-MARK SERVICES, INC.<br><br>            Debtor. | Case No. 24-30167<br>Chapter 7<br><br>**JOINT SETTLEMENT BETWEEN THE UNITED STATES AIR FORCE AND THE TRUSTEE** |

      IT IS HEREBY STIPULATED between the United States of America, by the undersigned Assistant United States Attorney Melissa Helen Burkland, on behalf of the United States Air Force (the "Air Force"), and Erik A. Ahlgren, Trustee for Pro-Mark Services, Inc. (the "Debtor"), collectively the "Parties," as follows:

## BACKGROUND

      1.  Between September of 2020 and January of 2024, the Air Force awarded a total of forty-one (41) contracts to the Debtor for the performance of various construction related activities at Air Force Bases in Colorado, Nebraska, and North Dakota ("the Air Force Contracts"). A detailed list of the Air Force Contracts is attached as **Exhibit A**.

      2.  On April 22, 2024 ("the Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the United States Bankruptcy Code [ECF No. 1], and Erik A. Ahlgren (the "Trustee") was duly appointed to serve as trustee of the Debtor's estate.

      3.  On the Petition Date, the Air Force Contracts were at various stages of performance, ranging from no performance to substantially complete.

      4.  On the Petition Date, the Debtor ceased operating and, as of the date of this Joint Settlement, is incapable of meeting its remaining obligations under the Air Force Contracts or performing them through to completion.

5. On July 25, 2024, the Trustee filed a motion with the Court seeking entry of an order to reject certain executory contracts and leases (the "Rejection Motion") which includes the Air Force Contracts [ECF No. 54].

6. On August 26, 2024, the Rejection Motion was approved and ordered by the Court [ECF No. 111]. Pursuant to 11 U.S.C. § 365 (g)(1), rejection constitutes the Debtor's breach of the Air Force Contracts immediately before the Petition Date. Rejection, however, does not terminate the Air Force Contracts and the United States must first obtain relief from the automatic stay before it can take any action to do so. *See In re Ortiz*, 400 B.R. 755, 762 (C.D. Cal. 2009); *see also In re Onecast Media, Inc.*, 439 F. 3d 558, 563 (9th Cir. 2006) (rejection of a contract in accordance with the Bankruptcy Code is not equivalent of a recission).

## GROUNDS FOR SETTLEMENT

7. This Joint Settlement provides the most expedient, fair, and reasonable terms to expeditiously resolve the attendant difficulties of collection of amounts owed to the estate and is in the mutual interest of the Parties.

8. This Joint Settlement provides the most expedient, fair, and reasonable terms to expeditiously resolve potential concerns over the complexity of litigation, the expenses, inconvenience, and delay necessarily attending it, and is in the mutual interest of the Parties.

9. This Joint Settlement provides the most expedient, fair, and reasonable terms to expeditiously resolve the concerns of creditors and is in the mutual interest of the Parties.

## TERMINATION OF THE AIR FORCE CONTRACTS IS IN THE BEST INTERESTS OF THE PARTIES

10. Based on the following, the Parties agree that the termination of the Air Force Contracts is in their mutual best interests.

11. The Debtor is unable to perform its remaining contractual obligations. The Parties agree that there has been no performance rendered by the Debtor under the Air Force Contracts since the Petition Date and that no further performance is possible due to the immediate and total cessation of the Debtor's business that occurred on the Petition Date. Additionally, the Trustee's

2

rejection of the Air Force Contracts is a formal recognition to the Court and other creditors that the Debtor's estate has no interest in maintaining performance of the Air Force Contracts.

12. There is no remaining value to the estate. Under the terms of payment for the Air Force Contracts, value to the estate, when viewed as the realization of the receipt of further payments from the Air Force, is derived solely from the Debtor's performance of the contract. The Trustee's rejection of the Air Force Contracts is a formal recognition to the Court and to other creditors that the estate has no intention of performing the Air Force Contracts. Without performance, there is strictly no remaining value to be realized by the estate outside of the payment that this Joint Settlement provides.

13. The Parties agree that, upon approval of this Joint Settlement by the Court, the Air Force may take any and all necessary steps with respect to the termination and close out of the Air Force contracts unilaterally, without the need for consent from the Debtor, the Trustee, or the Court, unless such action should result in harm to the estate, outside of the filing of a proof of claim for debts resulting or arising from the execution of this Joint Settlement. In those cases where a termination action will result in harm to the estate, outside of the filing of a proof of claim for debts resulting or arising from the execution of this Joint Settlement, the Air Force will use all reasonable remedies available to provide a bi-lateral resolution between the parties that is fair and equitable prior to execution of the termination and close out action.

