**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re<br><br>PRO-MARK SERVICES, INC.<br><br>Debtor. | Case No. 24-30167<br><br>Chapter 7<br><br>**MOTION TO APPROVE JOINT SETTLEMENT BETWEEN THE UNITED STATES AIR FORCE AND THE TRUSTEE GRANTING; MOTION GRANTING RELIEF FROM THE AUTOMATIC STAY TO ALLOW FOR TERMINATION OF EXECUTORY CONTRACTS; MOTION OF EXTENSION OF TIME TO FILE PROOFS OF CLAIM; AND RESOLUTION OF RESPECTIVE CLAIMS AND OUTSTANDING CONTRACTUAL OBLIGATIONS BETWEEN THE PARTIES** |

**INTRODUCTION**

The United States of America, by the undersigned Assistant United States Attorney, respectfully submits this motion (herein referred to as the "Motion" or "Joint Settlement"), seeking the entry of an order, pursuant to sections 105(a), 362, and 365 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code") and Rules 4001, 6006, and 9019 of the <u>Federal Rules of Bankruptcy Procedure (</u>"Bankruptcy Rules") to approve the Joint Settlement, attached to this Motion, by and between the United States Air Force ("Air Force") and Erik A. Ahlgren, trustee for Pro-Mark Services, Inc. (the "Debtor"), collectively the "Parties," and granting: (i) approval of the Joint Settlement Agreement; (ii) relief from the automatic stay to allow for termination of executory contracts, (iii) an extension of time to allow the Air Force to file any potential proofs of claim not more than 90 days from the entry of a Court order; (iv) resolution of respective claims and outstanding contractual obligations between the Parties, and in support thereof represents to the Court as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider and grant the relief requested under 28 U.S.C. §§ 157 and 1334. A proceeding to consider and grant such relief is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. Between September of 2020 and January of 2024, the Air Force awarded a total of forty-one (41) contracts to the Debtor for the performance of various construction related activities at Air Force Bases in Colorado, Nebraska, and North Dakota ("the Air Force Contracts"). A detailed list of the Air Force Contracts is attached as **Exhibit A**.

4. On April 22, 2024 ("the Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the United States Bankruptcy Code [ECF No. 1], and Erik A. Ahlgren (the "Trustee") was duly appointed to serve as trustee of the Debtor's estate.

5. On the Petition Date, the Air Force Contracts were at various stages of performance, ranging from no performance to substantially complete.

6. On the Petition Date, the Debtor ceased operating and, as of the date of this Motion, is incapable of meeting its remaining obligations under the Air Force Contracts or performing them through to completion.

7. On July 25, 2024, the Trustee filed a motion with the Court seeking entry of an order to reject certain executory contracts and leases (the "Rejection Motion") which includes the Air Force Contracts [ECF No. 54].

8. On August 26, 2024, the Rejection Motion was approved and ordered by the Court [ECF No. 111]. Pursuant to 11 U.S.C. § 365 (g)(1), rejection constitutes the Debtor's breach of the Air Force Contracts immediately before the Petition Date. Rejection, however, does not terminate the Air Force Contracts and the United States must first obtain relief from the automatic stay before it can take any action to do so. *See In re Ortiz*, 400 B.R. 755, 762 (C.D. Cal. 2009); *see also In re Onecast Media, Inc.*, 439 F. 3d 558, 563 (9th Cir. 2006) (rejection of a contract in accordance with the Bankruptcy Code is not equivalent of a recission).

2

**BASIS FOR RELIEF**

9. As a general matter, settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate. *In re Simply Essentials, LLC*, 640 B.R. 922, 20-00305 LEXIS 922, (Bankr. N. D. Iowa. Apr. 5,2022); *United States Dep't of Argic. v. Ryder (In re Ryder)*, 95-2000, Adv. No. 99-99094, LEXIS 2134, (Bankr. S.D. Iowa., Jul. 14, 2000); *In Re Ouachita Pallet Corp.*, 97-11207 LEXIS 1494, (Bankr. W.D. Arkansas, Sep. 1, 1998).

10. The four factors that the Court must consider when analyzing a proposed settlement are: (i) the probability of success in litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expenses, inconvenience, and delay necessarily attending it; and, (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re Hildreth, Inc., et al.*, 09-00293, LEXIS 4627 (Bankr. N.D. Iowa, Oct. 1, 2012); *In re Trism, Inc., et. al.,* 01-31323, LEXIS 1589, (Bankr. W.D. Michigan, Nov. 25, 2002). An examination of each factor follows.

