## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| **In Re:** <br> **Pro-Mark Services, Inc.** <br>                  **Debtor** | **Court File No.: 24-30167** <br><br> **Chapter 7 Case** |

### HARTFORD'S OBJECTION TO TRUSTEE'S MOTION FOR SALE OF ESTATE ASSETS

Creditor, Hartford Accident and Casualty Company ("Hartford"), through its undersigned counsel, hereby submits this Objection to the Trustee's Motion for Sale of Estate Assets and states as follows:

### I.     INTRODUCTION

1. Debtor Pro-Mark Services, Inc. ("Pro-Mark" or "Debtor") is a general contracting construction company. Debtor's business was principally derived from bonded federal construction projects and its primary source of income was payments from federal agencies for such work.

2. In relation to Debtor's work on these construction projects, Hartford executed payment and performance bonds (the "Bonds") on behalf of Debtor, and in favor of the United States, to secure such contracts as required under the Miller Act, 40 U.S.C. Sec. 3131 *et seq.*

3. As consideration for, and in connection with, the execution of the Bonds, the Debtor and the non-debtor individual owners of the Debtor's business (collectively, the "Indemnitors") executed and delivered a General Indemnity Agreement dated July 14, 2020, (the "GIA"), in favor of Hartford. A copy of the GIA is attached hereto as **Exhibit A** and incorporated herein. *See also* Affidavit of Brian Bragg, attached hereto as **Exhibit B**, at ¶ 5.

4. The GIA executed by the Debtor and Indemnitors in favor of Hartford provides, in relevant part at ¶ 9:

<u>Assignment</u>. [A]ll Indemnitors irrevocably assign, transfer, and convey the following to Hartford;

    (a) All rights of the indemnitors in, arising from, or related to Bonds or any bonded or unbonded contracts, subcontracts, and subcontract bonds and any extensions, modifications, or additions thereto; and

    (b) All right, title and interest of the Indemnitors in and to; (1) the work performed on any Bonded or unbonded contract' and (2) all supplies, tools, plant, machinery, inventory, equipment and materials; and (3) all materials purchased for or chargeable to any contract or Bond which may be in the process of manufacture, construction, or transportation, or in storage anywhere; and (4) Books and Records, patent rights, copyrights, trademarks, and any and all bond claims or other affirmative claims; and computers, computer systems, programs and licenses…

5. On April 22, 2024, Pro-Mark filed a chapter 7 petition for relief under the United States Bankruptcy Code in the U.S. Bankruptcy Court for the District of North Dakota. Ex. B, at ¶ 9. On September 3, 2024, Hartford filed its Proof of Claim.

6. On November 14, 2024, the chapter 7 bankruptcy trustee, Erik A. Ahlgren (the "Trustee"), filed a Notice of Motion and Motion for Sale of Estate Assets. *See* [Doc. 165.]

7. The assets proposed to be sold are a 2008 MEC 3772 RT Main Lift; a 2007 SkyJack SJIIII3219 Scissor Lift; and a 2010 Mark Line Industries Office Trailer (the "Assets"), for a total sale price of $6,000, with Steve Anderson, Jr. listed as the buyer.

II.     ARGUMENT

1. **Hartford's Assignment Rights Granted by the Debtor under the GIA Assign to Hartford All Rights, Title, and Interest to Machinery and Equipment.**

In violation of Hartford's rights at law and in equity, the Trustee seeks approval to sell certain of the Debtor's equipment and machinery that was assigned to Hartford years before the Debtor's bankruptcy filing, through the GIA.  *See* Ex. A, at ¶ 9; *see also* Ex. B.  Bankruptcy Courts recognize that "[s]ureties are entitled to claim rights arising by operation of law and under the assignment clause of an indemnity agreement." *In re Jones Constr.*, 337 B.R. 579, 585 (Bankr. E.D. Va 2006) *citing, Plant Process Equip., Inc. v. Cont'l Carbonic Prods. Inc.*, 1994 WL 201218 at *3, n.7 (N.D. Ill 1994).

The *Jones* Court also observed "the fact that the assignment of rights at issue took place pre-petition and not by some operation of bankruptcy law does not require a different result," and noted that "pre-petition assignments are valid, and the [subject matter] of any assignment that vests right in the assignee pre-petition are not property of the estate." *Id.* at 586, *citing*, *In re Prudoff*, 186 B.R. 65 (Bankr. E.D. Va. 1987; *see also*, *In re Duty*, 78 B.R. 111 9Bankr. E.D. Va. 1987).

