UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In Re:

Pro-Mark Services, Inc.,

Debtor

Case No.: 24-30167
Chapter 7

**TRUSTEE'S REPLY TO HARTFORD'S OBJECTION
TO TRUSTEE'S MOTION FOR SALE OF ESTATE ASSETS**

Trustee Erik Ahlgren (the "Trustee") in the above captioned bankruptcy case of Pro-Mark Services, Inc. (the "Debtor"), by and through his undersigned attorneys, submits this Reply to Hartford Accident and Casualty Company's ("Hartford") Objection to the Trustee's Motion for Sale of Estate Assets.

## BACKGROUND

1. On April 22, 2024, Pro-Mark filed a chapter 7 petition for relief under the United States Bankruptcy Code in the U.S. Bankruptcy Court for the District of North Dakota.

2. On November 14, 2024, the Trustee filed a Notice of Motion and Motion for Sale of Estate Assets. [Doc. 165.]

3. The assets proposed to be sold are a 2008 MEC 3772 RT Main Lift; a 2007 SkyJack SJIIII3219 Scissor Lift; and a 2010 Mark Line Industries Office Trailer (the "Assets"), for a total sale price of $6,000, with Steve Anderson, Jr. listed as the buyer.

4. Capital Credit Union ("CCU") has a perfected security interest in the untitled Assets. [Doc. 72, ¶7, Ex. 5]. CCU does not hold a perfected security interest in the 2010 Mark Line Industries Office Trailer.

5. In connection with certain construction surety bonds executed by Hartford on behalf of the Debtor, the Debtor and the non-debtor individual owners of the Debtor's business executed and delivered a General Indemnity Agreement dated July 14, 2020, (the "GIA"), in favor of Hartford.

[Doc. 72, ¶3, Ex. 1]. Hartford did not file a UCC-1 financing statement to perfect the security interest created pursuant to the GIA.

## ARGUMENT

1. **THE GIA WAS A SECURITY AGREEMENT, NOT AN ABSOLUTE ASSIGNMENT, RESULTING IN HARTFORD HOLDING AN UNPERFECTED SECURITY INTEREST IN THE DEBTOR'S MACHINERY AND EQUIPMENT.**

Section 20 of the GIA states unequivocally: "This Agreement constitutes a Security Agreement in favor of Hartford". As a security agreement, the GIA was a collateral assignment; Hartford's objection ignores this unequivocal language and incorrectly treats the GIA as an absolute assignment.

An absolute assignment of equipment, machinery or other personal property divests the assignor of all control and rights to the property, transferring full control and benefits to the assignee. *See In re Apex Oil Co.,* 975 F.2d 1365, 1369 (8th Cir. 1992) (stating that an assignment is traditionally defined in the law of contracts as a transfer by the assignor of all rights in the property assigned to the assignee, effecting an absolute and irrevocable transfer of ownership); *see also*, *In re Guardianship of V.A.M.,* 870 N.W.2d 201, 205 (N.D. 2015) (stating that an absolute assignment generally divests the assignor of "all control and right")(citations omitted). An absolute assignment is in contrast to a collateral assignment; in a collateral assignment, the assignor retains some rights or interests in the property, typically as security for a debt. *See Peterman Lumber Company v. Adams*, 128 F. Supp. 6 (W.D. Ark. 1955)(stating the general rule that "An assignment that is made as collateral security for a debt gives the assignee only a qualified interest in the assigned chose, commensurate with the debt or liability secured, although the assignment is absolute on its face.") (citations omitted); *see generally, Rosenberg v. Son, Inc.*, 491 N.W.2d 71 (N.D. 1992).

Here, the assignment of the Debtor's equipment and machinery under the GIA was a collateral assignment. Not only does Section 20 of the GIA state: "This Agreement constitutes a Security Agreement", but the agreement as a whole makes clear that the "assignment" is for the purpose of establishing collateral. For example, Section 9 of the GIA provides for an

"assignment" but Section 10 of the GIA states that "[u]pon Default, Hartford shall have absolute right to . . . assert, enforce and use all the assigned . . . rights; [and] take possession of all tools, plant, machinery equipment . . .". This language essentially conditions the "assignment" upon default.

