**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | Bky. Case No. 24-30167 |
| | Chapter 7 |
| Pro-Mark Services, Inc., | |
| | **NOTICE AND MOTION** |
| Debtor. | **FOR APPROVAL OF** |
| | **SETTLEMENT AGREEMENT** |

Erik Ahlgren is the chapter 7 trustee ("Trustee") in this case. In addition, Mr. Ahlgren is the administrator ("ESOP Administrator") of the Pro-Mark Services, Inc. Employee Stock Ownership Plan ("ESOP Plan") and the trustee ("ESOP Trustee") of the Pro-Mark Services, Inc. Employee Stock Ownership Trust ("ESOP Trust" and together with the ESOP Plan, the "ESOP"). Mr. Ahlgren, in his capacity as Trustee, requests that the Court approve a Settlement Agreement dated as of April 11, 2025 (the "Settlement Agreement"), between Mr. Ahlgren, in his capacities as Trustee, ESOP Administrator, and ESOP Trustee, and Mandy Grant. A copy of the Settlement Agreement may be obtained by contacting the Trustee. The Trustee has also filed a copy of the Settlement Agreement in this case at Doc. 212 and in Adv. No. 24-07014 at Doc. 108. The Settlement Agreement provides, in essential part, as follows:

Pro-Mark Services, Inc. ("Debtor") filed for bankruptcy protection on April 22, 2024 in the District of North Dakota. Pre-petition, Ms. Grant was an officer and director of the Debtor. Also pre-petition, the Debtor established the ESOP. Ms. Grant is a beneficiary of the ESOP. Post-petition, Mr. Ahlgren, in his capacities as Trustee, ESOP Administrator, and ESOP Trustee (in such capacities, "Plaintiff"), commenced an adversary proceeding titled *Erik A. Ahlgren, as Chapter 7 Trustee of the Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust v. Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad DuBois, Mandy Grant, and Miguel Paredes*, Adv. No. 24-07014. In the adversary proceeding, Plaintiff alleges that Ms. Grant breached fiduciary duties she owed to the Debtor and is liable for state-law securities fraud committed against the Debtor and the ESOP. Ms. Grant denies the allegations.

Under the Settlement Agreement, Plaintiff and Ms. Grant have agreed to settle the adversary proceeding with respect to the claims against Ms. Grant. Ms. Grant will pay $1,000.00 as a full and complete settlement of all claims asserted or that could be asserted by Plaintiff against Ms. Grant on behalf of the Debtor and the ESOP. If the settlement is approved, Plaintiff would hold the $1,000 pending further order of the Court regarding allocation of the funds between the Debtor's estate and the ESOP.

In addition to the settlement payment, Ms. Grant has agreed to cooperate with Plaintiff fully and truthfully in his prosecution of the adversary proceeding against the remaining defendants, his administration of the Debtor's bankruptcy estate, and his administration of the ESOP. This cooperation will include, among other things, Ms. Grant's execution of an affidavit detailing her knowledge of certain facts relating to the adversary proceeding. The form of such affidavit is attached to the Settlement Agreement as Exhibit A.

ACTIVE 708635821v2

As part of the settlement, Ms. Grant initially agreed to waive her right to receive any benefits from the ESOP. However, due to anti-alienation provisions under federal law and in the ESOP plan documents, Plaintiff concluded that Ms. Grant cannot waive her ESOP benefits. Accordingly, such waiver is not part of the settlement.

The Trustee believes that the Settlement Agreement is fair and equitable, is in the best interest of the Debtor's bankruptcy estate and the ESOP, satisfies the standard under Bankruptcy Rule 9019, and should be approved. <u>First</u>, the settlement will avoid the cost and uncertainty of litigation. <u>Second</u>, even if Plaintiff prevailed on all claims against Ms. Grant, there is a significant collection risk. During settlement negotiations, Ms. Grant provided financial information to the Trustee showing that $1,000.00 was the most she could reasonably afford to pay. In the Settlement Agreement, Ms. Grant has represented and warranted to Plaintiff that the financial information she provided is true and accurate. <u>Third</u>, Ms. Grant's agreement to cooperate, fully and truthfully, will assist Plaintiff in prosecuting the adversary proceeding, administering the Debtor's estate, and administering the ESOP.

**NOTICE OF MOTION:** Your rights may be affected in this action. You should read these papers carefully and discuss the matters with your attorney if you have one. Any objections to this motion must be made within 21 days of this date with an original filed with the Clerk of Bankruptcy Court and copies served upon the Bankruptcy Trustee and United States Trustee at the addresses stated below. Failure to timely respond to this motion will be deemed a waiver of any objections and the Court will grant such relief as it deems appropriate.

| | | |
|---|---|---|
| Clerk, U.S. Bankruptcy Court | United States Trustee | Trustee |
| Quentin N. Burdick U.S. Courthouse | 314 South Main Ave. | (see address below) |
| 655 First Ave. N. – Suite 210 | Suite 303 | |
| Fargo, ND 58107-4932 | Sioux Falls, SD 57104-6462 | |

DATE OF MAILING:  April 14, 2025

/e/ *Peter D. Kieselbach*
Michael B. Fisco (*Admitted Pro Hac Vice*)
Peter D. Kieselbach (*Admitted Pro Hac Vice*)
GREENBURG TRAURIG, LLP
90 South Seventh St., Suite 3500
Minneapolis, MN 55402
Tel: (612) 259-9700
fiscom@gtlaw.com
kieselbachp@gtlaw.com
Counsel for Erik Ahlgren, as Trustee

Erik Ahlgren, Chapter 7 Trustee
Ahlgren Law Office, PLLC
220 W Washington Ave. Ste 105
Fergus Falls MN 56537
218-998-2775

ACTIVE 708635821v2

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

In re:

Pro-Mark Services, Inc.,

       Debtor.

Bky. Case No. 24-30167
Chapter 7

**CERTIFICATE OF SERVICE**

      I, Denise Sodergren, Legal Support Specialist with the law firm of Greenberg Traurig, LLP, hereby certify that on April 14, 2025, I caused copies of the following:

- *Notice and Motion for Approval of Settlement Agreement*

to be served on the parties entitled to receive notice through the Electronic Case Filing System for the United States Bankruptcy Court for the District of North Dakota in the above-referenced Bankruptcy Case, and sent by first class mail, postage prepaid to the entities named below:

Secretary of the U.S. Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

Secretary of the U.S. Department of Labor
200 Constitution Ave NW
Washington, DC 20210

Dated: April 14, 2025

*/e/ Denise Sodergren*
Denise Sodergren, Legal Support Specialist
Greenberg Traurig, LLP
90 South Seventh Street, Suite 3500
Minneapolis, MN 55402
(612) 259-9700

ACTIVE 708635821v2