UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>PRO-MARK SERVICES, INC.,<br><br>                Debtor. | Case No. 24-30167<br>Chapter 7 |
| CAPITAL CREDIT UNION,<br><br>                Plaintiff,<br>  v.<br><br>PRO-MARK SERVICES, INC.<br>ERIK AHLGREN,<br>  as Trustee for Debtor's Estate;<br>UNITED STATES AIR FORCE; and<br>HARTFORD ACCIDENT AND<br>INDEMNITY COMPANY,<br><br>                Defendants. | Adv. No. 25-07001<br><br>**SETTLEMENT AGREEMENT** |

      IT IS HEREBY STIPULATED by and between the undersigned Plaintiff Capital Credit Union ("CCU"), and Defendants Erik Ahlgren, as Trustee for the Debtor's Estate ("Trustee"), Hartford Accident and Indemnity Company ("Hartford"), and the United States Air Force ("United States") (collectively, "Parties"), by their respective attorneys, as follows:

      1.      On April 24, 2024, Pro-Mark Services, Inc. ("Debtor") filed a voluntary petition for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the District of North Dakota, Case No. 24-30167.

      2.      On January 3, 2025, CCU filed an adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b), 11 U.S.C. § 105, and the Federal Rules of Bankruptcy Procedure Rule 7001,

Page **1** of **8**

seeking a determination of the legal and equitable interest in certain accounts receivable from contracts between the United States and Debtor Pro-Mark Services, Inc. ("Debtor").

3. The Parties do hereby agree to settle and compromise certain claims and affirmative defenses set forth in the Adversary Complaint, United States Bankruptcy Court for the District of North Dakota, Case No. 25-07001.

4. The United States and Debtor entered into the following contracts below, which are not bonded, have been fully or partially completed, and are awaiting payments for which the United States continues to hold:

a. Contract No. FA452819DA001, Task Order FA452823F0123, A-4 Fencing, awarded September 5, 2023, fully completed with **$22,574.50** owed.

b. Contract No. FA452819DA001, Task Order FA452823F0124, A-7 Fencing awarded September 5, 2023, fully completed with **$13,729.85** owed.

c. Contract No. FA452819DA001, Task Order FA452823F0125, A-10 Fencing awarded September 5, 2023, fully completed with **$13,729.85** owed.

d. Contract No. FA452819DA001, Task Order FA452823F0127, B-2 Fencing, awarded September 5, 2023, fully completed with **$22,579.10** owed.

e. Contract No. FA452819DA001, Task Order FA452823F0130, B-4 Fencing, awarded September 5, 2023, fully completed with **$19,192.35** owed.

f. Contract No. FA452819DA001, Task Order FA452823F0129, E-7 Fencing, awarded September 5, 2023, fully completed with **$4,442.45** owed.

g. Contract No. FA452819DA001, Task Order FA452824F0003, Dorm bathroom, awarded September 5, 2023, fully completed with **$13,403.30** owed

h. Contract No. FA452819DA001, Task Order FA452823F0099, O-11 LF Contour awarded July 28, 2023, partially completed with **$7,191.26** owed.

i. Contract No FA452819DA001, Task Order FA452823F0126, B-1 Fencing, awarded September 5, 2023, partially completed with **$16,999.30** owed.

j. Contract No. FA452819DA001, Task Order FA452823F0131, H-5 Fencing, awarded September 5, 2023, partially completed with **$6,233.29** owed.

k.  Contract No. FA460021P0075, awarded September 27, 2021, Weather Wing ECMS service, fully completed with **$6,756.00** owed.

5. The total amount owing for the contracts set forth in Paragraph 3(a)-(k) is **$146,831.25.**

6. Pursuant to the Anti-Assignment Act, the United States can only pay a party that entered into a contract with the United States. 31 U.S.C. § 3727; 41 U.S.C. § 6305. The United States desires to remit payment to the prime contractor who, by virtue of the bankruptcy filing by Debtor, is now Erik Ahlgren in his role as Trustee for the above-captioned bankruptcy proceedings.

