# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| IN RE: ) | |
| ) | **Chapter 7** |
| **Pro-Mark Services, Inc.** ) | |
| ) | **Case No. 24-30167** |
| **Debtor** ) | |
| ) | **MOTION OF MIGUEL PAREDES FOR** |
| ) | **ORDER EXTENDING TIME TO FILE A** |
| ) | **PROOF OF CLAIM** |

Pursuant to Federal Rule of Bankruptcy Procedure 3002(c)(7), Claimant Miguel Paredes requests that the Court enter an Order extending the time for him to file a proof of claim in this chapter 7 case. In support of his Motion, Mr. Paredes states as follows.

## JURISDICTION AND VENUE

1.  The Court has jurisdiction to consider and grant the relief requested under 28 U.S.C. sections 157 and 1334. A proceeding to consider and grant such relief is a core proceeding pursuant to 28 U.S.C. section 157(b)(2).

2.  Venue is proper in this Court pursuant to 28 U.S.C. sections 1408 and 1409.

## BACKGROUND

3.  On April 22, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the United States Bankruptcy Code (Bankr. Doc. 1), and Erik A. Ahlgren (the "Trustee") was appointed trustee of the Debtor's estate.

4.  The Debtor's Schedules do not identify Mr. Paredes as a creditor of the estate. (*See* Bankr. Doc. 8 (as amended by Bankr. Doc. 154).)

5.  On May 31, 2024, based upon the Trustee's notice of assets and request for notice to creditors, the Court issued a Notice to File Claims establishing September 3, 2024 (the "Bar Date") as the deadline for the filing of proofs of claim. (Bankr. Doc. 19.)

6. Mr. Paredes was never served with the Notice to File Claims. Indeed, like the Debtor's Schedules, the Certificate of Notice filed on June 2, 2024 listing all parties served with the Notice to File Claims does not include Mr. Paredes (Bankr. Doc. 22)

7. On August 26, 2024, the Trustee commenced Adversary Proceeding Case No. 24-07014, asserting various claims against several defendants, including Mr. Paredes.

8. On the same date of this Motion, Mr. Paredes filed in the Adversary Proceeding his Answer, Affirmative Defenses and Counterclaim in response to the Trustee's Second Amended Complaint. (Adv. Proc. Doc. 155.)

9. Mr. Paredes's Counterclaim arises out of a May 21, 2020 Engagement Agreement between the Debtor and Mr. Paredes, under which Mr. Paredes was retained to serve as an independent trustee of an employee stock ownership plan and trust ("ESOP") established in connection with a proposed ESOP transaction between Connie Berg and the Pro-Mark ESOP. (Adv. Proc. Doc. 155-1.)

10. The Engagement Agreement includes an express indemnification provision obligating Debtor to indemnify and hold harmless Mr. Paredes from and against any and all liabilities, losses, claims, damages, and expenses (including reasonable attorney's fees and related costs) sustained in discharging his duties and responsibilities under the Engagement Agreement (the "Indemnification Obligation").

11. The Trustee's claim against Mr. Paredes in the Adversary Proceeding arises directly from the services Mr. Paredes provided under the Engagement Agreement.

12. As a result, Mr. Paredes has incurred and continues to incur reasonable attorney's fees and costs to defend himself in the Adversary Proceeding against claims that fall within the scope of the Indemnification Obligation.

2

13. Therefore, in addition to asserting his Counterclaim, Mr. Paredes seeks leave of Court to file a proof of claim in the chapter 7 bankruptcy case against the Debtor's estate based upon the Indemnification Obligation.

## RELIEF REQUESTED

14. Because Mr. Paredes was never served with the Notice to File Claims, he requests that the Court enter an Order extending the time for Mr. Paredes to file a proof of claim in this chapter 7 case pursuant to Bankruptcy Rule 3002(c)(7).

