UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:
Pro-Mark Services, Inc.,                                                  Bky. Case No. 24-30167
                                                                                               Chapter 7
Debtor.

**TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION OF MIGUEL PAREDES FOR ORDER EXTENDING TIME TO FILE A PROOF OF CLAIM**

Erik A. Ahlgren, as chapter 7 trustee (the "Trustee") of the bankruptcy estate of Pro-Mark Services, Inc. (the "Debtor"), submits this response in opposition to the *Motion of Miguel Paredes for Order Extending Time to File Proof of Claim* (Bankr. Doc. 237) (the "Motion") filed by Miguel Paredes. In support of his response, the Trustee respectfully states and alleges as follows:

1. Under Bankruptcy Rule 3002(c)(7), the deadline for filing a proof of claim may be extended "if the court finds that the notice was insufficient to give the creditor a reasonable time to file." Fed. R. Bank. P. 3002(c)(7). "The creditor has the burden to demonstrate the insufficiency of the notice." *In re JC Farms, LLC*, 2024 Bankr. LEXIS 1581, at *6 (Bankr. E.D. Mo. July 9, 2024).

2. The Trustee does not dispute that Mr. Paredes was never formally served with notice of the September 3, 2024, bar date. The Trustee also does not dispute that several courts have held that "notice" under Rule 3002(c)(7) means notice of the bar date, not notice of the bankruptcy case in general.

3. However, other courts have found that notice of the bankruptcy case precluded relief under Rule 3002(c)(7). *See In re Johnson*, 2025 Bankr. LEXIS 1660, at *13-14 (Bankr. E.D. Mich. July 11, 2025) (finding Rule 3002(c)(7) to be unavailable because purported creditor "filed a notice of appearance" in the bankruptcy case "five days before the deadline for filing claims"

ACTIVE 713976046v2

and, therefore, knew of the "bankruptcy filing and the case number, and he could have filed a proof of claim"); *In re Dillon*, 619 B.R. 357, 363 (Bankr. S.D. Miss. 2020) (denying extension because purported creditor's "then-attorney knew [of the bankruptcy case] more than two months before the bar date, and his knowledge is imputed to [her]").

4.      Furthermore, the Eighth Circuit B.A.P. has held that "[g]enerally, where a creditor's attorney has actual knowledge of the debtor's bankruptcy case, this is considered sufficient notice to the creditor of not only the bankruptcy case, **but also of applicable bar dates** and filing deadlines." *See Wendover Fin. Servs. v. Hervey (In re Hervey)*, 252 B.R. 763, 767 n.5 (B.A.P. 8th Cir. 2000) (emphasis added).

5.      And finally, Rule 3002(c)(7) is discretionary. Fed. R. Bankr. P. 3002(c)(7) (providing that "the court *may* extend the time to file" and "[t]he motion *may* be granted" (emphasis added)); *In re Tice*, 2022 Bankr. LEXIS 427, at *5 (Bankr. M.D. Ala. Feb. 22, 2022) ("Because Rule 3002(c)(6)[1] is permissive and not mandatory, a court may decline to extend a creditor's request even in the absence of sufficient notice."). In other words, regardless of what "notice" standard applies, the Court has discretion to decline to extend Mr. Paredes' time to file.

6.      Under this framework, the Court should deny the Motion. Mr. Paredes and his counsel had substantial involvement in the Debtor's bankruptcy case *before the bar date*, his counsel appeared in the case *before the date*, and Mr. Paredes knew of the grounds for his alleged indemnification claim *before the bar date*. Yet he did not timely file a proof of claim. On these facts, he should not receive an extension under Rule 3002(c)(7).

---

[1]     In 2024, Bankruptcy Rule 3002 was amended, and Rule 3002(c)(6) was restyled as Rule 3002(c)(7). The Advisory Committee notes provide that the "changes are intended to be stylistic only." Fed. R. Bank. P. 3002, 2024 Advisory Committee Notes.

7. On August 1, 2024—over one month before the bar date—the Trustee filed and served a Rule 2004 motion on Mr. Paredes, seeking court authorization to conduct a Rule 2004 examination of him concerning the ESOP transaction. (Bankr. Doc. 62.) By order dated August 20, 2024, the Court granted the Trustee's Rule 2004 motion. (Bankr. Doc. 100.) Then, on August 26, 2024, Mr. Paredes' counsel, Michael Scheier, filed a notice of appearance in the bankruptcy case and was granted pro hac vice admission. (Bankr. Docs. 108-110.) Any fees and expenses that Mr. Paredes may have incurred in connection with the Trustee's Rule 2004 motion may have been within the scope of the Debtor's alleged "Indemnification Obligation" (as defined in the Motion). Mr. Paredes thus knew of grounds for his alleged indemnification claim for weeks before the bar date, and his counsel even appeared in the bankruptcy case beforehand. But he did not timely file a proof of claim.

