**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| IN RE: | ) |
| | ) **Chapter 7** |
| **Pro-Mark Services, Inc.** | ) |
| | ) **Case No. 24-30167** |
| **Debtor** | ) |
| | ) |

**DECLARATION OF MICHAEL L. SCHEIER**
**IN SUPPORT OF MOTION OF CREDITOR MIGUEL PAREDES**
**FOR AN ORDER EXTENDING TIME TO FILE A PROOF OF CLAIM**

I, Michael L. Scheier, hereby declare under penalty of perjury that the following statements are true and correct.

1.      I am a partner in the law firm of Keating Muething & Klekamp, PLL ("KMK"). I submit this declaration in support of Creditor Miguel Paredes' Motion for Order Extending Time to File a Proof of Claim (Doc. 237). I have personal knowledge of the matters set forth in this declaration.

2.      As more fully detailed below, neither Mr. Paredes nor I had actual knowledge of the Bar Date Prior to the Bar Date.

3.      In June 2024, following the Trustee's efforts to contact Mr. Paredes directly, KMK, counsel to Mr. Paredes, contacted the Trustee and his office to notify them that Mr. Paredes was represented and that all further communications should be directed to counsel.

4.      The Trustee's office then made informal document requests of Mr. Paredes, which were followed by discussions between KMK and the Trustee's office regarding the scope of those documents requests and related objections.

5.      In July 2024, the Trustee's office sent more specific document requests, which were followed by additional attempts to negotiate the scope of the document requests.

6.      A month or so later on August 22, 2024, out of the blue and without any notice, the Trustee's office asked KMK by way of email if Mr. Paredes would agree to accept service of a Rule 2004 document subpoena.

7.      On that same date, KMK advised the Trustee's office that this was the first time KMK was aware that the Court ordered Rule 2004 discovery.

8.      The Trustee had failed to serve KMK, who had been working with the Trustee for a couple of months, with the Trustee's 2004 Motion. Instead, the Trustee attempted regular mail service of the 2004 Motion on Mr. Paredes despite the communications that had already occurred between KMK and the Trustee's office, and KMK's directive from the onset that the Trustee's office direct all further communications to counsel.

9.      I learned from the Trustee's office that the Trustee attempted to serve the 2004 Motion on Mr. Paredes directly, but the address listed for Mr. Paredes in the Motion and Certificate of Service was incorrect.

10.     To my knowledge, Mr. Paredes never received service of the 2004 Motion.

11.     KMK raised significant concerns with respect to the propriety of service of the 2004 Motion and the Trustee agreed that the Trustee would take no further action while the Trustee considered responding to Mr. Paredes' outstanding objections to the prior informal document requests and Mr. Paredes' request for his agreement not to object should Mr. Paredes seek leave of the Court to object to the 2004 Motion.

12.     On August 23, 2024, the Trustee's office informed KMK of their proposal to "first attempt to resolve any issues informally." Mr. Paredes' counsel agreed. The Trustee subsequently acknowledged that Mr. Paredes "did not have notice or an opportunity to be heard" with respect to the 2004 Motion.

2

13.     Now advised of the 2004 Motion and Order, and given the Trustee's disregard of KMK's prior directive that counsel for Mr. Paredes be sent all further communications, on August 26, 2024—only 8 days (5 business days due to the intervening Labor Day weekend) prior to the Bar Date—I, made an appearance as counsel for Mr. Paredes in this Bankruptcy Case (Doc. 110).

14.     Despite KMK's agreement to the Trustee's request to work consensually to resolve issues informally only three days prior, later on August 26, 2024, the Trustee commenced Adversary Proceeding Case No. 24-07014, asserting various claims against several defendants, including Mr. Paredes. At no time throughout the period covered above, including his effort to procure documents informally and through Rule 2004 from Mr. Paredes, did the Trustee disclose to me that he was close to finalizing a complaint in an adversary proceeding that would name Mr. Paredes as a defendant.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Michael L. Scheier*
Michael L. Scheier