# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: ) | Bankruptcy No. 24-30167 |
| ) | Chapter 7 |
| Pro-Mark Services, Inc. ) | |
| ) | |
| Debtor. ) | |
| ) | |

## ORDER GRANTING EXTENSION OF TIME
## TO FILE PROOF OF CLAIM

**I.     INTRODUCTION**

On August 18, 2025, Miguel Paredes filed a Motion for Order Extending Time to File a Proof of Claim.  Doc. 237.  Chapter 7 Trustee Erik A. Ahlgren filed a response in opposition to Paredes' motion.  Doc. 243.   Capital Credit Union joined in the Trustee's opposition. Doc. 244.

**II.     FACTS**

On April 22, 2024, Debtor Pro-Mark Services, Inc. petitioned for relief under Chapter 7 of the Bankruptcy Code.  Doc. 1.  In the Notice to File Claims, the Clerk set the deadline to file proofs of claim for September 3, 2024 (Bar Date).  Doc. 19.  Debtor failed to list Paredes on its bankruptcy schedules and the creditor matrix.  Doc. 237 at ¶¶ 4, 6; Doc. 243 at ¶ 2; Doc. 22; Doc. 154.  The Certificate of Notice showing the list of those served with the Notice to File Claims does not include Paredes.  Doc. 22. Paredes and his counsel maintain they were not served with notice of the Bar Date and had no actual knowledge of the Bar Date prior to the Bar Date.  See Docs. 247, 247-1. The Trustee does not dispute that Paredes was never formally served with notice of the September 3, 2024, Bar Date.

Although there is no evidence that Paredes received notice or knew about the Bar Date before it passed, Paredes knew about the bankruptcy case. On August 1, 2024, the Trustee filed and served a Rule 2004 motion on Paredes. Doc. 62. On August 26, 2024, the Trustee commenced Adversary Proceeding No. 24-07014, naming Paredes as a defendant. On the same date, roughly one week before the Bar Date, Paredes' counsel filed a notice of appearance in the bankruptcy case. Docs. 108–110. Almost a year later, on August 15, 2025, Paredes filed this Motion for Order Extending Time to File a Proof of Claim. Doc. 237.

### III.     ANALYSIS

Paredes seeks an extension of the deadline to file a proof of claim under Federal Rule of Bankruptcy Procedure 3002(c)(7), arguing the Court should find he had insufficient notice of the Bar Date due to Debtor's failure to schedule him as a creditor. Doc. 237 at ¶¶ 6, 14. Paredes claims the lack of notice of the Bar Date warrants the extension, despite his actual knowledge of the bankruptcy case prior to the Bar Date. Id. The Trustee claims Paredes is not entitled to relief because (1) Paredes, and his attorney, were substantially involved in the case prior to the Bar Date, (2) Paredes knew he had a potential claim against the bankruptcy estate prior to the Bar Date, (3) Paredes failed to "act diligently" in filing a proof of claim and (4) Paredes, or his counsel, may have had actual notice of the Bar Date prior to its passage. Doc. 243 at ¶¶ 6–9.

Bankruptcy Rule 9006(b)(3) limits the Court's discretion in enlarging the time to file a proof of claim under Chapter 7 to "the extent and under the conditions stated in [Rule 3002(c)]." Fed. R. Bankr. P. 9006(b)(3). Rule 3002(c) provides that a proof of claim in a voluntary Chapter 7 bankruptcy is timely filed if it is filed not later than "70

2

days after the order for relief." Fed. R. Bankr. P. 3002(c).  There are seven exceptions to the rule that fall into the following general categories:

1. Claims filed by a governmental unit;

2. Claims filed by an infant or incompetent person;

3. Claims arising out of a judgment that becomes final after the deadline to file a claim has passed;

4. Claims arising from the rejection of an executory contract or unexpired lease;

5. When a dividend arises in a case in which creditors were previously sent a notice of insufficient assets to pay a dividend;

6. Claims secured by a security interest in the debtor's principal residence; and

7. Upon leave of Court when "the court finds that the notice was insufficient to grant the creditor a reasonable time to file."

See Fed. R. Bankr. P. 3002(c)(1)–(7).

Courts have wide discretion when ruling on Rule 3002(c) motions.  See Fed. R. Bankr. P. 3002(c)(7) (providing that "the court *may* extend the time to file" (emphasis added)); In re Tice, 2022 WL 532741, at *2 (Bankr. M.D. Ala. Feb. 22, 2022) (stating Rule 3002(c)(7) is "permissive and not mandatory.").  The creditor seeking the extension bears the burden to demonstrate the insufficiency of the notice.  See In re JC Farms, LLC, 2024 WL 3352120, at *2 (Bankr. E.D. Mo. July 9, 2024); In re Somerville, 605 B.R. 700, 707 n. 10 (Bankr. D. Md. 2019); In re Mazik, 592 B.R. 812, 818 (Bankr. E.D. Pa. 2018).  "The Court generally strictly construes Rule 3002(c) as a statute of

limitations since the purpose of such a claims bar date is to provide the debtor and its creditors with finality and to ensure the swift distribution of the bankruptcy estate." In re Racing Servs., Inc., 595 B.R. 334, 369 (Bankr. D.N.D. 2018).

