UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 7 |
| Pro-Mark Services, Inc. ) | |
| ) | Case No. 24-30167 |
| Debtor ) | |
| ) | |
| ) | |
| ) | |

OBJECTION OF MIGUEL PAREDES
TO APPLICATION FOR APPROVAL OF EMPLOYMENT
AND RETENTION OF CONSULTING EXPERT AND TESTIFYING EXPERT

Creditor Miguel Paredes objects to the Application for Approval of Employment and Retention of FTI Consulting, Inc. as Consulting Expert and Testifying Expert (Bankr. Doc. 272) filed by Erik A. Ahlgren (the "Application").

**BACKGROUND**

1. On April 22, 2024 (the "Petition Date"), Pro-Mark Services, Inc. (the "Debtor") filed a voluntary petition under chapter 7 of the United States Bankruptcy Code (Bankr. Doc. 1). Erik A. Ahlgren is trustee of the Debtor's estate.

2. Prior to the Petition Date, the Debtor established the Pro-Mark Services, Inc. Employee Stock Ownership Plan (the "ESOP") and the Pro-Mark Services, Inc. Employee Stock Ownership Trust (the "ESOP Trust"). As of the Petition Date, the Debtor or its designee served as the ESOP administrator.

3. By virtue of Bankruptcy Code section 704(a)(11), Mr. Ahlgren succeeded the pre-petition Debtor as ESOP administrator. He appointed himself ESOP trustee, and thereby became an ERISA fiduciary under the Employee Retirement Income Security Act of 1974 ("ERISA").

4. Mr. Paredes is a creditor in the chapter 7 case. (*See* Claim No. 40.)

5. On August 26, 2024, Mr. Ahlgren, in his capacities as chapter 7 trustee and purportedly as ESOP trustee, commenced Adversary Proceeding No. 24-07014 asserting various claims against several defendants. Plaintiff's operative pleading in the Adversary Proceeding names Mr. Paredes as a defendant in count 21, alleging claims that arise solely under ERISA (the "ERISA Claims"). (Adv. Proc. Doc. 120, at Count 21.)

6. To the extent Mr. Ahlgren has standing to prosecute the ERISA Claims, it is in his capacity as an ESOP fiduciary. 29 U.S.C. § 1132(a)(2) (providing a plan fiduciary standing to assert ERISA statutory claims).

7. Prior to the Petition Date, the Debtor retained Mr. Paredes as an independent ESOP trustee in regard to a proposed transaction whereby the ESOP Trust would purchase all of the Debtor's stock. Mr. Paredes' retention is memorialized in a May 21, 2020 Engagement Agreement between the Debtor and Mr. Paredes. (Adv. Proc. Doc. 155-1.)

8. By way of the Application, Mr. Ahlgren seeks approval to employ FTI as a consulting and testifying expert in the Adversary Proceeding, including in regard to the ERISA Claims. (Application, ¶ 9.) He seeks permission to fund that engagement out of chapter 7 estate assets. (*Id.*)

## THE OBJECTION

9. Pursuant to Bankruptcy Code section 327, Mr. Ahlgren may employ professionals to assist him in carrying out his duties upon Court approval. 11 U.S.C. § 327(a). The Application seeks Court approval to pay all of FTI's fees from chapter 7 estate assets. (Application, ¶ 9.)

10. "Approval of employment under section 327, however, does not constitute a right to be paid from the estate." *In re Grabanski*, No. BR 10-30902, 2013 WL 1702416, at *5 (Bankr. D.N.D. Apr. 19, 2013) (citations omitted). The Court must determine reasonable compensation for

2

the professional's actual, necessary services in accordance with Bankruptcy Code section 330. *Id*. (citing 11 U.S.C. § 330(a)(1).) Moreover, the Court should disallow compensation "for services that were not reasonably likely to benefit the debtor's estate or necessary to the administration of the case." *Id*. (quoting 11 U.S.C. § 330(a)(4)(A)). Because the sole beneficiary of the ERISA Claims are the ESOP and ESOP participants, there is no statutory authority to fund FTI's employment with chapter 7 estate assets as it relates to the ERISA Claims. 11 U.S.C. § 541(b)(7) (excluding the ERISA Claims from property of the estate because such claims are "solely for the benefit of an entity other than the debtor," namely the ESOP and ESOP participants).

11. There is also no jurisdictional basis permitting Mr. Ahlgren to fund his employment of FTI with chapter 7 estate assets as it relates to the ERISA Claims under 28 U.S.C. section 1334(b). The ERISA Claims do not "arise under" the Bankruptcy Code. While Bankruptcy Code section 704(a)(11) requires a bankruptcy trustee to continue to perform as the ESOP administrator, that section "neither alters the substantive duties of ERISA plan administrators nor establishes substantive rights regarding ERISA plans." *In re Robert Plan Corp.*, 777 F.3d 594, 597 (2d Cir. 2015). Section 704(a)(11) is merely the procedural vehicle for the assertion of rights conferred by another statute, here ERISA. *Id*. (citing *In re U.S. Brass Corp.,* 110 F.3d 1261, 1268 (7th Cir. 1997)).

12. Nor do FTI's fees related to the ERISA Claims "arise in" this bankruptcy case. "The payment of compensation for ERISA plan administrators is typically an issue that arises outside bankruptcy. It does not depend upon bankruptcy for its existence, nor does it involve an administrative matter that arises only in bankruptcy cases." *In re Robert Plan Corp.*, 777 F.3d at 597 (cleaned up) (quoting *In re AB & C Grp., Inc.,* 411 B.R. 284, 292 (Bankr. N.D. W.Va. 2009)). There is therefore no "arising in" jurisdiction.

3

13. Lastly, the Court does not have "related to" jurisdiction to permit estate assets to be used to pay FTI's fees for work on the ERISA Claims. The outcome of any proceeding relating to compensation involving ERISA plan assets could not conceivably have any effect on a debtor's estate. *In re Robert Plan Corp.*, 777 F.3d at 597. *See also* 11 U.S.C. § 541(b)(7) (excluding the ERISA Claims from property of the estate because such claims are "solely for the benefit of an entity other than the debtor," namely the ESOP and ESOP participants).

14. Accordingly, there is no jurisdictional or statutory basis to permit use of estate assets to pay fees related to Mr. Ahlgren's prosecution of the ERISA Claims., where, as here, such work does not benefit the bankruptcy estate. *See Matter of The Robert Plan Corp.*, No. 8-08-74573-REG, 2018 WL 1267870, at *2, *13-*14 (Bankr. E.D.N.Y. Mar. 1, 2018) (after remand from Second Circuit holding the Bankruptcy Court did not have jurisdiction to award fees to trustee and counsel from benefits plan assets, nor could it from estate assets because, as here, work for the plan did not benefit the bankruptcy estate).

15. Mr. Ahlgren's purported "reservation of rights" to, at some indeterminate time in the future, return to court "concerning allocation of [FTI's] fees and expenses" between the estate and the ESOP does not change the analysis. The rub, of course, is that the ESOP supposedly has no assets from which to fund Mr. Ahlgren's ERISA Claims. If, as Mr. Paredes expects, Mr. Ahlgren cannot prove his ERISA Claims, the estate will be stuck with the FTI fees to the prejudice of creditors like Mr. Paredes (likely the largest estate creditor) should the Court permit Mr. Ahlgren to fund his prosecution of those claims with estate assets.

16. Mr. Ahlgren has brought the ERISA Claims in his purported capacity as ESOP trustee seeking plan-wide relief on behalf of the ESOP under ERISA section 409, so any conceivable recovery from Mr. Paredes will only benefit the ESOP and its participants—not the

4

Debtor's estate and creditors. 29 U.S.C. § 1109 (providing for plan-wide relief); 11 U.S.C. § 541(b)(1) (excluding ESOP assets from bankruptcy estate).

17. Mr. Paredes therefore objects to the Trustee's Application because it seeks authority to compensate FTI from chapter 7 estate assets for work related to the ERISA Claims to the prejudice of general unsecured creditors like Mr. Paredes.

18. Mr. Paredes therefore requests that any Court order granting the Application to employ FTI (i) require Mr. Ahlgren and FTI to allocate FTI's fees between the ERISA Claims and other claims in the Adversary Proceeding, (ii) prohibit the payment of FTI's fees and expenses out of chapter 7 estate assets for work related to any ERISA-related claims in the Adversary Proceeding, including the ERISA Claims; and (iii) require that the allocation of FTI's fees and expenses to the chapter 7 estate be subject to further Court order in connection with FTI's applications for compensation pursuant to Bankruptcy Code section 330.

## RESERVATION OF RIGHTS

19. This Objection is filed without prejudice to and with full reservation of Mr. Paredes's rights, claims, defenses, and remedies, including the right to amend, modify or supplement this Objection, to raise any additional objections, and without in any way limiting any other rights of Mr. Paredes to further object to the Application on any grounds as may be appropriate and to object to FTI's compensation applications.

## CONCLUSION & RELIEF REQUESTED

Mr. Paredes requests that the Court deny the Application to the extent it seeks authority to compensate FTI from the chapter 7 estate for work related to the ERISA Claims. If, however, the Court grants the Application, the Order should (i) require Mr. Ahlgren and FTI to allocate FTI's fees between the ERISA Claims and other claims in the Adversary Proceeding, (ii) prohibit the

5

payment of FTI's fees and expenses out of the chapter 7 estate for work related to any ERISA-related claims in the Adversary proceeding, including the ERISA Claims; and (iii) require that the allocation of FTI's fees and expenses be subject to further Court order in connection with FTI's applications for compensation pursuant to Bankruptcy Code section 330.

Dated: February 13, 2026

Respectfully submitted,

/s/ Michael L. Scheier
Michael L. Scheier (*pro hac vice*)
Joseph E. Lehnert (*pro hac vice*)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6952
Fax: (513) 579-6554
mscheier@kmklaw.com
jlehnert@kmklaw.com

*and*

Michael Gust (ND #06468)
ABST Law, P.C.
4132 30th Ave., S.W., Suite 100
Fargo, North Dakota 58106-0247
Tel: (701) 235-3300
Fax: (701) 237-3154
mgust@abstlaw.net

*Attorneys for Miguel Paredes*

6