UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br>Pro-Mark Services, Inc.,<br><br>                 Debtor. | Bky. Case No. 24-30167<br>Chapter 7<br><br>**TRUSTEE'S REPLY TO PAREDES' OBJECTION TO FTI EMPLOYMENT APPLICATION** |

      Erik A. Ahlgren, in his capacities as chapter 7 trustee (the "Trustee") of the bankruptcy estate of Pro-Mark Services, Inc. (the "Debtor"), administrator of the Pro-Mark Services, Inc., Employee Stock Ownership Plan (the "ESOP Plan"), and trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust (the "ESOP Trust" and together with the ESOP Plan, the "ESOP"), submits this reply in opposition to the Objection of Miguel Paredes to Application of Consulting Expert and Testifying Expert (the "Objection") [ECF No. 275], and states as follows:

**INTRODUCTION**

      1.      Miguel Paredes objects to the Trustee's Application to employ FTI Consulting, Inc. ("FTI") on the grounds that, in his view, "there is no jurisdictional or statutory basis to permit use of estate assets to pay fees related to [the Trustee's] prosecution of the ERISA Claims." (Paredes Objection, ¶ 14.) Mr. Paredes' objection is without merit. The caselaw cited by Mr. Paredes concerns a trustee's proposed use of assets from an ERISA plan to pay for expenses of a bankruptcy estate. The Trustee's application involves exactly the opposite: retention of professionals and use of bankruptcy estate assets to pay professional fees that are necessary for the Trustee to administer the ESOP plan. The caselaw is clear that this is acceptable. Mr. Paredes' Objection is self-serving, not supported by authority, and nothing more than an attempt to exploit his creditor status (which is unliquidated, contingent, and disputed) to obstruct prosecution of the ESOP claims against him.

ACTIVE 719366570v3

I. **The Trustee May Retain FTI to Assist with His Duties Under Section 704(a)(1) and Pay FTI's Reasonable Fees Using Bankruptcy Estate Assets.**

2. Section 704(a)(11) of the Bankruptcy Code imposes on chapter 7 trustees an affirmative duty to administer a debtor's ERISA plan if the debtor or its designee served as plan administrator at the commencement of the case. 11 U.S.C. § 704(a)(11). To fulfill this express statutory duty, trustees often must retain professionals and incur professional fees, costs, and expenses. Administering an ERISA plan can be complex, professional services are often necessary, and professional services are not free. Because of this, courts have uniformly recognized that trustees may retain professionals and use bankruptcy estate assets to pay professional fees, costs, and expenses incurred to administer an ERISA plan, particularly when the ERISA plan has limited or no assets to pay such costs itself.[1]

3. "[T]he reasonable professional fees and expenses incurred by the Trustee to perform his § 704(a)(11) duties *may* be paid by the bankruptcy estate, at least where the ERISA Plan assets are insufficient to pay them. Indeed, in that situation, such fees and expenses *must* be paid by the bankruptcy estate, because there is no other way to pay them. Congress surely did not intend to force Trustees and their professionals to do this § 704(a)(11) work for free, when there

---

[1] *See, e.g.*, *U.S. Dept. of Labor v. Kirschenbaum*, 508 B.R. 257, 270-71 (E.D.N.Y. 2014) ("The Bankruptcy Court does, however, have jurisdiction to grant or deny an application seeking an award for Plan administration expenses from the bankruptcy estate."), *aff'd sub nom. In re Robert Plan Corp.*, 777 F.3d 594 (2d Cir. 2015); *In re Negus-Sons, Inc.*, BK09-82518-TJM, 2013 WL 4674917, *3 (Bankr. D. Neb. Aug. 30, 2013) (finding "there is no question about the court's authority to award fees and expenses from the assets of the bankruptcy estate" in an order awarding compensation to trustee's ERISA plan professional); *In re Trans-Indus., Inc.*, 419 B.R. 21, 35 (Bankr. E.D. Mich. 2009) ("[T]he Trustee is *allowed* to use funds from the bankruptcy estate to advance such ERISA Plan-related fees and expenses."); *In re Tom's Foods Inc.*, 341 B.R. 82, 90 (Bankr. M.D. Ga. 2006) ("The Court is persuaded that [the ERISA plan professional] is entitled to be compensated from Debtor's bankruptcy estate in the amount of $151,350 for services provided to Debtor as the administrator of Debtor's pension plan.").

2

are sufficient funds to pay them in the bankruptcy estate (but not in the ERISA Plan)." *In re Trans-Indus., Inc.*, 419 B.R. at 39 (emphasis added).

4. Permitting the retention of professionals and use of bankruptcy estate assets to pay professional fees relating to the administration of an ERISA plan fully comports with 11 U.S.C. §§ 327 and 330. Section 327(a) permits a trustee, with court approval, to retain professionals to "assist the trustee in carrying out the trustee's duties under this title." And Section 330(a)(3) permits the court to award reasonable compensation to a professional person, payable from bankruptcy estate assets, when the "services were necessary to the administration of . . . a case under this title." Administering an ERISA plan is one of the trustee's duties under Section 704(a)(11), so the trustee may retain professionals to assist in that duty and pay them reasonable compensation for necessary services. 11 U.S.C. §§ 327(a), 330(a)(3).

5. Here, the Trustee has a duty under § 704(a)(11) to administer the ESOP. To fulfill that duty in this case, the Trustee must retain a professional person to provide expert witness services in connection with the ESOP's prosecution of claims against Mr. Paredes and others. And the ESOP has insufficient assets to pay the fees and expenses itself. Under these circumstances, the Trustee (subject to court approval) may retain FTI under § 327 and pay FTI's reasonable fees using bankruptcy estate assets under Section 330. *See* 11 U.S.C. §§ 327(a), 330(a)(3); *Kirschenbaum*, 508 B.R. at 270-71; *Negus-Sons*, 2013 WL 4674917 at *3; *Trans-Indus*, 419 B.R. at 35, 39; *Tom's Foods*, 341 B.R. at 90.

6. Mr. Paredes relies almost exclusively on *In re Robert Plan Corp.*, 777 F.3d 594 (2d Cir. 2015) in his Objection. But that case stands for the proposition that bankruptcy courts lack jurisdiction to authorize a trustee to use assets from an ERISA plan to pay expenses of the bankruptcy estate. *In re Robert Plan Corp.*, 777 F.3d at 596. That is not what the Trustee seeks

3

here.  As noted above, there is ample authority for the Trustee to retain and pay FTI under the circumstances of this case.   Mr. Parades cites no cases to the contrary.

7. Mr. Paredes also argues that FTI's retention should be denied because its services related to the ESOP claims will provide no benefit to the estate.  This is not accurate and is not the standard for retention.  The Trustee may retain and pay FTI because it is necessary for him to fulfill his duties under 11 U.S.C. § 704(a)(1).  *See* 11 U.S.C. §§ 327(a), 330(a)(3); *Kirschenbaum*, 508 B.R. at 270-71; *Negus-Sons*, 2013 WL 4674917 at *3; *Trans-Indus*, 419 B.R. at 35, 39; *Tom's Foods*, 341 B.R. at 90.  But even if this was the standard, all of FTI's work will benefit the estate.  This is because the ESOP and bankruptcy estate claims overlap.  For the ESOP claims, FTI will provide expert testimony regarding the Debtor's value as of August 30, 2020, and related issues.  That expert testimony is the same testimony that will be relevant to the issues of insolvency and reasonably equivalent value for the Trustee's fraudulent transfer claims.

## II.     FTI Will Track ESOP-Specific Time, If There Is Any.

8. Mr. Paredes next argues that if the Court grants the application, FTI's retention should be conditioned on it separately tracking its time relating to the ESOP claims and the bankruptcy estate claims.  If FTI performs work that solely relates to and solely benefits the ESOP claims, the Trustee agrees that such work should be separately tracked, and the Trustee will ask FTI to do so.  However, the Trustee does not anticipate that any of FTI's services will be solely for the ESOP claims because, as detailed above, the claims and issues overlap.  All work that FTI does for the ESOP claims will benefit the bankruptcy estate claims.  Thus, the Trustee does not anticipate any separate tracking.

### III. There Is No Reason for the Court to Allocate Fees Between the ESOP and the Bankruptcy Estate Until the Litigation Is Resolved.

9. Mr. Paredes lastly argues that FTI's retention should be conditioned on the Court implementing a mandatory process where FTI's fees would be allocated between the ESOP claims and bankruptcy estate with each fee application. This request is impractical and would waste the time and resources of the parties, the estate, and the Court. The ESOP currently has no assets—other than the litigation. Unless and until there is a recovery by the ESOP in the litigation, there is no point in allocating FTI's fees between the ESOP and bankruptcy estate. This is precisely why the Trustee noted in his application that the "Trustee reserves the right to seek further order from the Court concerning allocation of such fees and expenses between the Bankruptcy Estate and the ESOP." If the ESOP eventually obtains assets, the Trustee would likely have to appoint an independent fiduciary to represent the ESOP on the issue of allocating FTI's fees, and the issue would be resolved at that time. Until the ESOP has money, however, there is no need for this allocation process.

10. Implementing this process now would simply burden the estate with unnecessary fees. It would burden the Court. And it would provide Mr. Paredes with further opportunities to harass the Trustee with frivolous motion practice to obstruct prosecution of the ESOP claims. Simply put, there is no reason for any allocation until there is a recovery under the ESOP claims.

### CONCLUSION

Based on the foregoing, Mr. Paredes' Objection should be overruled, and the Court should enter an order approving the Trustee's employment of FTI.

ACTIVE 719366570v3

| | |
|---|---|
| Date: February 20, 2025 | /e/ *Peter D. Kieselbach* |

Michael B. Fisco (Minnesota #0175341)
(*Admitted Pro Hac Vice*)
Peter D. Kieselbach (Minnesota #0397531)
(*Admitted Pro Hac Vice*)
Carlos A. Alonso Gayon (Minnesota #0504548)
(*Admitted Pro Hac Vice*)
**GREENBERG TRAURIG, LLP**
90 South Seventh Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 259-9700
Email: fiscom@gtlaw.com
      kieselbachp@gtlaw.com
      carlos.alonsogayon@gtlaw.com
*and*

Erik A. Ahlgren (North Dakota #09561)
Ahlgren Law Office, PLLC
220 W. Washington Ave. Suite 105
Fergus Falls, MN  56537
Telephone: (218) 998-2775
Email: erik@ahlgrenlawoffice.net

*Attorneys for the Trustee*

6

ACTIVE 719366570v3