**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

_____

In re:

Pro-Mark Services, Inc.,                                                               Case No.: 24-30167
                                                                                                          Chapter 7
         Debtor.

_____

**ORDER APPROVING APPLICATION TO EMPLOY AND RETAIN
CONSULTING EXPERT AND TESTIFYING EXPERT**
_____

Erik A. Ahlgren, in his capacity as Chapter 7 Trustee, filed an Application for Approval of Employment and Retention of Consulting Expert and Testifying Expert. Doc. 272. Ahlgren seeks to employ FTI Consulting, Inc. as a consulting expert and testifying expert in connection with the adversary proceeding, he filed in his capacity as Chapter 7 Trustee, as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust against Connie Berg and other defendants. See Adv. Pro. No. 24-7014. Ahlgren represents that the bankruptcy estate will pay the fees and expenses of the expert.

Creditor Miguel Paredes, who is a defendant in the adversary proceeding, objected to the application. The Court held a hearing on the application on February 25, 2026. For the reasons stated on the record and those provided below, Paredes' objections to the application to employ are overruled.

Paredes concedes that Ahlgren may request employment of this expert, and this Court has jurisdiction to rule on this application under 11 U.S.C. § 327, but he argues that the Court may not determine and approve compensation for the expert's actual and

1

necessary services under 11 U.S.C. § 330 to the extent the expert performs work related to Ahlgren's ERISA claims in the adversary proceeding.  Paredes argues that the Court must disallow compensation from the bankruptcy estate for any work related to the ERISA claims because the sole beneficiary of the ERISA claims are the ESOP and ESOP participants, and there is no statutory authority to fund this work with bankruptcy estate assets.  Paredes overlooks the plain language of section 330, and the interplay between this statute and sections 327 and 704(a)(11).

Under section 327, Ahlgren may, with court approval, employ professional persons "to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327.  These duties include the duty under section 704(a)(11) to "perform the obligations required of the administrator" of the ESOP in this case.  See Allard v. Coenen (In re Trans-Indus., Inc.), 419 B.R. 21, 39 (Bankr. E.D. Mich. 2009).  The scope of the statute is not limited to professionals whose services benefit the bankruptcy estate.  See 11 U.S.C. § 327.

Similarly, section 330 does not prohibit the Court from awarding reasonable compensation to a professional person when the bankruptcy estate received no benefit from the services.  See In re Franchi Equip. Co., Inc., 452 B.R. 352, 360 (Bankr. D. Mass. 2011) (sections 330 and 331 do not compel the conclusion that the bankruptcy court is prohibited from approving fees to compensate a Chapter 7 trustee and his professionals for their plan administration services).  Rather, section 330 requires that the Court consider "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title," and it bars the Court from allowing compensation for services that

2

were not reasonably likely to benefit the debtor's estate; or "necessary to the administration of the case." 11 U.S.C. § 330(a)(3) and (4).

If the Trustee employs a professional person with court approval and incurs fees for these professional services in the performance of his section 704(a)(11) duties that are necessary to the administration of the case, the Court has authority under sections 327 and 330 to approve the fees and authorize payment of them from the bankruptcy estate in this situation where the ESOP holds no assets to pay them. See In re Trans-Indus., 419 B.R. at 39. "Indeed, in that situation, such fees and expenses must be paid by the bankruptcy estate, because there is no other way to pay them. Congress surely did not intend to force Trustees and their professionals to do this § 704(a)(11) work for free, when there are sufficient funds to pay them in the bankruptcy estate (but not in the ERISA Plan)." Id.; see also U.S. Dep't of Lab. v. Kirschenbaum, 508 B.R. 257, 270 (E.D.N.Y. 2014), aff'd sub nom., In re Robert Plan Corp., 777 F.3d 594 (2d Cir. 2015) ("In the event there are insufficient funds available in an ERISA Plan to pay the expenses incurred in its administration, the Chapter 7 Trustee, as ERISA Plan Administrator pursuant to Section 704(a)(11), may look to the bankruptcy estate to satisfy the remaining expenses.").

Paredes also argues that there is no jurisdictional basis permitting Ahlgren to fund the employment and compensation of the expert with bankruptcy estate assets if the work the expert will perform relates to ERISA claims. Paredes maintains that the ERISA claims do not arise under, arise in or relate to the Bankruptcy Code; and consequently, this Court may not permit the expert's employment or compensation from bankruptcy estate assets.

3

A district court may refer certain proceedings over which it has jurisdiction to a bankruptcy court.  28 U.S.C. § 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.");  28 U.S.C. § 157 ("Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.").

In his capacity as Chapter 7 Trustee, Ahlgren seeks to retain an expert that will assist him with his duties as Bankruptcy Trustee as well as ESOP Plan Administrator and ESOP Trustee.  Specifically, he seeks to retain FTI Consulting, who he argues will provide expert testimony regarding Debtor's value which will be relevant to issues of insolvency and reasonably equivalent value that will benefit both the bankruptcy estate and the ESOP.  Ahlgren proposes to compensate the expert with bankruptcy estate funds because there are no ESOP funds available to pay the expert.

To the extent that the expert's work benefits the bankruptcy estate or both the bankruptcy estate and the ESOP in the adversary proceeding, the outcome of the litigation will affect Debtor's rights and liabilities and may result in financial benefit to the bankruptcy estate.  Since applications to employ a professional person and applications for compensation from the bankruptcy estate are governed by sections 327 and 330, the Court finds that it has jurisdiction to rule on the application to employ and any future application for compensation because the expert's employment arises in, arises under and is related to a bankruptcy case.

4

Paredes argues that it would be inequitable or unfair to charge the bankruptcy estate for any work that benefits the ESOP, even if this work also benefits the bankruptcy estate.  This argument lends no weight to Paredes' statutory and jurisdictional argument opposing the application to employ.

To the extent that the expert's work pertains solely to Ahlgren's ERISA claims and will only benefit the ESOP, Paredes may assert an objection to the application for compensation.  Until then, his objections are premature.

IT IS ORDERED that the Application for Approval of Employment and Retention of Consulting Expert and Testifying Expert [Doc. 272] is approved as conditioned below:

(A) Ahlgren is authorized to employ FTI Consulting, Inc. under the terms outlined in his motion.

(B) The application to employ is subject to the limitations on compensation provided by 11 U.S.C. § 328. This order is not a determination that the services or rates charged are necessary and reasonable. The person or entity employed under this order must file a fee application in accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedures. See Fed. R. Bank. P. 2016 and 11 U.S.C. §§ 328, 330.  Applicant must also comply with Local Rules.

(C) Ahlgren and FTI Consulting, Inc. must allocate the expert's fees between the ERISA Claims and other claims in the Adversary Proceeding.

(D) In the event that Ahlgren prevails on his ERISA claims and the ESOP recovers funds, the ESOP must reimburse the bankruptcy estate for any fees and expenses attributable to the ERISA claims.

(E)   As required by applicable federal rule or statute, Ahlgren must serve this docket text order on all interested parties who will not receive the Notice of Electronic Filing.

Dated this 27th day of February 2026.

Shon Hastings, Judge
United States Bankruptcy Court