**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

---

In re:                                                                    Bankruptcy No. 24-30167

Pro-Mark Services, Inc.,                                                          Chapter 7

      Debtor.

---

**APPLICATION FOR APPROVAL OF EMPLOYMENT AND RETENTION OF**
**JAMES K. SWINDLE AS CONSULTING EXPERT AND TESTIFYING EXPERT**

---

1.      Applicant Erik A. Ahlgren is the Chapter 7 Trustee in this case.  Applicant also serves as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust (together, the "ESOP").

2.      Applicant believes that the employment and retainer of an expert witness is necessary to represent or assist Applicant in carrying out his duties as follows: providing consulting and/or testifying expert witness services on the issues of surety bonding and related matters in connection with the following adversary proceeding: *Ahlgren v. Connie Berg et al.*, Adv. No. 24-07014 (the "Adversary Proceeding").

3.      James K. Swindle ("Mr. Swindle") is qualified by reason  of practice and experience to render such representation or assistance to the Trustee.  A copy of Mr. Swindle's CV is attached to the Engagement Agreement (as defined below).

4.      Proposed compensation and reimbursement for Mr. Swindle, subject to Court approval, is set forth below.

| | |
|---|---|
| Case Preparation, Review of Records, Investigation, Testing, Evaluation, Assessment, Analysis, Reports and Consultation Service | $350 per hour |
| Deposition | $585 per hour |
| Trial testimony | $8,750 per day |
| Travel expense | Airfare, lodging, meals, ground transportation and other incidental expenses to be billed at cost; plus $250 Per Hour For Travel Time |

5.      Applicant has entered into a proposed engagement agreement with Mr. Swindle (the "Engagement Agreement"), which is not effective until the Court enters an order granting

ACTIVE 725697763v2

this Application.  Applicant has filed a copy of the Engagement Agreement with the Court.  A copy of the Engagement Agreement is also available upon request to Applicant.

6.    Mr. Swindle has disclosed to the undersigned that he has the following connections with the debtor, creditors, or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States  Trustee:

"I have the following connections with the debtor, creditors, or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee: None, except as follows. In May 2026, I was contacted by a broker, who told me that she had been retained by the law firm Haynes Boone to assist Kyle and Connie Berg in finding an expert witness for the following adversary proceeding: *Ahlgren v. Connie Berg et al.*, Adv. No. 24-07014 (the "Adversary Proceeding").  The broker gave me a high-level and generic summary of the Adversary Proceeding, then emailed me a copy of the Second Amended Complaint.  I sent the broker copies of my resume and fee schedule.  The broker then told me that she would discuss with Haynes Boone and that she would get back to me.  However, I never heard from the broker again. Subsequently, counsel for Erik Ahlgren contacted me about providing expert witness services to Mr. Ahlgren in connection with the Adversary Proceeding."

*See* Verified Statement of James K. Swindle Pursuant to Bankruptcy Rule 2014(a) filed herewith.

7.    Applicant has made the following efforts to employ expert witnesses prior to submitting this Application:  Hired Greenberg Traurig, LLP as attorneys and FTI Consulting Inc. as consulting and testifying expert.

8.    Applicant has asked Mr. Swindle to begin work immediately to expedite his work given the scheduling order deadlines in the Adversary Proceeding.  Therefore, Applicant respectfully requests that the employment be authorized effective on the date of this application.

9.    Applicant will comply with the conditions set forth in the Court's order dated February 27, 2026 [Docket No. 281].  Specifically, Applicant and Mr. Swindle will allocate Mr. Swindle's fees between the ERISA claims and the bankruptcy estate claims.  In the event that Applicant prevails on ERISA claims and the ESOP recovers funds, the ESOP shall reimburse the bankruptcy estate for fees and expenses attributable to the ERISA claims.

Wherefore, Applicant requests that the Court approve the employment of James K. Swindle to provide expert witness consulting and/or testimony services.

Dated:  July 9, 2026

/e/  *Erik A. Ahlgren*
Erik A. Ahlgren, Trustee

ACTIVE 725697763v2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

---

In re:                                                     Bankruptcy No. 24-30167

Pro-Mark Services, Inc.,                                   Chapter 7

                Debtor.

---

**VERIFIED STATEMENT OF JAMES K. SWINDLE**
**PURSUANT TO BANKRUPTCY RULE 2014(a)**

---

        I, James K. Swindle, named in the application for employment on behalf of the above-named bankruptcy estate, declare under penalty of perjury the following:

        1.      I do not hold or represent any interest adverse to the estate and am disinterested as required by 11 U.S.C. §327.

        2.      I have the following connections with the debtor, creditors, or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee: None, except as follows. In May 2026, I was contacted by a broker, who told me that she had been retained by the law firm Haynes Boone to assist Kyle and Connie Berg in finding an expert witness for the following adversary proceeding: *Ahlgren v. Connie Berg et al.*, Adv. No. 24-07014 (the "Adversary Proceeding"). The broker gave me a high-level and generic summary of the Adversary Proceeding, then emailed me a copy of the Second Amended Complaint. I sent the broker copies of my resume and fee schedule. The broker then told me that she would discuss with Haynes Boone and that she would get back to me. However, I never heard from the broker again. Subsequently, counsel for Erik Ahlgren contacted me about providing expert witness services to Mr. Ahlgren in connection with the Adversary Proceeding.

James Swindle

Dated:  July 7, 2026

By: _____

ACTIVE 725697763v2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:                                                                Bankruptcy No. 24-30167

Pro-Mark Services, Inc.,                                              Chapter 7

Debtor.

**NOTICE OF APPLICATION FOR APPROVAL OF EMPLOYMENT AND RETENTION**
**OF CONSULTING EXPERT AND TESTIFYING EXPERT**

The Trustee filed and served an Application for Approval of Employment and Retention of James K. Swindle as Consulting Expert and Testifying Expert dated July 9, 2026. Your rights may be affected in the action. You should read the papers carefully and discuss the matters with your attorney if you have one. If you want the court to consider your views you should mail a written response to the action, within 14 days of the date of mailing of this document, and file the response with the Clerk of Bankruptcy Court and a copy served upon the U.S. Trustee and Bankruptcy Trustee.

| Clerk, U.S. Bankruptcy Court | United States Trustee | Trustee |
|---|---|---|
| Quentin N Burdick U.S. Courthouse | 314 S Main Ave. | (See address below) |
| 655 First Ave N – Ste 210 | Suite 303 | |
| Fargo ND  58107-4932 | Sioux Falls SD  57104-6462 | |

DATE OF MAILING: July 9, 2026                          /s/ *Erik A. Ahlgren*

                                                      Erik Ahlgren, Chapter 7 Trustee
                                                      Ahlgren Law Office, PLLC
                                                      220 W Washington Ave. Ste 105
                                                      Fergus Falls MN  56537
                                                      218-998-2775

ACTIVE 725697763v2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:                                                             Bankruptcy No. 24-30167

Pro-Mark Services, Inc.,                                             Chapter 7

        Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

       I, Hadley Klepper, declare under penalty of perjury that on July 9, 2026 that those entities requesting electronic notice were served electronically via CM/ECF:

- APPLICATION FOR APPROVAL OF EMPLOYMENT AND RETENTION OF JAMES K. SWINDLE AS CONSULTING EXPERT AND TESTIFYING EXPERT
- VERIFIED STATEMENT OF JAMES K. SWINDLE PURSUANT TO BANKRUPTCY RULE 2014(a)
- NOTICE OF APPLICATION FOR APPROVAL OF EMPLOYMENT AND RETENTION OF JAMES K. SWINDLE AS CONSULTING EXPERT AND TESTIFYING EXPERT
- UNSWORN CERTIFICATE OF SERVICE

And by U.S. Mail to:

Cindy Close
Asst. Vice President Stock Plan Services
Principal Life Insurance Company
711 High St.
Des Moines, IA 50392

Peter Gehres
Jeff Martin Auctioneers, Inc.
2236 Highway 49
Brooklyn, MS 39425

Jason Luther
Volition Prime
Accounting
3247 Oak Ridge Loop E
West Fargo, ND 58078

Austin Moe
Dagger Machinery
920 38th Street N
Fargo, ND 58102

Vern Vliet
JV Associates Ltd
PO Box 520
Hutchinson, MN 55350-0520

Eric Wald
1350 153rd St SE
Norwich, ND 58768

Executed on: July 9, 2026

Signed:  /s/ *Hadley Klepper*
           Hadley Klepper
           220 W. Washington Ave. Ste 105
           Fergus Falls MN  56537

ACTIVE 725697763v2

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA**

---

In re:                                                        Bankruptcy No. 24-30167

Pro-Mark Services, Inc.,                                       Chapter 7

     Debtor.

---

**ORDER**

---

     The trustee's application (the "Application") to approve the employment and retention of James K. Swindle as the trustee's consulting and/or testifying expert witness came before the court. Capitalized terms have the meanings assigned to them in the Application. Based on the application, the recommendation of the United States Trustee and 11 United States Code §327,

**IT IS ORDERED:**

(A). The trustee is authorized to employ James K. Swindle on the terms outlined in the trustee's application.

(B). Mr. Swindle and the trustee must allocate Mr. Swindle's fees between the ESOP claims and bankruptcy estate claims.

(C). In the event that Applicant prevails on ERISA claims and the ESOP recovers funds, the ESOP shall reimburse the bankruptcy estate for fees and expenses attributable to the ERISA claims.

DATED:

_____
Shon Hastings
UNITED STATES BANKRUPTCY JUDGE

ACTIVE 725697763v2