**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

---

In re:

Pro-Mark Services, Inc., | Bky. Case No. 24-30167
Chapter 7

Debtor.

---

# MOTION FOR LIMITED NOTICE

---

Erik Ahlgren, the Chapter 7 Trustee ("Trustee"), hereby moves the Court (the "Motion") for entry of an Order limiting the scope of notice of the filing of the First Interim Application for Allowance of Compensation to FTI Consulting, Inc. (the "Application"), which Application will be filed after entry of an Order ruling on the instant Motion. The Trustee seeks to limit notice to: (a) the United States Trustee; and (b) any other party or its counsel who has filed a notice of appearance or is registered to receive notice via ECF in the above-captioned case. In support of this Motion, the Trustee respectfully represents as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rule 5005. The proceeding is a core proceeding. This case was commenced on April 22, 2024. This case is now pending in this Court.

2. On January 30, 2026, the Trustee filed an application to approve the employment and retention of FTI Consulting, Inc. to provide consulting and/or testifying expert witness services, as supplemented on August 28, 2026. (*See* ECF Nos. 272 & 301.)

3. Pursuant to this Court's Order dated February 27, 2026, the employment of FTI Consulting, Inc, to provide consulting and/or testifying expert witness services to the Trustee was authorized effective January 30, 2026. (ECF No. 281.)

4. This Motion is filed under Bankruptcy Rule 2002(a) and Local Rule 2002-1(8).

5. The Bankruptcy Court has discretion under Fed. R. Bank. P. 9007 and LR 2002-1(A) to limit notice of a hearing to consider an application for compensation as it deems proper.

6. The majority of the creditors on the mailing matrix are not registered to receive notice via ECF or other electronic means. Without entry of an Order limiting notice, the Trustee would be required to serve those creditors and parties by postal mail, as required by Fed. R. Bank. P. 2002(a)(6) and LR 2002-1(A), which costs the Trustee would need to expense to this bankruptcy estate. These costs will burden creditors and the bankruptcy estate without any meaningful benefit.

7. The Trustee proposes that notice of the Application, the Application, and the Application's Exhibit (collectively the "Application Materials"), be provided to: a) the United States Trustee and b) any other party or its counsel who has filed a notice of appearance or is registered to receive notice via ECF in the above-captioned case. The Trustee will make a complete copy of the Application Materials available by e-mail or other suitable delivery method upon request of (and without charge) any party in interest requesting a copy directed to the undersigned.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A. Granting this Motion, and granting the Trustee leave to serve the Application Materials as provided herein; and

B. For such other and further relief as the Court deems appropriate.

DATE: September 8, 2026

/s/ *Erik A Ahlgren*

Erik A. Ahlgren, (ND 09561)
220 W Washington Ave Ste 105
Fergus Falls MN 56537
218-998-2775
erik@ahlgrenlawoffice.net