HAYNES BOONE

September 17, 2026

***Via email***

Esther Raty
Greenberg Traurig, LLP
90 South 7th Street, Suite 3500
Minneapolis, MN 66402
*Esther.Raty@gtlaw.com*

Re: *Ahlgren v. Berg*, Adv. No. 24-07014: FTI

Dear Esther,

We appreciated your September 4, 2026, response regarding the reports created by FTI.

We have reviewed the three reports that you cited:

| | | |
|---|---|---|
| PM005421546 | Date Unknown | QB_Employee Info_20221103.xlsx |
| PM005421547 | Date Unknown | QB_Transaction_Combined_By_Year.xlsx |
| PM005421550 | Date Unknown | QB_Employee Info.xlsx |

We note that the metadata has been stripped from the foregoing documents. We also believe that those three documents are not the only reports created by FTI in connection with their pre-petition engagement by Pro-Mark. It appears that at least the following reports were also created by FTI:

| | | |
|---|---|---|
| PM002964373 | 05/19/2023 | QB_Employee Info.xlsx |
| PM002964376 | 05/19/2023 | QB_Extract_OK2_Master_2021_20230517.xlsx |
| PM002964377 | 05/17/2023 | QB_Transaction_Detail_Report_OK2_Master_2021_20230517.xlsx |
| PM002964372 | 11/10/2022 | QB_Employee Info_20221103.xlsx |

The metadata on these four demonstrate that the authors of these documents are Adam Berry and Benjamin Fung – FTI employees (as reflected on appointments and emails with Pro-Mark that you have produced). *See* PM005364605, produced by the Trustee on June 9, 2026.

It seems that FTI's prepetition work for Pro-Mark makes it a potential fact witness in this adversary proceeding matter and that the reports FTI created are discoverable. Are there other reports prepared by FTI? Have all of them been produced? Is any of FTI's work product being withheld on the basis of privilege? What is the claimed privilege? We note that no reports seem to be on the log at all.

We have also reviewed your privilege log. We are unable to assess Plaintiff's claim of attorney/client privilege based on the privilege log provided. None of the documents have a description at all. Additionally, many of the documents facially do not appear to be privileged because no lawyer is included on the email or the email includes third parties, including Jason Luther. There also seem to be copies of the final executed engagement letter which you filed at Dkt. 301 in this matter. Please provide a more fulsome privilege log that enables us to evaluate Plaintiff's claims of privilege.

You also stated FTI's "work is unrelated in scope and substance to FTI's retention in this case—which is to provide consulting and testifying expert witness services." Is it your contention that FTI's pre-petition retention was not to provide consulting expert witness services to Pro-Mark?

Please provide a fulsome response to each of the issues raised in this letter by **Tuesday, September 22, 2026**. We reserve all rights relating to these matters.

I am available by phone should you wish to discuss any of these issues in greater detail.

Sincerely,

Aimee M. Furness
Direct: 214-651-5024
*Aimee.Furness@haynesboone.com*

GT GreenbergTraurig

Esther R. Raty
Tel 612-259-9684
esther.raty@gtlaw.com

September 28, 2026

**VIA E-MAIL**

Aimee M. Furness
Haynes and Boone, LLP
2801 Harwood Street, Suite 2300
Dallas, TX 75201
Aimee.Furness@haynesboone.com

Re: *Ahlgren v. Berg, et al.*, Adv. No. 24-07014
**Response to Aimee Furness September 18 letter re FTI**

Dear Aimee,

Our September 4, 2026 email explained that PM005421546, 47, and 50 are the reports FTI created that Steptoe provided to the DOJ. We located those three reports after reviewing all FTI emails in our possession in conjunction with Steptoe's productions to the DOJ. Plaintiff did not strip any metadata from these three reports before producing them. As we explained in our June 18 and September 14 emails, the documents produced at PM005420015-5421550 are the documents Steptoe produced to the DOJ on behalf of Pro-Mark. Steptoe provided that range of documents including the three reports to us on June 16. We in turn produced all metadata Steptoe provided to us.

We agree that it appears FTI created the following four reports based on the author metadata for each. However, these reports were located on the Debtor's Dropbox and are not associated with any email or custodian, so we are unable to provide information about the source of each document beyond what is included in the metadata for each.

| Begin Bates | Date Last Modified | Author | File Name |
|---|---|---|---|
| PM002964373 | 05/19/2023 | Berry, Adam | QB_Employee Info.xlsx |

| | | | |
|---|---|---|---|
| PM002964376 | 5/19/2023 | Berry, Adam | QB_Extract_OK2_Master_2021_20230517.xlsx |
| PM002964377 | 5/17/2023 | Berry, Adam | QB_Transaction_Detail_Report_OK2_Master_2021_20230517.xlsx |
| PM002964372 | 11/10/2022 | Benjamin Fung | QB_Employee Info_20221103.xlsx |

From the pre-petition engagement letter and the above reports (which all appear to be excel spreadsheets of data pulled from Pro-Mark's QuickBooks), it is clear that FTI's work was limited to collecting and organizing Pro-Mark data into spreadsheets. As outlined in the pre-petition engagement letter, Steptoe retained FTI related to a DOJ subpoena, and FTI's work was limited to assisting Steptoe with "access and acquisition of data contained in [Pro-Mark's] QuickBooks," "review[ing], assess[ing], and validat[ing] the data," and providing that information to Steptoe. FTI's pre-petition work, i.e. accessing, collecting, and providing reports of data from Pro-Mark's QuickBooks to Steptoe, does not make it a potential fact witness in this case. Its pre-petition work is unrelated in scope and substance to FTI's retention in this case. FTI's pre-petition retention, unlike its retention in this matter, did not include providing consulting expert witness services to the Debtor.[1]

The only FTI emails and attachments held back for privilege were included in the privilege log we shared on September 1. Attached to this letter is an updated privilege log with descriptions of the withheld documents. We agree that the file labeled "Executed_DOJ Subpoena_Data Analysis_LOE_09192022_FINAL.pdf" is not privileged as it's the final version of the engagement letter. We are willing to produce that document, as well as redacted versions of FTI's invoices to Steptoe (two documents with the file name "Invoice_006404.0318_May 2023.pdf"). Those three documents are highlighted in the attached privilege log.

For communications exchanged between the Debtor and FTI on the privilege log, they are communications between a client and consultant to gather information necessary to aid in the rendering of legal advice. *United States v. Cote*, 456 F.2d 142, 144 (8th Cir. 1972) (extending privilege to a consultant whose "services are a necessary aid to the rendering of effective legal services to the client."). We understand that the Berg Defendants asserted the same privilege in their June 17 privilege log by asserting emails exchanged between Kyle Berg, on the one hand, and Mathew Rustad, Gretchen Anderson, and/or Jason Luther, on the other, with no attorney present, are privileged, including the documents with Begin Bates PM000451320, PM000451325, PM002124798, PM001239194, PM001239264, PM002117914, PM005384071, PM000533466, PM000534085, PM005393621, PM005372623, PM005372623, PM001384411.

---

[1] Any insinuation that FTI's retention in this matter violates 11 U.S.C. § 327(a) is wrong. Under Section 327(a), a trustee may employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." Nothing about FTI's pre-petition work impacts its status as a disinterested person. And FTI certainly does not hold or represent an interest adverse to the bankruptcy estate.

Sincerely,

Esther R. Raty

Esther R. Raty

Attachment

cc: Michael Krauss
Peter Kieselbach
Carlos Alonso-Gayon