HAYNES BOONE

September 18, 2026

Erik Ahlgren, Chapter 7 Trustee for Pro-Mark Services, Inc.
Ahlgren Law Office, PLLC
220 W. Washington Ave., Ste. 105
Fergus Falls, MN 56537

Re: Supplement to Application for Approval of Employment and Retention of Consulting Expert and Testifying Expert ("FTI Supplement")

Dear Erik,

As you know, this Firm represents Bad Investments, Inc. ("Bad Investments"),[1] which is an unsecured creditor in the Chapter 7 case of Pro-Mark Services, Inc. ("Pro-Mark").

Recently, you filed the FTI Supplement, which disclosed for the first time FTI's prepetition engagement by Steptoe & Johnson LLP ("Steptoe") in connection with Steptoe's representation of Pro-Mark. Attached to the FTI Supplement was the Supplemental Declaration to Verified Statement Pursuant to Federal Rule 2014(a) (the "Supplemental FTI Declaration"), in which FTI stated that its "Pre-Petition Engagement was limited to reviewing the Debtor's general ledger and payroll data and producing reports from these data sources . . . ."

Based upon our recent review of documents produced by you in the Adversary Proceeding and analysis of limited available metadata associated with such documents, it appears that FTI's prepetition engagement was broader than that described in the Supplemental FTI Declaration. Indeed, it appears that FTI, at a minimum, conducted a review and analysis of Pro-Mark's transactions with "OK2" -- transactions that you have placed squarely at issue in the Adversary Proceeding. As such, FTI's prepetition engagement is plainly not "unrelated in scope and substance to that of FTI's retention in this case," as is stated in both your FTI Supplement and the Supplemental FTI Declaration. Both your FTI Supplement and the Supplemental FTI Declaration are inaccurate on their faces and should be amended accordingly.

We reserve all rights relative to your retention of FTI and the inaccurate disclosures that have been filed in connection therewith.

We note that these inaccurate disclosures are not the first in this Chapter 7 case. Your Application to Employ Greenberg and Traurig, LLP ("Greenberg") and the Rule 2014(a) disclosure filed with that application are likewise inaccurate. As we pointed out in multiple depositions in the Adversary Proceeding, Greenberg's simultaneous representation of you (as the Chapter 7 Trustee) and Pro-Mark's independent directors in the adversary proceeding (a) creates potential conflicts of interest (without any conflict waivers); (b) directly conflicts with Greenberg's Engagement Agreement,

[1] This Firm obviously also represents Connie and Kyle Berg, as well as certain of their related Trusts (collectively, the "Berg Defendants"), in the pending adversary proceeding that you filed against the Berg Defendants and others (the "Adversary Proceeding").

where both of those independent directors were listed as targets of Greenberg's investigation and "Potential Defendants;" and (c) is contrary to your Application to Employ Greenberg and the Rule 2014(a) Verified Statement attached thereto, where it was stated that Greenberg has no connection with any other party-in-interest in this Chapter 7 case. This potential conflict and disclosure issue was first raised at Jack Carroll's deposition in June (and was reiterated as late as your deposition in August), but nothing has been done to update and correct the Application to Employ or Greenberg's Rule 2014(a) disclosures.

As with the FTI issues raised above, we reserve all rights.

Very truly yours,

Stephen M. Pezanosky

cc: Michael B. Fisco, Esq.
Peter D. Kieselbach, Esq.
Michael M. Kraus, Esq.
Michael L. Sheier, Esq.
Jacob D. Rhode, Esq.
Aimee M. Furness, Esq.
Jordan E. Chavez, Esq.