**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br>Pro-Mark Services, Inc.<br>Debtor | Court File No.: 24-30167<br><br>Chapter 7 Case |

**MOTION TO DEEM OBJECTION TIMELY OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE LATE OBJECTION TO MOTION TO LIFT AUTOMATIC STAY TO PERMIT EXERCISE OF SETOFF RIGHTS [D.E. 327]**

Creditor, Hartford Accident and Casualty Company ("Hartford"), through its undersigned counsel, and pursuant to Fed. R. Civ. P. 6(b), hereby submits this Motion to Deem Objection Timely or, in the Alternative, for Leave to File an Objection to Motion to Lift Automatic Stay to Permit Exercise of Setoff Rights [D.E. 327] and in support thereof states as follows:

1. On May 17, 2024, Capital Credit Union ("CCU") filed a Notice of Motion and Motion to Lift Automatic Stay to Permit Exercise of Setoff Rights regarding the Pro-Mark Services, Inc. ("Pro-Mark") accounts labeled S-1 and S-12.

2. On October 16, 2026, a hearing was held regarding CCU's 2024 Motion to Lift Automatic Stay to Permit Exercise of Setoff Rights. During the hearing, CCU introduced its discovery of an additional, previously undisclosed $529,871.78 onto the record, stating that the funds were found during CCU's investigation and tracing analysis.

3. On October 16, 2026, during the hearing, the Court stated that the discovered funds would be addressed at the adversary trial now scheduled for February 24, 2027.

4. On October 20, 2026, CCU filed a Notice of Motion and Motion to Lift Automatic Stay to Permit Exercise of Setoff Rights (the "Motion").

5. The Motion seeks to lift the automatic stay to allow setoff for the amounts introduced during the October 16, 2026, hearing. The Motion does not mention the October 16, 2026, hearing nor does it set a hearing date for the Motion.

6. The assets are $529,871.78 in un-negotiated cashier's checks withdrawn from Pro-Mark's S-12 Account.

**A. No Separate Response was Required where the Court had Already Directed the Funds to the Adversary Trial.**

The Motion seeks summary relief on tracing of identifiable proceeds under the Intercreditor Collateral Agreement ("ICA") that remain a question of fact. The Motion makes no mention of the ICA, nor does it make a showing of tracing that would necessitate such summary relief. Finally, at the October 16, 2026, hearing, the Court stated that these funds would be addressed in the adversary trial. Based on these facts, it was unclear that an objection or response was needed. Hartford decided to file its objection in an abundance of caution, to avoid a potential 30-day termination of the stay under 11 U.S.C. § 362(e).

**B. Alternatively, any Delay Resulted from Excusable Neglect.**

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), "the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect." The determination of what is considered excusable neglect in bankruptcy matters are, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

During a docket review on November 16, 2026, counsel for Hartford recognized that the Motion remained pending. See "Declaration of Connor L. Cantrell," attached hereto as **Exhibit**

**1**. To ensure the preservation of its rights, Hartford promptly filed its Objection, contemporaneously with this Motion. Hartford acted in reliance on the Court's direction that the disposition of the funds would be determined at trial. No prejudice or delay will be suffered by CCU in keeping the same determination, sought here.

Hartford acted in reliance of the October 16, 2026, direction of the Court, when it stated that the funds sought in the Motion would be addressed at the adversary proceeding trial. The lack of response was due to that reliance, with no willful disregard of the deadline. The contents of the Motion were raised by CCU itself during the hearing. No prejudice to CCU can be shown in allowing Hartford to file its Objection where the Motion has already been addressed. No Delay will be caused by late filing because the determination of the substance of the Motion has already been made, and the § 362(e) date has not yet passed.

WHEREFORE, Hartford Accident and Casualty Company, respectfully requests leave to accept its Objection to Motion to Lift Automatic Stay to Permit Exercise of Setoff Rights [D.E. 327] as timely filed, or, alternatively, to grant leave to file the objection late, and to continue the stay pending ruling in the adversary trial.

[Signature Follows]

Dated this 19th day of November, 2026.

THE HUSTEAD LAW FIRM
*A Professional Corporation*

*Original Signature is on file at The Hustead Law Firm, A Professional Corporation*

*/s/ Connor L. Cantrell*
Connor L. Cantrell, Esq.
The Hustead Law Firm
4643 S. Ulster Street, Suite 1250
Denver, Colorado 80237
(303) 721-5000
clc@thlf.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November, 2026, a true and correct copy of the foregoing **MOTION TO DEEM OBJECTION TIMELY OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE LATE OBJECTION TO MOTION TO LIFT AUTOMATIC STAY TO PERMIT EXERCISE OF SETOFF RIGHTS [D.E. 327]** was electronically filed with the Court and a correct copy of the same was delivered to all counsel of record.

*Original Signature is on File at The Hustead Law Firm, A Professional Corporation*

*s/ Connor L. Cantrell*
Connor L. Cantrell, Esq.