**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br>Pro-Mark Services, Inc.<br>Debtor | Court File No.: 24-30167<br><br>Chapter 7 Case |

**DECLARATION OF CONNOR L. CANTRELL, IN SUPPORT OF HARTFORD ACCIDENT AND INDEMNITY COMPANY'S MOTION TO DEEM OBJECTION TIMELY OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE OBJECTION OUT OF TIME**

I, Connor L. Cantrell, declare as follows:

1. I am an attorney with The Hustead Law Firm, counsel for Hartford Accident and Indemnity Company ("Hartford") in this case and in the related adversary proceeding, Adv. No. 25-7001 (the "Adversary Proceeding"). I am admitted to practice before this Court. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. I submit this declaration in support of Hartford's Motion to Deem Objection Timely or, in the Alternative, for Leave to File Objection Out of Time (the "Motion"), and Hartford's Objection to Capital Credit Union's Motion to Lift Automatic Stay to Permit Exercise of Setoff Rights [D.E. 327] (the "Objection").

**The October 16, 2026, Hearing**

3. On October 16, 2026, the Court held a hearing on Capital Credit Union's ("CCU") motion for relief from the automatic stay concerning funds in Pro-Mark Services, Inc.'s deposit accounts at CCU, following remand from the Bankruptcy Appellate Panel. I participated in that hearing on behalf of Hartford.

4. Based on my recollection of the hearing, counsel for CCU raised funds represented by uncashed cashier's checks that had been drawn from those same deposit accounts. To the best of my recollection, it was stated that, because these funds originated from the same accounts, they should be decided in the same manner at trial scheduled for February 24, 2027.

5. To the best of my recollection, the Court stated that the funds would be addressed at the trial in the Adversary Proceeding. A transcript of the hearing has not yet been prepared. Hartford will order the transcript and will supplement the record upon its receipt. Hartford respectfully refers the Court to its own record of the October 16, 2026, hearing.

**CCU's Motion and Hartford's Understanding**

6. On October 20, 2026, CCU filed its Motion to Lift Automatic Stay to Permit Exercise of Setoff Rights [D.E. 327] (the "Setoff Motion"). The Setoff Motion seeks relief to set off $529,871.78 represented by four uncashed cashier's checks drawn from Pro-Mark's S-12 business checking account at CCU. The Setoff Motion does not reference the October 16, 2026, hearing.

7. Based on my understanding of the Court's statement at the October 16, 2026, hearing, I believed in good faith that the cashier's-check funds that are the subject of the Setoff Motion had been directed to the trial in the Adversary Proceeding, and that a separate objection to the Setoff Motion was not required. For that reason, no separate objection deadline was entered on our calendar for the Setoff Motion.

**Review of the Docket and Prompt Action**

8. On November 16, 2026, while reviewing the docket in the main case in preparation for the Adversary Proceeding trial, I observed that no order had been entered on the Setoff Motion deferring it to the Adversary Proceeding trial or otherwise reflecting the Court's October 16, 2026, statement, and that the Setoff Motion remained pending on the main case docket.

9. I then reviewed the Notice of Motion accompanying the Setoff Motion, which states that objections are to be filed within fourteen days of the date of mailing of the notice. I also noted that, under 11 U.S.C. § 362(e), the stay may terminate as to CCU thirty days after its request for relief, on or about November 19, 2026, unless the Court continues it.

10. On November 16, 2026, I began preparing the Objection and the Motion.

11. On November 17, 2026, my office attempted to contact CCU's counsel to request that CCU agree to defer the Setoff Motion to the Adversary Proceeding trial and to continue the stay pending that trial. As of the date of this declaration, I have not received a response indicating their position as Mr. Hushka is out of the office until November 20, 2026.

12. Hartford filed the Motion and the Objection on November 19, 2026, as soon as practicable after I identified that the Setoff Motion remained independently pending, and before the November 19, 2026, date referenced above expires.

13. Hartford's failure to file an objection within the period stated in the Notice of Motion was not the result of any intent to disregard that deadline or to delay these proceedings. Hartford has acted in good faith, and the Adversary Proceeding schedule will not be affected by consideration of the Objection.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 19th day of November, 2026.

Connor L. Cantrell, Esq.
*Attorney for Hartford Accident and Indemnity Company*

STATE OF COLORADO )
) ss.
COUNTY OF DENVER )

Subscribed and sworn to before me on November 19, 2026, by Connor L. Cantrell.

Witness my hand and official seal.

CRISTIAN McCREARY
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20034022927
MY COMMISSION EXPIRES 08/07/2028

Notary Public