**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>Pro-Mark Services, Inc.,<br><br>Debtor. | Case No.: 24-30167<br><br>Chapter 7 |

**CAPITAL CREDIT UNION'S RESPONSE IN OPPOSITION TO HARTFORD'S MOTION TO DEEM OBJECTION TIMELY OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE LATE OBJECTION AND TO HARTFORD'S OBJECTION**

Capital Credit Union ("CCU"), as a secured creditor of Debtor Pro-Mark Services, Inc. ("Debtor"), submits this response in opposition to the Motion to Deem Objection Timely or, in the Alternative, for Leave to File Late Objection [ECF No. 334] (the "Hartford Motion") and the Objection [ECF No. 335] (the "Late Objection") filed by Hartford Accident and Indemnity Company ("Hartford"). Because this Court entered its Order granting CCU relief from the automatic stay on November 5, 2026 [ECF No. 329] (the "Stay Relief Order"), Hartford's filings can operate only as a post-judgment request to alter or amend the Stay Relief Order under Rule 9023 of the Federal Rules of Bankruptcy Procedure and Rule 59(e) of the Federal Rules of Civil Procedure. Hartford identifies no manifest error of law or fact and no newly discovered evidence, and it raises only arguments it could have presented before the objection deadline. The Hartford Motion should be denied, and the Stay Relief Order should stand.

**PROCEDURAL BACKGROUND**

1. On October 20, 2026, CCU filed its Motion to Lift Automatic Stay to Permit Exercise of Setoff Rights [ECF No. 327] (the "Setoff Motion"), seeking relief to set off the

$529,871.78 in funds represented by four uncashed cashier's checks that Debtor obtained from CCU, which were debited from Debtor's account at CCU and remain held in CCU's general ledger. ECF No. 327, at 1. The Setoff Motion requested that any order granting relief be effective immediately. *Id.* at 9.

2. The Notice of Motion served with the Setoff Motion stated that written objections "shall be filed . . . within fourteen (14) days from the date of the mailing of this Notice" and that "[a]ny objections not filed and served may be deemed waived." *Id.* at 19.

3. On October 20, 2026, CCU served the Setoff Motion by first-class mail, and parties participating in the Court's Electronic Noticing System were served electronically. ECF No. 328, at 1. Hartford's counsel is a registered recipient of electronic notice in this case. ECF No. 329, at 1.

4. Hartford filed no objection within the fourteen-day period. Its counsel admits that "no separate objection deadline was entered on our calendar." ECF No. 334-1, at ¶ 7.

5. On November 5, 2026, the Court entered the Stay Relief Order. The Court found that CCU "filed and served the motion pursuant to FRBP and Local Rules, and it established cause for the relief sought," and that "[t]he Court received no objections." ECF No. 329. The Court granted CCU's request for relief to set off the $529,871.78 and waived the fourteen-day stay under Rule 4001(a)(4). *Id.* at 1. Notice of the Stay Relief Order was sent electronically to Hartford's counsel. *Id.*

6. Fourteen days later, on November 19, 2026, Hartford filed the Hartford Motion and the Late Objection. *See generally* ECF Nos. 334 & 335. Neither filing acknowledges the Stay Relief Order. Instead, Hartford's counsel declares that on November 16, 2026, he "observed that no order had been entered on the Setoff Motion" and "that the Setoff Motion

remained pending on the main case docket." ECF No. 334-1, at ¶ 8. The docket disproves that statement. *See* ECF No. 329.

7. Hartford asks the Court to accept its Late Objection and to "continue the stay pending ruling in the adversary trial." ECF No. 334, at 3. The Late Objection asks the Court to deny the Setoff Motion or defer relief pending trial. ECF No. 335, at 4.

## LAW AND ARGUMENT

### I. Hartford's filings must be treated as a motion to alter or amend the Stay Relief Order.

8. An objection cannot be "deemed timely" to a motion that the Court has already decided. The Stay Relief Order unreservedly granted relief from the automatic stay, and is a final, appealable order. *See Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37–44 (2020); *In re Pro-Mark Servs., Inc.*, 673 B.R. 565, 570 (B.A.P. 8th Cir. 2025) (applying *Ritzen* in this case).

9. In the Eighth Circuit, "'the substance of a motion rather than the form of a motion [that] is controlling.'" *Nordgren v. Hennepin Cnty.*, 96 F.4th 1072, 1077 (8th Cir. 2024) (citation omitted). A self-styled request for reconsideration is construed under either Rule 59(e) or Rule 60(b). *Sanders v. Clemco Indus.*, 862 F.2d 161, 164 (8th Cir. 1988). Where a bankruptcy filing draws into question the correctness of an order, it is construed as a motion to alter or amend under Rule 9023. *In re Danzig*, 233 B.R. 85, 88 n.2 (B.A.P. 8th Cir. 1999). Hartford's filings ask the Court to deny or defer the very relief the Stay Relief Order granted. *See* ECF No. 335, at 4. They were filed on November 19, 2026, fourteen days after the Stay Relief Order was entered. *Compare* ECF Nos. 334 & 335, *with* ECF No. 329. A motion to

alter or amend must be filed within fourteen days after entry. Fed. R. Bankr. P. 9023(b). Hartford's filings should therefore be evaluated under Rule 9023 and Rule 59(e).

## II. Hartford cannot satisfy the standard for altering or amending the Stay Relief Order.

10. Motions under Rule 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence" and "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Cont'l Indem. Co. v. IPFS of New York, LLC*, 7 F.4th 713, 717 (8th Cir. 2021) (citation and internal quotation marks omitted). Rule 59(e) "cannot be used as a vehicle to tender new legal theories, raise arguments that could have been made prior to the issuance of judgment, re-argue the merits of claims, or suspend a judgment's finality without specifically identifying for the court a manifest error of law or fact that needs correcting." *Nordgren*, 96 F.4th at 1077 (citation omitted). Courts "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (citations omitted).

11. Hartford does not contend that the Stay Relief Order misapplied the law or misstated any fact. It does not even acknowledge that the Stay Relief Order exists. The Court's findings that CCU properly filed and served the Setoff Motion, established cause, and received no objections, *see* ECF No. 329, at 1, are unchallenged and correct. A movant that does "not explain or identify any manifest error of law or fact or any proper basis for relief under Rule 59(e)" is not entitled to relief. *Nordgren*, 96 F.4th at 1077.

12. Every argument in the Late Objection was available to Hartford before the objection deadline. These include its reliance on the Intercreditor Collateral Agreement (the

"ICA"), its contention that a cashier's check is an "instrument" and therefore "Proceeds" of Surety Priority Collateral, its reliance on ICA § 8, and its contention that the S-12 Account must be traced. *See* ECF No. 335, at 3. Hartford also argues that contested rights belong in the adversary proceeding. *Id.* at 2. That argument was equally available. Hartford has litigated these same ICA priority issues against CCU since 2024. Rule 59(e) relief is not available for evidence or arguments that were "available" and "should have been presented prior to the entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006).

13. The Late Objection asks the Court to deny the Setoff Motion outright or defer it to trial. ECF No. 335, at 4. That is a request to relitigate the merits of a motion that Hartford elected not to oppose, and that Rule 59(e) does not permit. *Nordgren*, 96 F.4th at 1077. Indeed, under this Court's Local Rules, "[a]n adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken." Local Rule 9013-1(B); *see also* Local Rule 9014-1(E) (same, as applied to contested matters).

**III. The Court's remarks at the October 16, 2026, hearing do not warrant relief.**

14. Hartford's principal explanation is that it relied on the Court's statement at the October 16, 2026, hearing that the cashier's-check funds "would be addressed at the adversary trial." ECF No. 334, at 1 & 3. Hartford offers only its counsel's recollection in support of this argument. *See generally* ECF No. 334-1.

15. But the Court's actual remarks do not support Hartford's position. The Court stated that CCU "could file a motion as a contested matter, which then I would hear at the same time as the adversary proceeding," and directed: "Let's put a motion on the docket." Oct. 16, 2026, Hr'g Audio at 1:33:17–1:33:36. After CCU's counsel responded that CCU would "put the motion on the docket and just have it track with the adversary bifurcated hearing date,"

the Court stated: "I'll set a hearing on the contested matter on the motion for the same date as we do the trial." *Id.* at 1:33:45–1:33:57.

16. The Court thus contemplated a hearing on a contested matter, and nothing in its remarks relieved any party of the obligation to object to a properly noticed motion. A matter becomes contested only when someone contests it. CCU filed the Setoff Motion on the docket as the Court directed. The Setoff Motion was served with a notice stating the objection deadline. *See* ECF No. 327, at 19. Hartford participated in the October 16 hearing. ECF No. 334-1, at ¶ 3. An objection from Hartford is what would have made the motion "contested." Hartford concedes that it did not file an objection within the period stated in the Notice of Motion. *Id.* at ¶ 13. The Court received no objections. ECF No. 329, at 1. The Court, which made the October 16th remarks, then entered the Stay Relief Order, finding that the Setoff Motion was filed and served in compliance with the Bankruptcy Rules and Local Rules and that no objections were received. *Id.* Nothing about that sequence is a manifest error.

**IV. Alternatively, Hartford has not shown excusable neglect.**

17. Hartford invokes Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. ECF No. 334, at 2. In bankruptcy, however, a request to act after a deadline has expired requires a motion and a showing of excusable neglect under Bankruptcy Rule 9006(b)(1). *See In re Ceresota Mill Ltd. P'ship*, 211 B.R. 315, 317–18 (B.A.P. 8th Cir. 1997). If the Court instead treats Hartford's filings as a motion for relief from the Stay Relief Order under Rule 9024, such relief "is an extraordinary remedy." *In re President Casinos, Inc.*, 397 B.R. 468, 472–73 (B.A.P. 8th Cir. 2008) (citation omitted). Under either rule, Hartford cannot show excusable neglect.

18. Whether neglect is excusable is an equitable determination that considers "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation omitted). In the Eighth Circuit, "'the excuse given for the late filing must have the greatest import.'" *In re Heyl*, 609 B.R. 194, 199 (B.A.P. 8th Cir. 2019) (citations omitted). The proper focus is on "whether the neglect of respondents and their counsel was excusable." *Pioneer Inv. Servs.*, 507 U.S. at 397 (emphasis omitted). The movant bears the burden. *In re Food Barn Stores, Inc.*, 214 B.R. 197, 200 (B.A.P. 8th Cir. 1997).

19. Hartford had the Notice of Motion and its' stated deadline. It did not calendar the deadline. ECF No. 334-1, at ¶ 7. Counsel's concession that a deadline was not calendared supports a finding that excusable neglect is lacking. *In re President Casinos*, 397 B.R. at 474 (upholding ruling that failing to properly calendar deadline did not meet the standard for excusable neglect). Where a delay is "solely within the control of" the movant and "[t]here was no reason offered other than neglect," relief is properly denied. *In re Food Barn Stores*, 214 B.R. at 200.

20. Hartford concluded that "a separate objection to the Setoff Motion was not required." ECF No. 334-1, at ¶ 7. "*Pioneer* did not alter the traditional rule that mistakes of law do not constitute excusable neglect[.]" *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 404 (8th Cir. 2000). "'[F]ailure to follow the clear dictates of a court rule will generally not constitute such excusable neglect.'" *Id.* (citation omitted). The Bankruptcy Appellate Panel recently denied leave to file a response that was late because of a "mistaken belief" about the

response deadline. *In re Berkshire*, 678 B.R. 418, 419 n.1 (B.A.P. 8th Cir. 2026). And "[a] conscious informed incorrect decision does not constitute 'neglect.'" *In re Waggoner*, 157 B.R. 433, 436 (Bankr. E.D. Ark. 1993).

21. The Supreme Court in *Pioneer* found neglect excusable because of the "peculiar and inconspicuous placement of the bar date" in a notice that left a "dramatic ambiguity[.]" *Pioneer Inv. Servs.*, 507 U.S. at 398. Here, the Notice of Motion stated the deadline plainly and warned that unfiled objections "may be deemed waived." ECF No. 327, at 19.

22. Hartford filed on November 19, 2026, *see generally* ECF Nos. 334 & 335, fourteen days after the Stay Relief Order was entered, *see generally* ECF No. 329, and roughly a month after the October 20 mailing that started its fourteen-day objection period. *See* ECF No. 327, at 19; ECF No. 328. Its account of its own diligence rests on the sworn statement that no order had been entered as of November 16. *See* ECF No. 334-1, at ¶ 8. The docket and the Court's electronic notice to Hartford's counsel contradict that statement. *See* ECF No. 329, at 1. And Hartford "merely offers its legal conclusion that no prejudice results[.]" *In re Food Barn Stores*, 214 B.R. at 200. CCU, by contrast, obtained a final order with the Rule 4001(a)(4) stay waived, *see* ECF No. 329, at 1, and is entitled to rely on it.

## CONCLUSION

23. WHEREFORE, for the reasons set forth herein, CCU respectfully requests that this Court deny the Hartford Motion and overrule the Late Objection, that the Stay Relief Order remain in full force and effect, and that the Court grant such other and further relief as is just and proper.

Dated this 20th day of November, 2026.

**VOGEL LAW FIRM**

BY: */s/ Drew J. Hushka*
Caren W. Stanley (#06100)
cstanley@vogellaw.com
Drew J. Hushka (#08230)
dhushka@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
Telephone: 701.237.6983
*ATTORNEYS FOR CAPITAL CREDIT UNION*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of November, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

*/s/ Drew J. Hushka*
Drew J. Hushka