**PAYMENT OF AMOUNTS OWED TO THE ESTATE IS PERMISSIBLE AND APPROPRIATE**

14. The Parties agree that the Debtor performed services under the Air Force Contracts prior to the Petition Date for which no payment has been made as of the date of this Joint Settlement.

15. Payment of amounts owed to the estate is governed under the applicable payment terms of the Air Force Contracts[1], specifically Federal Acquisition Regulation (FAR) Parts

---

[1] Each respective contract contains applicable payment clauses based on the type of contract that was awarded. These clauses detail or provide reference to the requirements for the submission of payment requests by the Debtor and the Government's obligations when such requests are received.

3

52.232-5 (*Payments under Firm-Fixed Price Construction Contracts*), 52.232-10 (*Payments under Fixed-Price Architect-Engineer Contracts*), and 52.232-30 (*Installment Payments for Commercial Items*). *See* 48 CFR 52-232-5, 52.232-10, and 52.232-30.  The Air Force and Trustee have conducted a thorough review of the information that is available to them concerning the Debtor's un-invoiced pre-petition performance and have negotiated, at arms-length, payment of amounts owed to the Debtor's estate for any and all acceptable work that it performed under the Air Force Contracts prior to the Petition Date.

16. The Parties agree that the settlement of amounts owed to the Debtor's estate is an authorized and permissible duty of the trustee under 11 U.S.C. § 704(a)(1) and provides a fair and expeditious resolution of the estate's interests of the previously unresolved amounts owed by the Air Force in this Joint Settlement.

17. The Parties agree that $587,707.49 is owed to the Debtor's estate for work that was performed under the Air Force Contracts prior to the Petition Date. Upon approval of this Joint Settlement through order of the Court, the Air Force agrees to remit payment of these amounts to the Debtor's estate.

**RESOLUTION OF AMOUNTS OWED TO THE AIR FORCE WILL OCCUR THROUGH THE PROOF OF CLAIM PROCESS**

18. The Air Force reserves the right to pursue any and all pre-petition claims against the Debtor's estate through the filing of a proof of claim. For the avoidance of doubt, a claim for excess repurchase costs could result after the termination of the Air Force Contracts through the execution of this Joint Settlement.  Pursuant to FAR Part 49.402-3(g)(4) (*Procedures for default*), contained in the Air Force Contracts, "If the contracting officer determines that termination for default is proper, the contracting officer shall issue a notice of termination stating that the supplies or services terminated may be purchased against the contractor's account, and that the contractor will be held liable for any excess costs." Here, the result of the Joint Settlement will be the termination of the Air Force Contracts for default. After effecting termination of the Air Force Contracts, the respective contracting officers for the installations concerned with the Joint

4

Settlement will pursue completion of any incomplete portions of the remaining work with follow-on contractors. Should the follow-on awards result in costs that are more than the amount of the award for the initial contract action with the Debtor, minus any remaining funding, the Air Force will file a proof of claim for the excess amounts, or any other amounts owed, within 90 days from the date of the order approving this Joint Settlement.

### RELEASE OF CLAIMS UPON PAYMENT OF OUTSTANDING RECEIVABLES

19. Upon completion of payment of the amounts owed to the Debtor's estate, the Air Force shall have no further obligation to the estate regarding the Air Force Contracts and shall be released from any and all claims the Debtor may have relating to the Air Force Contracts (other than those that may arise in connection with this Joint Settlement). Further, the obligations and duties of the Debtor to this Joint Settlement shall be binding upon the Debtor, its successors and assigns, as applicable, and the rights of this Joint Settlement, should any remain, shall inure to the benefit of successors and assigns.

### RESOLUTION OF CONCERNS FOR SURETY BONDED CONTRACTS

20. For those contracts where a payment and/or performance bond was required to be provided by the Debtor, the Air Force reserves the right to pursue completion, where appropriate or necessary, through the surety bond.[2] In those instances where completion of performance is pursued through the bond, the resulting agreement between the Air Force and the bonding agent will govern the resolution of outstanding obligations. Should any claims arise between the Parties resulting from the Government's pursuit of resolution of the default of the Air Force Contracts through the surety bonds, the Air Force will file a proof of claim in the bankruptcy within 90 days of the order approving this Joint Settlement.

---

[2] The contracts that required the Debtor to provide payment and performance bonds through a surety are: FA2543-22-F-0058 (Buckley AFB), FA4659-22-F-0059 (Grand Forks AFB), FA4528-21-F-0091 (Minot AFB), FA4528-20-D-0004 (Minot AFB), and FA4600-20-F-0192 (Offutt AFB).

5

**ABANDONMENT OF ESTATE PROPERTY LEFT ON AIR FORCE INSTALLATIONS**

21. Upon the entry of an order approving the Joint Settlement, all remaining property of the Debtor's estate that was left behind on United States Air Force installations shall be deemed abandoned by the Trustee and the Air Force shall be allowed to take any actions it deems necessary to remove or dispose of the abandoned property without the need for relief from the Trustee or the bankruptcy court; provided, however, the construction trailer located on the Grand Forks Air Force Base has been sold to 3JK Construction, LLC and nothing herein will affect the rights of 3JK Construction, LLC with respect to that trailer. The Air Force must file a proof of claim for any removal and disposal costs on or before the date that is fixed in the order approving this Joint Settlement.

**RELIEF REQUESTED**

22. The Parties agree that, upon approval of this Joint Settlement by order of the Court, the Air Force may take any and all necessary steps with respect to the termination and close out of the Air Force contracts unilaterally, without the need for consent from the Debtor, the Trustee, or the Court, unless such action should result in harm to the estate, outside of the filing of a proof of claim for debts resulting or arising from the execution of this Joint Settlement. In those cases where a termination action will result in harm to the estate, outside of the filing of a proof of claim for debts resulting or arising from the execution of this Joint Settlement, the Air Force will use all reasonable remedies available to provide a bi-lateral resolution between the parties that is fair and equitable prior to execution of the termination and close out action.

23. The Air Force will render payment to the Trustee, in care of the Debtor's estate, in the amount of $587,707.49 in full and final satisfaction of work the Debtor performed prior to the petition date as soon as practically possible, but not later than 90 days from the date of this order. Upon completion of the payment of the amounts owed to the Debtor's estate, the Air Force shall have no further obligation to the estate regarding the Air Force Contracts and shall be

released from any and all claims the Debtor may have relating to the Air Force Contracts (other than those that may arise in connection with this Joint Settlement). Further, the obligations and duties of the Debtor to this Joint Settlement shall be binding upon the Debtor, its successors and assigns, as applicable, and the rights of this Joint Settlement, should any remain, shall inure to the benefit of successors and assigns.

24. The Air Force shall have 90 days from the date of the order approving this Joint Settlement to file a proof of claim for any pre-petition debt amounts it may have against the Debtor's estate.

25. Upon the entry of the order approving this Joint Settlement, all remaining property of the Debtor's estate that was left behind on Air Force installations shall be deemed abandoned and the Air Force shall be allowed to take any actions it deems necessary to remove or dispose of the abandoned property without the need for relief from the Trustee or this court; provided, however, the construction trailer located on the Grand Forks Air Force Base has been sold to 3JK Construction, LLC and nothing herein will affect the rights of 3JK Construction, LLC with respect to that trailer.

26. The Parties are in agreement that the Bankruptcy Court should approve the Settlement Agreement as a fair and equitable resolution of their respective concerns. There are significant and complex legal and factual issues being resolved in this Joint Settlement that will yield a substantial benefit to both the Air Force and the Debtor's estate. Moreover, the Parties recognize that if these issues were to be litigated, the cost would be substantial to both, cause unnecessary and potentially harmful delays, and the outcome would be uncertain.

27. It is contemplated that this agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this 4th day of November 2024.

          MAC SCHNEIDER
          United States Attorney

By:   /s/ Melissa Helen Burkland
      MELISSA HELEN BURKLAND
      Assistant United States Attorney
      WI Bar ID 1071443
      655 First Avenue North, Suite 250
      Fargo, ND  58102-4932
      (701) 297-7400
      melissa.burkland@usdoj.gov
      Attorney for United States

Executed this 4th day of November 2024.

By:   /s/ Erik Ahlgren
      Erik Ahlgren, Chapter 7 Trustee
      Ahlgren Law Office, PLLC
      220 W. Washington Ave. Ste. 105
      Fergus Falls, MN 56537
      Phone: 218-998-2775
      erik@ahlgrenlawoffice.net