11. First, the probability of success in litigation, is difficult to assess in this case due to the nature of the Air Force Contracts, their scope and complexity, and the various stages of performance that each respective contract was under at the Petition Date. It would take the Parties significant time and use up valuable estate resources to litigate the matters concerned with this Joint Settlement. The Parties' success in litigating the matter is far more unlikely than resolution through this Joint Settlement and would result in an outcome that is more unfavorable as it would substantially drive up the costs to both Parties and unnecessarily erode the value of the Debtor's estate. The result of litigation would also negatively impact the outcome for other creditors involved in the bankruptcy proceedings.

12. Second, the difficulties, if any, to be encountered in the matter of collection would be greater outside of this Joint Settlement. Resolution and collection of outstanding claims the estate may have against the Air Force relies heavily on the Trustee's ability to obtain and submit adequate supporting information and documentation from the Debtor to support any payment demand(s). This information and documentation will take time to locate, would incur additional

3

administrative expense to the estate, and, if not available, could result in payment disputes between the Parties that may prove unresolvable. This Joint Settlement provides the most expedient, fair, and reasonable terms to expeditiously resolve the attendant difficulties of collection of amounts owed to the estate and is in the mutual interest of the Parties.

13. Third, the complexity of the litigation involved, and the expenses, inconvenience, and delay necessarily attending are of great concern. Given the size, scope, and nature of the Air Force Contracts involved with this Joint Settlement, any potential litigation would be complex, increase the costs to the estate, while eroding its value, and cause significant, protracted, and otherwise unnecessary delays to the Air Force. As previously discussed in the background, there are forty-one (41) contracts that were under various stages of performance on the Petition Date. These contracts range in value from $4,442.42 to $8,496,165.03 and vary widely in their scope and complexity. Were litigation to be pursued, each of the Air Force Contracts would have to be reviewed extensively between the Parties to determine the status of any worked performed and the validity and value of any resulting claims. The best outcome in litigation depends on how quickly and effectively these contract actions can be reviewed and settled. The sheer number of contract actions makes this process inherently longer than the resolution proposed in the Joint Settlement. This Joint Settlement provides the most expedient, fair, and reasonable terms to expeditiously resolve potential concerns over the complexity of litigation, the expenses, inconvenience, and delay necessarily attending it, and is in the mutual interest of the Parties.

14. Finally, the paramount interest of the creditors and a proper deference to their reasonable views in the premises. Here, the paramount interests for the creditors are: a) the specific concerns of the Air Force, as a creditor, that are involved in this Joint Settlement, specifically the termination of the Air Force Contracts, and b) for the Trustee, the expeditious and efficient resolution of the Parties concerns, such that the maximum value is maintained for the estate.  This Joint Settlement provides for mutual resolution of both concerns. First, termination of the Air Force Contracts through this Joint Settlement allows the Air Force to expeditiously resolve all ongoing and lingering performance concerns that would otherwise be unresolvable outside of the relief requested from this Court. Additionally, the longer these

4

performance concerns remain, the greater the potential for claims against the Debtor's estate becomes for resulting damages. Lastly, approval of this Joint Settlement will result in payment to the estate that will greatly benefit other creditors as it provides dividends to pay claims that would otherwise not be available or, in the very least, as maximized in value. This Joint Settlement provides the most expedient, fair, and reasonable terms to expeditiously resolve the concerns of creditors and is in the mutual interest of the Parties.

## ARGUMENTS SUPPORTING REQUESTED RELIEF

### TERMINATION OF THE AIR FORCE CONTRACTS IS IN THE BEST INTERESTS OF THE PARTIES AND IS A REASONABLE EXERCISE OF THE TRUSTEE'S BUSINESS JUDGEMENT UNDER 11 U.S.C. 704(A)

15. Based on the following, the Parties agree that the termination of the Air Force Contracts is in their mutual best interests.

16. <u>The Debtor is unable to perform its remaining contractual obligations</u> - The Parties agree that there has been no performance rendered by the Debtor under the Air Force Contracts since the Petition Date and that no further performance is possible due to the immediate and total cessation of the Debtor's business that occurred on the Petition Date. Additionally, the Trustee's rejection of the Air Force Contracts is a formal recognition to the Court and other creditors that the Debtor's estate has no interest in maintaining performance of the Air Force Contracts.

17. <u>There is no remaining value to the estate</u> - Under the terms of payment for the Air Force Contracts, value to the estate, when viewed as the realization of the receipt of further payments from the Air Force, is derived solely from the Debtor's performance of the contract. The Trustee's rejection of the Air Force Contracts is a formal recognition to the Court and to other creditors that the estate has no intention of performing the Air Force Contracts. Without performance, there is strictly no remaining value to be realized by the estate outside of the payment that this Joint Settlement provides.

5

18. The Parties agree that termination of the Air Force Contracts provides the most expedient, fair, and reasonable resolution of their respective concerns and in their mutual best interests.

19. The Parties agree that, upon approval of this Joint Settlement by the Court, the Air Force may take any and all necessary steps with respect to the termination and close out of the Air Force contracts unilaterally, without the need for consent from the Debtor, the Trustee, or the Court, unless such action should result in harm to the estate, outside of the filing of a proof of claim for debts resulting or arising from the execution of this Joint Settlement. In those cases where a termination action will result in harm to the estate, outside of the filing of a proof of claim for debts resulting or arising from the execution of this Joint Settlement, the Air Force will use all reasonable remedies available to provide a bi-lateral resolution between the parties that is fair and equitable prior to execution of the termination and close out action.

**PAYMENT OF AMOUNTS OWED TO THE ESTATE IS PERMISSIBLE AND APPROPRIATE**

20. The Parties agree that the Debtor performed services under the Air Force Contracts prior to the Petition Date for which no payment has been made as of the date of this Joint Settlement.

21. Payment of amounts owed to the estate is governed under the applicable payment terms of the Air Force Contracts[1], specifically Federal Acquisition Regulation (FAR) Parts 52.232-5 (*Payments under Firm-Fixed Price Construction Contracts*), 52.232-10 (*Payments under Fixed-Price Architect-Engineer Contracts*), and 52.232-30 (*Installment Payments for Commercial Items*). See 48 CFR 52-232-5, 52.232-10, and 52.232-30.  The Air Force and Trustee have conducted a thorough review of the information that is available to them concerning the Debtor's un-invoiced pre-petition performance and have negotiated, at arms-length, payment of amounts owed to the Debtor's estate for any and all acceptable work that it performed under the Air Force Contracts prior to the Petition Date.

---

[1] Each respective contract contains applicable payment clauses based on the type of contract that was awarded.  These clauses detail or provide reference to the requirements for the submission of payment requests by the Debtor and the Government's obligations when such requests are received.

6

22. The Parties agree that the settlement of amounts owed to the Debtor's estate is an authorized and permissible duty of the trustee under 11 U.S.C. 704(a)(1) and provides a fair and expeditious resolution of the estate's interests of the previously unresolved amounts owed by the Air Force in this Joint Settlement.

23. The Parties agree that $587,707.49 is owed to the Debtor's estate for work that was performed under the Air Force Contracts prior to the Petition Date. Upon approval of this Joint Settlement through order of the Court, the Air Force agrees to remit payment of these amounts to the Debtor's estate.

**RESOLUTION OF AMOUNTS OWED TO THE AIR FORCE WILL OCCUR THROUGH THE PROOF OF CLAIM PROCESS**

24. The Air Force reserves the right to pursue any and all pre-petition claims against the Debtor's estate through the filing of a proof of claim. For the avoidance of doubt, a claim for excess repurchase costs could result after the termination of the Air Force Contracts through the execution of this Joint Settlement. Pursuant to FAR Part 49.402-3(g)(4) (*Procedures for default*), contained in the Air Force Contracts, "If the contracting officer determines that termination for default is proper, the contracting officer shall issue a notice of termination stating that the supplies or services terminated may be purchased against the contractor's account, and that the contractor will be held liable for any excess costs." Here, the result of the Joint Settlement will be the termination of the Air Force Contracts for default. After effecting termination of the Air Force Contracts, the respective contracting officers for the installations concerned with the Joint Settlement will pursue completion of any incomplete portions of the remaining work with follow-on contractors. Should the follow-on awards result in costs that are more than the amount of the award for the initial contract action with the Debtor, minus any remaining funding, the Air Force will file a proof of claim for the excess amounts, or any other amounts owed to the Air Force, within 90 days from the date of the order approving the Joint Settlement.

7

**RELEASE OF CLAIMS UPON PAYMENT OF OUTSTANDING RECEIVABLES**

25. Upon completion of payment of the amounts owed to the Debtor's estate, the Air Force shall have no further obligation to the estate regarding the Air Force Contracts and shall be released from any and all claims the Debtor may have relating to the Air Force Contracts (other than those that may arise in connection with this Joint Settlement).  Further, the obligations and duties of the Debtor to this Joint Settlement shall be binding upon the Debtor, its successors and assigns, as applicable, and the rights of this Joint Settlement, should any remain, shall inure to the benefit of successors and assigns.

**RESOLUTION OF CONCERNS FOR SURETY BONDED CONTRACTS**

26. For those contracts where a payment and/or performance bond was required to be provided by the Debtor, the Air Force reserves the right to pursue completion, where appropriate or necessary, through the surety bond.[2]  In those instances where completion of performance is pursued through the bond, the resulting agreement between the Air Force and the bonding agent will govern the resolution of outstanding obligations.  Should any claims arise between the Parties resulting from the Government's pursuit of resolution of the default of the Air Force Contracts through the surety bonds, the Air Force will file a proof of claim in the bankruptcy on or before the Government's deadline, Monday, October 21, 2024.

**ABANDONMENT OF ESTATE PROPERTY LEFT ON AIR FORCE INSTALLATIONS**

27. Upon the entry of an order approving the Joint Settlement, all remaining property of the Debtor's estate that was left behind on United States Air Force installations shall be deemed abandoned by the Trustee and the Air Force shall be allowed to take any actions it deems necessary to remove or dispose of the abandoned property without the need for relief from the Trustee or the bankruptcy court; provided, however, the construction trailer located on the Grand Forks Air Force Base has been sold to 3JK Construction, LLC and nothing herein will affect the rights of 3JK Construction, LLC with respect to that trailer. The Air Force must file a proof of claim for any

---

[2] The contracts that required the Debtor to provide payment and performance bonds through a surety are: FA2543-22-F-0058 (Buckley AFB), FA4659-22-F-0059 (Grand Forks AFB), FA4528-21-F-0091 (Minot AFB), FA4528-20-D-0004 (Minot AFB), and FA4600-20-F-0192 (Offutt AFB).

8

removal and disposal costs on or before the date that is fixed in the order approving this Joint Settlement.

**RELIEF REQUESTED**

28. The Parties request relief from the automatic stay (11 U.S.C. § 362) to allow the Air Force to terminate the Air Force Contracts. The Parties agree that, upon approval of this Joint Settlement by order of the Court, the Air Force may take any and all necessary steps with respect to the termination and close out of the Air Force contracts unilaterally, without the need for consent from the Debtor, the Trustee, or the Court, unless such action should result in harm to the estate, outside of the filing of a proof of claim for debts resulting or arising from the execution of this Joint Settlement. In those cases where a termination action will result in harm to the estate, outside of the filing of a proof of claim for debts resulting or arising from the execution of this Joint Settlement, the Air Force will use all reasonable remedies available to provide a bi-lateral resolution between the parties that is fair and equitable prior to execution of the termination and close out action.

29. The Air Force will render payment to the Trustee, in care of the Debtor's estate, in the amount of $587,707.49 in full and final satisfaction of work the Debtor performed prior to the petition date as soon as practically possible, but not later than 90 days from the date of this order. Upon completion of the payment of the amounts owed to the Debtor's estate, the Air Force shall have no further obligation to the estate regarding the Air Force Contracts and shall be released from any and all claims the Debtor may have relating to the Air Force Contracts (other than those that may arise in connection with this Joint Settlement).  Further, the obligations and duties of the Debtor to this Joint Settlement shall be binding upon the Debtor, its successors and assigns, as applicable, and the rights of this Joint Settlement, should any remain, shall inure to the benefit of successors and assigns.

30. The Air Force shall have 90 days from the date of the order approving this Joint Settlement to file a proof of claim for any pre-petition debt amounts it may have against the Debtor's estate.

9

31. Upon the entry of the order approving this Joint Settlement, all remaining property of the Debtor's estate that was left behind on Air Force installations shall be deemed abandoned and the Air Force shall be allowed to take any actions it deems necessary to remove or dispose of the abandoned property without the need for relief from the Trustee or this court; provided, however, the construction trailer located on the Grand Forks Air Force Base has been sold to 3JK Construction, LLC and nothing herein will affect the rights of 3JK Construction, LLC with respect to that trailer.

32. The Parties are in agreement that the Bankruptcy Court should approve the Settlement Agreement as a fair and equitable resolution of their respective concerns. There are significant and complex legal and factual issues being resolved in this Joint Settlement that will yield a substantial benefit to both the Air Force and the Debtor's estate. Moreover, the Parties recognize that if these issues were to be litigated, the cost would be substantial to both, cause unnecessary and potentially harmful delays, and the outcome would be uncertain.

## CONCLUSION

1. This Motion seeks entry of an order approving the Joint Settlement between the Parties granting: (i) relief from the automatic stay to allow for termination of executory contracts, (ii) resolution of respective claims and outstanding contractual obligations between the Parties, and (iii) related relief.

2. The Parties are in agreement that the Bankruptcy Court should approve the Settlement Agreement as a fair and equitable resolution of their respective concerns. There are significant and complex legal and factual issues being resolved in this Joint Settlement that will yield a substantial benefit to both the Air Force and the Debtor's estate. Moreover, the Parties recognize that if these issues were to be litigated, the cost would be substantial to both, cause unnecessary and potentially harmful delays, and the outcome would be uncertain.

3. WHEREFORE, the United States seeks the entry of an order approving the Joint Settlement, granting relief from the automatic stay, extending the Proof of Claim filing deadline as to the Air Force, and any further relief detailed above or as the Court sees necessary.

Dated: November 4, 2024

                        MAC SCHNEIDER
                        United States Attorney

By:   /s/ Melissa Helen Burkland
       MELISSA HELEN BURKLAND
       Assistant United States Attorney
       WI Bar ID 1071443
       655 First Avenue North, Suite 250
       Fargo, ND 58102-4932
       (701) 297-7400
       melissa.burkland@usdoj.gov
       Attorney for United States

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>PRO-MARK SERVICES, INC.,<br><br>Debtor. | Case No. 24-30167<br>Chapter 7<br><br>**NOTICE OF MOTION** |

    YOU ARE HEREBY NOTIFIED that the annexed motion has been filed by the United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Melissa Helen Burkland, Assistant United States Attorney, on behalf of the United States Air Force ("Air Force").

    YOU ARE HEREBY FURTHER NOTIFIED that unless you or another party in interest files an objection in writing to the relief requested in the motion on or before November 26, 2024, the Court may thereafter and without further notice enter an order and grant relief requested in the motion.

    YOU ARE HEREBY FURTHER NOTIFIED that if an objection in writing to the relief requested in the motion is timely filed, any party in interest may obtain a hearing on the motion and the objection by filing a motion for relief and determination. An objection must be filed with both the Clerk of United States Bankruptcy Court, Quentin N. Burdick United States Courthouse, 655 First Avenue North, Suite 210, Fargo, North Dakota 58102-4932; and the attorney whose address is shown below.

    Dated:  November 5, 2024

                                                    MAC SCHNEIDER
                                                    United States Attorney

                                  By:    /s/ Melissa Helen Burkland
                                                  MELISSA HELEN BURKLAND
                                                  Assistant United States Attorney
                                                  WI Bar ID 1071443
                                                  655 First Avenue North, Suite 250
                                                  Fargo, ND  58102-4932
                                                  (701) 297-7400
                                                  melissa.burkland@usdoj.gov
                                                  Attorney for United States

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2024, the <u>Notice of Motion, Motion to Approve Joint Settlement, and Joint Settlement,</u> were filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

ERIK A. AHLGREN on behalf of Trustee Erik A. Ahlgren
erik@ahlgrenlawoffice.net, lisa@ahlgrenlaw.net;
michael@ahlgrenlaw.net;MN23@ecfcbis.com

GENE W. DOELING on behalf of Debtor Pro-Mark Services, Inc.
gene@kaler-doeling.com, heather@kaler-doeling.com,mn20@ecfcbis.com

Patrick Hustead on behalf of Creditor Hartford Accident and Indemnity Company
rah@thlf.com, jlh@thlf.com

Steven R Kinsella on behalf of Interested Party Razor Consulting Solutions
skinsella@fredlaw.com, sstallings@fredlaw.com;autodockets@fredlaw.com

Stephen M. Pezanosky on behalf of Interested Party Connie and Kyle Berg
stephen.pezanosky@haynesboone.com

Robert B. Raschke
USTPRegion12.SX.ECF@usdoj.gov

Caren W. Stanley on behalf of Creditor Capital Credit Union
cstanley@vogellaw.com, jnona@vogellaw.com;sthompson@vogellaw.com;
kjohnson@vogellaw.com;jschares@vogellaw.com

Katrina A. Turman Lang on behalf of Creditor Right Choice Electric, Inc.
klang@woldlaw.com, melanie@turmanlaw.com

I further certify that a copy of the foregoing documents will be mailed by first-class mail, postage paid, to the following non-ECF participant(s):

Jason Luther
Volition Prime Accounting
3247 Oak Ridge Loop E
West Fargo, ND 58078

*Margo M. Kern*

Margo M. Kern, Secretary
Office of the United States Attorney