Here, pursuant to ¶ 9 of the GIA, the Debtor assigned to Hartford "All right, title and interest of the Indemnitors in and to … **machinery**, inventory, **equipment** and materials; and [] all materials purchased for or chargeable to any contract or Bond which may be in the process of manufacture, construction or transportation, or in storage anywhere… GIA ¶ 9 (emphasis added). This assignment was effective "on the earlier of the date of this Agreement or the date on which Hartford first Underwrites a Bond to, at the request of, or on behalf of any Indemnitor." *Id.*

The Motion for Sale of Estate Assets includes a 2008 MEC 3772 RT Main Lift; a 2007 SkyJack SJIIII3219 Scissor Lift; and a 2010 Mark Line Industries Office Trailer.  Both the "Main

Lift" and "Scissor Lift" are pieces of machinery/equipment that the Debtor used to perform construction services as part of its bonded operations.

Upon information and belief, these Assets were purchased and used by the Debtor to performed bonded work for the United States Air Force, Bureau of Indian Affairs, Indian Health Services, Army Corp of Engineers, Rosebud Pharmacy, and other government agencies, which projects were bonded by Hartford. To date, Hartford has paid losses relating to payment bond claims of approximately $646,329.66 and remains exposed to additional payment bond claims totaling at least $213,736. Similarly, and upon information and belief, the Office Trailer was a piece of equipment used for one or more of the aforementioned bonded projects.[1] Thus, the Assets to be sold, or proceeds from the sale thereof, have been Assigned to Hartford through ¶ 9 of the GIA, and Hartford's objection to such sale should be sustained.

2. **Hartford is equitably subrogated to the Debtor's rights to machinery and equipment.**

Upon paying certain performance and payment bond claims on the Debtor's bonded projects, Hartford became subrogated to the Debtor's right to the machinery and equipment to offset Hartford's losses, or the sale proceeds thereof. *See, e.g.*, *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132 (1962). "This subrogation, sometimes called an 'equitable lien' relates back to the date of the bond, and is therefore superior to any conflicting claim thereafter asserted by another." *Am. Fid. Co. v. Nat'l Bank of Evansville*, 266 F.2d 910, 914 (D.C. Cir. 1959); *see also In re M & T Elec. Contractors, Inc.*, 267 B.R. 434, 470 (Bankr. D.D.C. 2001).

Indeed, the Eighth Circuit recognizes a surety's subrogation rights. *See Pennsylvania Nat. Mut. Ca. Ins. Co. v. City of Pine Bluff*, 354 F.3d 945, 951 (8th Cir. 2004), *citing, Praire State Bank*

---

[1] To the extent that this Court finds that the Office Trailer does not constitute equipment or machinery assigned to Hartford under the GIA, Hartford would limit its Objection to the sale of the other two Assets.

*v. United States*, 164 U.S. 227 (1896).  North Dakota state law is in full accord.  *See State Farm Mut. Auto. Ins. Co. v. Wee*, 196 N.W.2d 54 (N.D. 1971).  The remedy of equitable subrogation thus allows a surety to step into the shoes of the benefited party.  *See Pearlman, supra*.; *Travelers Cas. And Indem. Co. of Am. V. Paderta*, No. 10 C 406, 2013 WL 3388739 at *5 (N.D. Ill., Jul 8, 2013) (surety entitled to equitable subrogation regardless of whether it completes the contract work or pays the obligee to close-out the contract).

For the reasons set forth above, Hartford is assigned and subrogated to the Debtor's right to the Assets at issue in this Motion.  The Surety's assignment and subrogation "relate back" to the date of the Bonds, and these rights predate the Debtor's bankruptcy filing on April 22, 2024.  Accordingly, Hartford is entitled to either possess the Assets to assist completion of the bonded contracts, or to receive the proceeds of the Assets to offset Hartford's losses under the Bonds.

Dated this 19th day of December, 2024.

The Hustead Law Firm
*A Professional Corporation*

*Original Signature is on file at The Hustead Law Firm, A Professional Corporation*

/s/ *Connor L. Cantrell*
Connor L. Cantrell, Esq.
The Hustead Law Firm
4643 S. Ulster Street, Suite 1250
Denver, Colorado 80237
(303) 721-5000
clc@thlf.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2024 a true and correct copy of the foregoing OBJECTION TO TRUSTEES MOTION FOR SALE OF ESTATE ASSETS was electronically filed with the Court & served to the following:

Erik A. Ahlgren, Trustee
220 W Washington Ave Ste 105
Fergus Falls MN 56537
erik@ahlgrenlawoffice.net

*Original Signature is on File at The Hustead Law Firm, A Professional Corporation*

s/ Connor L. Cantrell
Connor L. Cantrell, Esq.