To the extent that Hartford may claim that the GIA is ambiguous in creating a collateral assignment in the Assets, in spite of Section 20 of the GIA which states "This Agreement constitutes a Security Agreement", extrinsic evidence clearly establishes that the GIA assignment was a collateral assignment. *See THR Minerals, LLC v. Robinson*, 892 N.W.2d 193, 197 (N.D. 2017) (stating that "[W]hen a contract is ambiguous, [however,] extrinsic evidence may be considered to determine the parties' intent, and the contract terms and the parties' intent become questions of fact.")(citations omitted). Facts demonstrating that the GIA created a collateral assignment as opposed to an actual assignment include that (i) the Debtor retained possession of the Assets, (ii) the Debtor maintained the Assets, and (iii) the Debtor insured the Assets. In contrast, Hartford neither took any control or possession of the Assets nor assumed any obligations with respect to the Assets (such as maintaining or insuring the Assets).

Hartford's reliance on *In re Jones Constr.*, 337 B.R. 579 (Bankr. E.D. Va 2006) to support its absolute assignment claim in the machinery and equipment is unpersuasive and, further, *Jones* is distinguishable from this matter. In *Jones*, the court found that the parties' agreement at issue was an absolute assignment, and that there was a separate security agreement which never came into play in the court's decision. In the present case, the agreement at issue explicitly recognizes that "This Agreement constitutes a Security Agreement", pursuant to which the "assignment" was effectively conditioned upon an event of default occurring prior to taking possession of the assigned assets. Moreover, in *Jones*, the court addressed accounts receivable that were effectively addressed through the law of equitable subrogation not, as here, equipment which, as discussed below, is not subject to the law of equitable subrogation.

Because the GIA is a security agreement, the assignment provisions therein confer nothing

more than a collateral assignment of the Assets to Hartford. As such, any proceeds from the sale of the Assets will be distributed to secured creditors in accordance with applicable rules of priority.

2. **THE DOCTRINE OF EQUITABLE SUBROGATION DOES NOT EXTEND TO THE DEBTOR'S MACHINERY AND EQUIPMENT.**

Hartford's reliance on *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132 (1962) is misguided as it fails to recognize the difference between Hartford or any surety's equitable subrogation claims to contract funds as opposed to such claims to machinery, equipment, or other personal property. *See State Bank Trust Co. v. Ins. Co. of the West*, 132 F.3d 203, 207 (5th Cir. 1997) (stating "when tangible personal property — distinct from contract proceeds — is at issue, the rationale for elevating the surety over the secured creditor has no application"). The differences in such claims, and the reasons why Hartford does not have any equitable claims to Debtor's machinery and equipment, are aptly explained by the court in *Aetna Casualty Surety Co. v. Brunken Son, Inc.*, 357 F. Supp. 290 (D.S.D. 1973).

In *Aetna*, just as with this matter, a contractor contracted for a number of construction projects which required performance bonds, a surety furnished the requisite bonds for the projects, and the contractor assigned to the surety rights to equipment and machinery. *Aetna* at 291. Further, in both *Aetna* and this matter, a lender financed equipment purchases, took a security interest in such equipment, and perfected the security interest by properly filing financing statements. *Id.* at 291-292. In such factual scenario, one of the issues before the *Aetna* court was "whether or not an unsecured surety, who is called upon to perform, acquires priority in the defaulting contractor's personal property over secured creditors whose security interests have been perfected in compliance with the [UCC]." *Id.* at 292.

While the *Aetna* court acknowledged a surety's equitable subrogation rights in contract funds, it rejected the surety's equitable claims in the contractor's personal property against the lender's properly perfected security interests in such property. The *Aetna* court, considering general principles of equity, stated that the doctrine of equitable subrogation entitles a surety to

contract funds to prevent unjust enrichment of others claiming such funds. *Id.* at 293; *see also In re Merts Equipment Co.*, 438 F. Supp. 295. 298 (M.D. Ga. 1977) (concluding that "because no equities arise in favor of the surety with respect to the bankrupt contractor's equipment, the surety stands as general unsecured creditor who must defer to the trustee"). With respect to the surety's equitable subrogation claim in the contractor's personal property, however, the *Aetna* court concluded that "the practical consequence of Aetna's theory is <u>nothing less than an appropriation of a secured creditor's collateral to reimburse the performing surety</u>, a judicial act in contradiction of South Dakota law." *Id.* (emphasis added). The *Aetna* court held that "the interest Aetna seeks to enforce in [the contractor's] personal property is by definition a 'security interest,' [citation omitted] and therefore falls within the filing provisions of Article Nine [citation omitted]. The failure to file and perfect its interests is fatal to Aetna's claim in the fund now under litigation." *Id*. at 294.

In fact, allowing a surety superior equitable rights in property financed by a third-party lender to the perfected rights of such lender would unjustly enrich sureties like Hartford. In this case and most other surety/contractor cases, the surety does not furnish funds or value for the acquisition of the machinery, equipment, or other personal property. To award the equipment, machinery, or other personal property to the surety because of non-performance which had nothing to do with the equipment, would unjustly enrich the surety at the expense of the lender and discourage lenders from making loans to bonded contractors.

**CONCLUSION**

For the reasons set forth above, the Trustee's Motion for Sale of Estate Assets objection to the sale of Assets should be approved. Any assignment of the Assets from the GIA was merely a collateral assignment. Any rights to equitable subrogation that Hartford may have do not extend to the Assets. Neither the GIA assignment nor the doctrine of equitable subrogation elevate Hartford's interest in the Assets beyond the interests of a secured creditor; as such, Hartford's interest in the sales proceeds of the Assets will be evaluated against all secured creditors and the proceeds will be

distributed accordingly.

        Ahlgren Law Office, PLLC

Date:  January 2, 2025        /s/  Erik A. Ahlgren

        Erik A. Ahlgren #09561
        Attorney for Plaintiff
        220 W. Washington Ave. Suite 105
        Fergus Falls, MN  56537
        erik@ahlgrenlawoffice.net
        218-998-2775

        Attorney for the Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

Pro-Mark Services, Inc.,        Case No. 24-30167
        Chapter 7
    Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

I, Lisa Ahlgren, declare under penalty of perjury that on January 2, 2025 she caused to be served the following documents via the CM/ECF system to those parties requesting electronic notification.

Trustee's Reply to Hartford's Objection to Trustee's Motion for Sale of Estate Assets

ERIK A. AHLGREN on behalf of Trustee Erik A. Ahlgren
erik@ahlgrenlawoffice.net, lisa@ahlgrenlaw.net;michael@ahlgrenlaw.net;eaa@trustesolutions.net

Carlos A Alonso on behalf of Trustee Erik A. Ahlgren
carlos.alonsogayon@gtlaw.com

Melissa H Burkland on behalf of Creditor USA/USAF
Melissa.Burkland@usdoj.gov, Margo.Kern@usdoj.gov;Amber.Ripplinger@usdoj.gov;usand.bankruptcyeast@usdoj.gov;CaseView.ECF@usdoj.gov

Connor Cantrell on behalf of Creditor Hartford Accident and Indemnity Company
clc@thlf.com, jlh@thlf.com

Jordan Elizabeth Chavez on behalf of Defendant Connie Berg Revocable Living Trust
jordan.chavez@haynesboone.com

Jordan Elizabeth Chavez on behalf of Defendant Kyle R. Berg Revocable Living Trust
jordan.chavez@haynesboone.com

Jordan Elizabeth Chavez on behalf of Defendant Connie Berg
jordan.chavez@haynesboone.com

Jordan Elizabeth Chavez on behalf of Defendant Kyle Berg
jordan.chavez@haynesboone.com

Jordan Elizabeth Chavez on behalf of Interested Party BAD Investments LLP
jordan.chavez@haynesboone.com

Jordan Elizabeth Chavez on behalf of Interested Party Connie Berg
jordan.chavez@haynesboone.com

Jordan Elizabeth Chavez on behalf of Interested Party Kyle Berg
jordan.chavez@haynesboone.com

Shawn M Christianson on behalf of Creditor Oracle America, Inc.
schristianson@buchalter.com, cmcintire@buchalter.com

Andrew D. Cook on behalf of Defendant Mandy Grant
acook@ohnstadlaw.com, kthompson@ohnstadlaw.com

GENE W. DOELING on behalf of Debtor Pro-Mark Services, Inc.
gene@kaler-doeling.com, heather@kaler-doeling.com,mn20@ecfcbis.com

Michael Fisco on behalf of Plaintiff Erik A. Ahlgren

fiscom@gtlaw.com

Michael Fisco on behalf of Trustee Erik A. Ahlgren
fiscom@gtlaw.com

Aimee Furness on behalf of Defendant Connie Berg Revocable Living Trust
aimee.furness@haynesboone.com

Aimee Furness on behalf of Defendant Kyle R. Berg Revocable Living Trust
aimee.furness@haynesboone.com

Aimee Furness on behalf of Defendant Connie Berg
aimee.furness@haynesboone.com

Aimee Furness on behalf of Defendant Kyle Berg
aimee.furness@haynesboone.com

Michael Gust on behalf of Defendant Miguel Paredes
mlgfilings@andersonbottrell.com, jernst@abstlaw.net

Drew J. Hushka on behalf of Creditor Capital Credit Union
dhushka@vogellaw.com, jnona@vogellaw.com,sthompson@vogellaw.com,jschares@vogellaw.com

Patrick Hustead on behalf of Creditor Hartford Accident and Indemnity Company
rah@thlf.com, jlh@thlf.com

Peter Kieselbach on behalf of Plaintiff Erik A. Ahlgren
kieselbachp@gtlaw.com, jonestr@gtlaw.com

Peter Kieselbach on behalf of Trustee Erik A. Ahlgren
kieselbachp@gtlaw.com, jonestr@gtlaw.com

Steven R Kinsella on behalf of Interested Party Razor Consulting Solutions
skinsella@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

Joseph Lehnert on behalf of Appraiser Prudent Fiduciary Services
jlehnert@kmklaw.com

Joseph Lehnert on behalf of Appraiser Miguel Paredes
jlehnert@kmklaw.com

Stephen M. Pezanosky on behalf of Defendant Connie Berg Revocable Living Trust
stephen.pezanosky@haynesboone.com, kim.morzak@haynesboone.com;jordan.chavez@haynesboone.com

Stephen M. Pezanosky on behalf of Defendant Kyle R. Berg Revocable Living Trust
stephen.pezanosky@haynesboone.com, kim.morzak@haynesboone.com;jordan.chavez@haynesboone.com

Stephen M. Pezanosky on behalf of Defendant Connie Berg
stephen.pezanosky@haynesboone.com, kim.morzak@haynesboone.com;jordan.chavez@haynesboone.com

Stephen M. Pezanosky on behalf of Defendant Kyle Berg
stephen.pezanosky@haynesboone.com, kim.morzak@haynesboone.com;jordan.chavez@haynesboone.com

Stephen M. Pezanosky on behalf of Interested Party BAD Investments LLP
stephen.pezanosky@haynesboone.com, kim.morzak@haynesboone.com;jordan.chavez@haynesboone.com

Stephen M. Pezanosky on behalf of Interested Party Connie Berg

stephen.pezanosky@haynesboone.com, kim.morzak@haynesboone.com;jordan.chavez@haynesboone.com

Stephen M. Pezanosky on behalf of Interested Party Kyle Berg
stephen.pezanosky@haynesboone.com, kim.morzak@haynesboone.com;jordan.chavez@haynesboone.com

Robert B. Raschke
USTPRegion12.SX.ECF@usdoj.gov

Jacob D Rhode on behalf of Defendant Miguel Paredes
jrhode@kmklaw.com

Michael Lewis Scheier on behalf of Appraiser Prudent Fiduciary Services
mscheier@kmklaw.com

Michael Lewis Scheier on behalf of Appraiser Miguel Paredes
mscheier@kmklaw.com

Michael Lewis Scheier on behalf of Defendant Miguel Paredes
mscheier@kmklaw.com

Brenna Helene Scully on behalf of Defendant Connie Berg Revocable Living Trust
brenna.scully@haynesboone.com

Brenna Helene Scully on behalf of Defendant Kyle R. Berg Revocable Living Trust
brenna.scully@haynesboone.com

Brenna Helene Scully on behalf of Defendant Connie Berg
brenna.scully@haynesboone.com

Brenna Helene Scully on behalf of Defendant Kyle Berg
brenna.scully@haynesboone.com

Caren W. Stanley on behalf of Creditor Capital Credit Union
cstanley@vogellaw.com, jnona@vogellaw.com;sthompson@vogellaw.com;jschares@vogellaw.com

Katrina A. Turman Lang on behalf of Creditor Right Choice Electric, Inc.
klang@woldlaw.com, melanie@turmanlaw.com

Maurice VerStandig on behalf of Defendant Chad Dubois
mac@mbvesq.com,
mac@dakotabankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Maurice VerStandig on behalf of Interested Party Chad Dubois
mac@mbvesq.com,
mac@dakotabankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Samuel Weaver on behalf of Defendant Miguel Paredes
sweaver@kmklaw.com


Dated: January 2, 2025                              Signed:  /s/Lisa Ahlgren
                                                    Lisa Ahlgren
                                                    220 W. Washington Ave, Ste 105
                                                    Fergus Falls, MN  56537