7. The Parties agree that the United States shall remit payment in the individual contract amounts listed in Paragraph 3 in the collective total of amount of $146,831.25 ("Settlement Payment") to the Trustee. Such Settlement Payment is due within 90 days following the entry of a final Order by the Court approving the settlement. The Settlement Payment shall be made payable to Erik Ahlgren, as Chapter 7 Trustee.

8. This agreement is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees. The purpose of this agreement by all Parties is to compromise certain disputed claims and avoid the expenses and risks of further litigation.

9. CCU and Hartford waive and shall not assert any claims against the United States relating to the contracts set forth in Paragraph 3 and waive any rights to demand payment from the United States relating to these contracts. CCU and Hartford retain any claims they may have against each other, the Trustee, or other third parties, with respect to the $146,831.25 paid to the Trustee on the contracts set forth in Paragraph 3.

10. The Trustee waives and shall not assert any claims against the United States relating to the contracts set forth in Paragraph 3 beyond the amount of $146,831.25.

11. This agreement contains the entire agreement between the Parties relative to the subject matter herein. The terms of this agreement may not be modified or amended except by a separate written instrument signed by all Parties.

12. The Parties acknowledge that they have not relied on any representations by the United States, their employees, agents, or loan servicer contractors as to tax consequences, if any, of this agreement, and are solely responsible for compliance with all federal, state, and local tax filing and payment requirements associated with their finances.

13. The persons signing this agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

14. The Parties agree that this agreement, including all the terms and conditions and any additional agreements relating thereto, may be made public in their entirety, and the Parties expressly consent to such release and disclosure pursuant to 5 U.S.C. ' 552a(b).

15. The Parties represent that they have read, reviewed, and understand this agreement, and are fully authorized to enter into the terms and conditions of this agreement and agree to be bound thereby. The Parties further acknowledge that they enter into this agreement freely and voluntarily. The Parties also acknowledge that they have had sufficient opportunity to discuss this agreement with attorneys, or waive the opportunity to do so, and under either circumstance they understand all the terms and conditions of this agreement.

16. It is contemplated that this agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this 11TH day of August, 2025.

*[signature]*

Capital Credit Union, Plaintiff

Executed this 11th day of August, 2025.

VOGEL LAW FIRM

By: *[signature]*

Caren W. Stanley, #06100
Drew J. Hushka, #08230
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
cstanley@vogellaw.com
dhushka@vogellaw.com
701.237.6983
Attorneys for Plaintiff

Executed this  8th   day of  August         , 2025.

                                                              */s/ Erik A. Ahlgren*
                                                              Erik A. Ahlgren, as Trustee for Debtor's Estate


Executed this  8th   day of  August         , 2025.

                                                              AHLGREN LAW OFFICE, PLLC

                          By:    */s/ Erik A. Ahlgren*
                                                             Erik A. Ahlgren, # 09561
                                                             220 West Washington Ave, Ste 105
                                                             Fergus Falls, MN 56537
                                                             erik@ahlgrenlawoffice.net
                                                             218.998.2775
                                                             Attorney for Trustee

Executed this 14th day of August, 2025.

                               Hartford Accident and Indemnity Company

Executed this 13th day of August, 2025.

                               THE HUSTEAD LAW FIRM

By: _____
Patrick Q. Hustead
Connor L. Cantrell
4643 S. Ulster Street, Suite 1250
Denver, CO 80237
pqh@thlf.com
clc@thlf.com
303.721.5000
Attorneys for Hartford Accident and Indemnity Company

Executed this 8th day of August, 2025.

                                              JENNIFER KLEMETSRUD PUHL
                                              Acting United States Attorney

By:   */s/ Melissa H. Burkland*
                                              MELISSA H. BURKLAND
                                              Assistant United States Attorney
                                              WI Bar ID 1071443
                                              655 First Avenue North, Suite 250
                                              Fargo, ND  58102-4932
                                              (701) 297-7400
                                              melissa.burkland@usdoj.gov
                                              Attorney for United States