## BASIS FOR RELIEF

15. The Court has the authority to extend the time for a creditor to file a proof of claim if the Court "finds that the notice was insufficient to give the creditor a reasonable time to file." Fed. R. Bankr. P. 3002(c)(7).[1]

16. "The notice" for purposes of Bankruptcy Rule 3002(c)(7) means the formal notice of the deadline to file proofs of claim. *In re JC FARMS, LLC*, No. 23-10278-357, 2024 WL 3352120, at *4 (Bankr. E.D. Mo. July 9, 2024).

17. Actual knowledge of the bankruptcy case is immaterial and does not preclude the relief provided in Bankruptcy Rule 3002(c)(7). *Id*. at *4-5. Said another way, "the notice referred to in Rule 3002(c)(7) means the notice of the deadline to file a proof of claim and not notice in general of the bankruptcy case." *In re Aguilar*, 668 B.R. 512, 515-16 (Bankr. S.D. Fla. 2025) (cleaned up).

18. In this case, Mr. Paredes was not scheduled as a creditor and the Notice to File Claims was never served on him. Not only was service of the Notice to File Claims insufficient— it did not occur.

---

[1] Prior to amendments that went effective December 1, 2024, this provision was in Bankruptcy Rule 3002(c)(6).

19. Consequently, pursuant to Bankruptcy Rule 3002(c)(7), Mr. Paredes is entitled to an extension of time to file a proof of claim against the Debtor's estate.

## CONCLUSION

For the foregoing reasons, Mr. Paredes requests that the Court enter an Order extending the time for Paredes to file a proof of claim in this chapter 7 case pursuant to Bankruptcy Rule 3002(c)(7), and providing Paredes 30 days from the entry of that Order to file such proof of claim.

Dated: August 15, 2025

Respectfully submitted,

/s/ Michael L. Scheier
Michael L. Scheier (*pro hac vice*)
Joseph E. Lehnert (*pro hac vice*)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6952
Fax: (513) 579-6554
mscheier@kmklaw.com
jlehnert@kmklaw.com

*Attorneys for Miguel Paredes*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| IN RE: | ) |
| | ) **Chapter 7** |
| **Pro-Mark Services, Inc.** | ) |
| | ) **Case No. 24-30167** |
| **Debtor** | ) |
| | ) **NOTICE OF** |
| | ) **MOTION OF MIGUEL PAREDES FOR** |
| | ) **ORDER EXTENDING TIME TO FILE A** |
| | ) **PROOF OF CLAIM** |

YOU ARE HEREBY NOTIFIED that the annexed motion has been filed by Miguel Paredes seeking an Order extending the time for Mr. Paredes to file a proof of claim in this chapter 7 case pursuant to Bankruptcy Rule 3002(c)(7).

YOU ARE HEREBY FURTHER NOTIFIED that unless you or another party in interest files an objection in writing to the relief requested in the motion on or before September 5, 2025, the Court may thereafter and without further notice enter an order and grant relief requested in the motion.

YOU ARE HEREBY FURTHER NOTIFIED that if an objection in writing to the relief requested in the motion is timely filed, any party in interest may obtain a hearing on the motion and the objection by filing a motion for relief and determination. An objection must be filed with both the Clerk of United States Bankruptcy Court, Quentin N. Burdick United States Courthouse, 655 First Avenue North, Suite 210, Fargo, North Dakota 58102-4932; and the attorney whose address is shown below.

Dated: August 15, 2025

Respectfully submitted,

/s/ Michael L. Scheier
Michael L. Scheier (*pro hac vice*)
Joseph E. Lehnert (*pro hac vice*)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6952
Fax: (513) 579-6554
mscheier@kmklaw.com
jlehnert@kmklaw.com

*Attorneys for Miguel Paredes*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 15, 2025 a copy of the foregoing Motion and Notice of Motion were served electronically through the Court's ECF System on all ECF participants registered in this case at the email address registered with the Court.

                                            */s/ Michael L. Scheier*
                                            Michael L. Scheier