8. What is more, the Trustee commenced the adversary proceeding against Mr. Paredes on August 26, 2024—triggering the alleged indemnification claim now at issue. Mr. Paredes's counsel was e-served with a copy of the Complaint on August 26, 2024, via CM/ECF as a counsel of record. (*See* Bankr. Docs. 108-110, 112.) The Trustee also served the summons and Complaint on Mr. Paredes on August 27, 2024, by U.S. mail. (Adv. Doc. 3.) But again, he did not timely file a proof of claim for indemnification.[2]

9. Mr. Paredes was involved in this bankruptcy case before the bar date, was represented by counsel in the bankruptcy case before the bar date, and knew of the basis for his alleged indemnification claim before the bar date. Indeed, the involvement of Mr. Paredes' counsel

---

[2] The Trustee disputes that Mr. Paredes is entitled to any indemnification and reserves all rights on that issue. The Trustee raises the factual background of Mr. Paredes' involvement in the bankruptcy case simply to highlight that he had sufficient notice and a reasonable time to file a proof of claim.

3

alone constitutes "sufficient notice" of the bar date. *See Wendover*, 252 B.R. at 767 n.5. Accordingly, the Court should deny the Motion, either because Mr. Paredes had sufficient notice to give him a reasonable amount of time to file his proof of claim before September 3, 2024, or based on the Court's discretion under Rule 3002(c)(7). Mr. Paredes did not act diligently in pursuing his asserted right to indemnification, and the claims of other creditors should not be diluted under these circumstances. Simply put, "he could have filed a proof of claim on time" but "didn't do so." *In re Johnson*, 2025 Bankr. LEXIS at *13-14.

10. If the Court determines that the Rule 3002(c)(7) standard is notice of the bar date, before considering the Motion, the Court should first require Mr. Paredes and his counsel to submit appropriate affidavits regarding whether they had such ***actual*** notice of the bar date. In *In re JC Farms*—the case that Mr. Paredes primarily relies on—the court suggested, without deciding, that "indirect" notice of the bar date could suffice to preclude relief under Rule 3002(c)(7). *See In re JC Farms*, 2024 Bankr. LEXIS 1581, at *10 n.4 ("The parties agree that Baker did not receive notice of the bar date, either through the Notice of Chapter 12 Bankruptcy Case issued by the Court or otherwise. Therefore, I do not address whether indirect notice of the bar date, such as by mail forwarded from a predecessor in interest or publication notice, would preclude a creditor from obtaining an extension under Rule 3002(c)(6)."). Given Mr. Paredes' substantial involvement in this bankruptcy case before the bar date, including an appearance by his counsel, either he or his counsel may have "indirectly" learned of the bar date well before the deadline. For example, Mr. Paredes's counsel may have reviewed the bankruptcy docket, including the Trustee's bar date notice. (Bankr. Doc. 19.) *See Bryan v. Land (In re Land)*, 215 B.R. 398, 404-05 (B.A.P. 8th Cir. 1997) (knowledge of attorney in bankruptcy case imputed to client). If Mr. Paredes had actual

4

notice of the bar date by virtue of his involvement in the case, he should not be granted an extension under Rule 3002(c)(7).

| | |
|---|---|
| Date: September 4, 2025 | /e/ *Peter D. Kieselbach* <br> Michael B. Fisco (Minnesota #0175341) <br> (*Admitted Pro Hac Vice*) <br> Peter D. Kieselbach (Minnesota #0397531) <br> (*Admitted Pro Hac Vice*) <br> **GREENBERG TRAURIG, LLP** <br> 90 South Seventh Street, Suite 3500 <br> Minneapolis, MN 55402 <br> Telephone: (612) 259-9700 <br> Email: fiscom@gtlaw.com <br> kieselbachp@gtlaw.com <br><br> *and* <br><br> Erik A. Ahlgren (North Dakota #09561) <br> Ahlgren Law Office, PLLC <br> 220 W. Washington Ave. Suite 105 <br> Fergus Falls, MN  56537 <br> Telephone: (218) 998-2775 <br> Email: erik@ahlgrenlawoffice.net <br><br> *Attorneys for the Trustee* |

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 4, 2025, the above document was served on all counsel of record via CM/ECF.

/e/ *Peter D. Kieselbach*
Peter D. Kieselbach

5

ACTIVE 713976046v2