Paredes seeks an exception under subsection 7. Parades argues that notice under Rule 3002(c)(7) is notice of the Bar Date, and he maintains that the Trustee provided no notice of the Bar Date. He also offered evidence that he and his counsel had no actual knowledge of the Bar Date.

The Trustee insists that Paredes not only knew about the bankruptcy case, but he was "substantially involved" in the case providing him sufficient time to learn about the Bar Date and file a timely claim. Doc. 243 at ¶ 6, 7, 9. The Trustee also asserts that Paredes knew he had a claim against the bankruptcy estate prior to the Bar Date yet failed to file a timely proof of claim. Doc. 243 at ¶¶ 7–8. He argues that Paredes must not be granted an extension of time under these circumstances.

Rule 3002(c)(7), as amended in 2022 and 2024 to its current version,[1] broadens the application of the rule. The rule now grants courts greater discretion to extend the

---

[1] Rule 3002(c) provides, in pertinent part:

(c) Time to File. In a voluntary Chapter 7 case or in a Chapter 12 or 13 case, the proof of claim is timely if filed within 70 days after the order for relief or entry of an order converting the case to Chapter 12 or 13. In an involuntary Chapter 7 case, a proof of claim is timely if filed within 90 days after the order for relief is entered. These exceptions apply in all cases:

\*\*\*

(7) Extending the Time to File. On a creditor's motion filed before or after the time to file a proof of claim has expired, the court may extend the time to file by no more than 60 days from the date of its order. The motion may be granted if the court finds that the notice was insufficient to give the creditor a reasonable time to file.

4

deadline to file a proof of claim when "the court finds that the notice was insufficient to give the creditor a reasonable time to file." Fed. R. Bankr. P. 3002(c), Advisory Comments, 2022 Amends. (the Rule "is amended to provide a single standard for granting motions for an extension of the time to file a proof of claim … [i]f the notice to such creditor was 'insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim'"). Few courts have applied the new standard in the years since the rule change in 2022. In re Lambert, 2024 WL 3713138, at *3 (Bankr. D. Id. Aug. 7, 2024) (stating there is a "dearth of case law applying the current Rule 3002(c)([7]) or grappling with its parameters."). The courts that have applied the new standard recognize the amendments are significant. In re Cmelka, 661 B.R. 626, 631 (Bankr. N.D. Ill. 2024) (recognizing the pre–2022 rule "imposed significantly different conditions in order to permit an extension of time to file a claim" compared to the post-2022 rule.); In re JC Farms, LLC, 2024 WL 3352120, at *4 (stating the 2022 amendment "broadened the application of the subparagraph so that it no longer matters why 'the notice was insufficient.'").

After considering the various versions of Rule 3002(c)(7), the Advisory Committee Notes, and opinions that interpreted the rule in its former and current form, the Court agrees with and adopts the analysis in JC Farms, LLC and concludes that "notice" for purposes of Rule 3002(c)(7) is notice of the Bar Date. See In re JC Farms, LLC, 2024 WL 3352120; see also In re Aguilar, 668 B.R. 512 (Bankr. S.D. Fla. 2025); In re Mitrano, 2024 WL 4441909, at *2 (Bankr. M.D. Fla. Oct. 8, 2024). General

---

Fed. R. Bankr. P. 3002(c)(7). The 2022 amendments revised the substance of the rule. The 2024 amendments changed the numbering of subsections (c) (6) and (7) and restyled the rule.

5

knowledge of the bankruptcy case, without more, is not sufficient to meet this notice standard. Id.

The Trustee failed to serve Paredes with notice of the Bar Date, and Paredes had no actual knowledge of it. Accordingly, the Court finds notice was insufficient to give Paredes reasonable time to file his proof of claim. The Trustee offers no evidence of prejudice resulting from a decision to grant Paredes an extension of time to file his claim. Accordingly, the Court finds cause for granting Paredes the extension he seeks.

### IV. CONCLUSION

For the reasons provided above, IT IS **ORDERED** that the Motion of Paredes for Order Extending Time to File a Proof of Claim is granted. Paredes is granted 28 days from entry of this Order to file a proof of claim.

Dated: October 27, 2025.

*/s/ Shon Hastings*

SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT